**Nichols Kaster, PLLP**
the **Voice** for employees®
Attorneys at Law
Minneapolis • San Francisco

August 9, 2010

The Honorable William H. Alsup
United States District Court Judge
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      RE:    *Hofstetter v. Chase Home Finance, LLC et al.*, No. CV-10-1313 (WHA)

Dear Judge Alsup,

Pursuant to Paragraph 25 of the Court's Supplemental Order to Initial Order Setting Case Management Conference (Docket No. 3), I write on behalf of Plaintiff to advise the Court of several outstanding discovery deficiencies that require the Court's intervention. Specifically, Defendants have failed to provide almost all of the information and documents requested in Plaintiff's First Set of Interrogatories and Requests for Production (despite being granted a one-week extension to respond to these discovery requests), and also have failed to comply with their corporate deposition notices.

Plaintiff wrote to Defendants regarding these deficiencies on August 2, 2010, and met and conferred with Defendants by telephone on August 5, 2010.[1] However, little progress has been made. Accordingly, Plaintiff respectfully requests relief from the Court.

### Responses to Written Discovery

The specific deficiencies in Defendants' discovery responses are set forth the attached correspondence (*Exhibit 1*), and addressed below. Unless otherwise noted, Defendants did not offer to supplement their responses during the meet and confer process.

**Individual Discovery.** Defendants have failed to produce "all" documents relating to Plaintiff or her line of credit (Request Nos. 1-2), but do not indicate what documents they are withholding. This is improper. *See* Docket No. 3 at ¶ 12. In addition, it is improper for Defendants to refuse to produce their internal communications and communications with third parties relating to Plaintiff and her line of credit (Request No. 4).

**Class Discovery.** Defendants failed to identify any members of the Proposed Class other than Plaintiff or her husband (Interrogatory Nos. 1-2), and also failed to provide *any* information, complaints, correspondence, documents or data relating to the Proposed Class or Defendants' flood insurance practices with respect to Proposed Class members.

---

[1] Defendants did not provide a written response to Plaintiff's August 2 letter.

4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402 • Telephone (612) 256-3200 • Facsimile (612) 338-4878
Direct Dial (612) 256-3278 • Email krichter@nka.com • Web www.nka.com

(Interrogatory Nos. 3, 10 & Request Nos. 14, 30, 32). This class discovery is relevant to many of the Rule 23 factors (numerosity, commonality, the extent to which Plaintiff's claims are typical of those of other class members), as well as class-wide liability and damages. Although Defendants argue that this discovery is premature, the Court did not bifurcate discovery in its Case Management Order (Docket No. 40), and it is "common" for such discovery to proceed prior to certification. *Khalilpour v. Cellco Partnership*, 2010 WL 1267749, *2 (N.D.Cal. Apr. 1, 2010).[2] It is "topsy turvy" for Defendants to try to defeat class certification in advance by denying Plaintiff legitimate class discovery. *Castaneda v. Burger King Corp.*, 597 F. Supp.2d 1035, 1049 (N.D. Cal. 2009)(Alsup, J.).

Witness Discovery. In both their initial disclosures and their discovery responses, Defendants failed to identify anybody from either company or any third parties with knowledge relating to case (Interrogatory No. 4). Accordingly, Plaintiff requests that Defendants be precluded from offering testimony, at trial or on any motion, from any witness that they have not timely disclosed. *See Docket No. 3, ¶ 26; Docket No. 40, ¶ 1.*

Relevant Business Relationships. Defendants failed to provide any substantive information or documents concerning their relationship with each other (Request Nos. 15-17), any affiliate that receives commissions in connection with flood insurance or force-placed insurance (Interrogatory Nos. 7-8 & Request Nos. 20-21), or any insurance company that issues force-placed flood insurance (Request No. 19). Defendants' relationship with each other is relevant to their contention that JPM bears no responsibility for CHF's conduct. *Defs' Reply Memo (Docket No. 45) at 9 n.8.* Defendants' relationship with their commissioned affiliates and captive insurance companies that stood to profit from flood insurance (and possibly re-direct some of those profits back to Defendants) is relevant to whether Defendants' required and force-placed flood insurance in bad faith, and is also relevant to Plaintiff's request for punitive damages and penalties. *First Amended Complaint (Docket No. 26), ¶¶ 19-20 & 56(E).*

Efforts to Determine or Monitor Compliance with Flood Insurance Requirements. Defendants also failed to produce (i) any documents reflecting any steps they took to analyze or otherwise determine whether they may require flood insurance in excess of a borrower's principal balance (Request Nos. 7, 9-12), (ii) any documents reflecting their efforts to audit or assess compliance with respect to their flood insurance or force-placed insurance practices (Request Nos. 26-28); or (iii) any upper-level communications regarding the same (Request No. 29). These requests are directly relevant to the lawfulness of Defendants' business practices and whether Defendants truly believe that "federal law requires" flood insurance in excess of a borrower's principal balance.

Similar Lawsuits and Proceedings. Defendants have refused to provide any information or documents concerning similar lawsuits or proceedings against them (Interrogatory No. 12 & Request No. 31). These discovery requests are relevant to (i) whether Defendants had notice that their conduct was unlawful, (ii) whether Defendants are withholding relevant information or documents here that have been made available in other similar proceedings; and (3) whether Defendants' statements and positions in this action are consistent with their statements and positions in other proceedings.

---

[2] *See also, e.g., Yingling v. EBay, Inc.*, 2010 WL 373868, *4-6 (N.D.Cal. Jan. 29, 2010); *Tomassi v. City of Los Angeles*, 2008 WL 4722393, *4 (C.D.Cal. Oct. 24, 2008); *Ho v. Ernst & Young, LLP*, 2007 WL 1394007 (N.D.Cal. May 9, 2007); *Putnam v. Eli Lilly & Co.*, 508 F. Supp.2d 812, 813-14 (C.D.Cal. 2007); *Babbitt v. Albertson's, Inc.*, 1992 WL 605652, *5-6 (N.D.Cal. Nov. 30, 1992).

*Other Deficiencies.* Other specific deficiencies are addressed in the attached correspondence. *See* Exhibit 1 (also addressing deficiencies with respect to Interrogatory No. 9 [form documents] and Request Nos. 13 [form documents], 18 [insurance policies], 22-24 [company policies], 25 [training materials], and 33-34 [organizational charts]).[3]

*General Deficiencies.* Defendants improperly asserted general privilege objections, without producing a log, in violation of the Court's Supplemental Order. *Docket No. 3, ¶ 16.* Accordingly, Plaintiff requests that the Court rule that Defendants have waived their privilege objections. *Id.* Defendants also failed to identify the source of the documents that they produced, as requested by Plaintiff (Interrogatory No. 11) and required by the Court (*Docket No. 3, ¶ 13*). Further, Defendants failed to identify anybody from either company who assisted in *answering* the interrogatories (Interrogatory No. 11) or who searched for responsive documents (*Docket No. 3 at ¶ 13*). Moreover, Defendants failed to identify "each specific source and location searched." *Docket No. 3 at ¶ 13.*[4]

### Response to Deposition Notices

Defendants also have failed to properly respond to a pair of corporate deposition notices that were served on each Defendant on June 22, 2010. These deposition notices called for testimony to begin today, but Defendants have failed to appear. Although Plaintiff offered alternate dates in August for these depositions (*Exhibit 3*), Defendants did not commit to any of these dates and have not offered any August dates of their own.[5]

Moreover, when Defendants finally do appear for their depositions, their testimony is likely to be incomplete because (i) Defendants have indicated that they only plan to offer testimony from one witness for both companies on all 10 topics; and (ii) Defendants also have raised many of the same objections to the examination topics that they raised in response to Plaintiff's discovery requests, as well as other meritless objections.[6] Accordingly, Plaintiff respectfully requests that the Court order Defendants to timely appear for their depositions, produce their most knowledgeable witness on each designated topic, and fully respond to questions relating to those topics without objection.

Plaintiff will be prepared to address these issues at the upcoming Rule 12 hearing on August 12, 2010, in the event that the Court requires any further information at that time.

Respectfully,

*/s/ Kai Richter*
Kai Richter
Counsel for Plaintiff

cc: Defendants' Counsel (Via ECF)

---

[3] Defendants have promised to produce copies of certain policy documents, call scripts, and organizational charts at a later date upon entry of a protective order. However, Defendants thus far have not produced any of these documents or presented Plaintiff with a proposed stipulated protective order.

[4] During the parties' meet and confer, Defendants promised to provide some of the search information required by Paragraph 13 of the Court's Supplemental Order, but have not yet provided such information.

[5] Defendants have indicated that they are not prepared to proceed until at least September 9 or 10.

[6] For example, Defendants have indicated that they will only provide testimony concerning flood insurance policies and practices relating to home equity lines of credit, even though the claims in this case explicitly relate to "loans *or* lines of credit." *Docket No. 26, ¶ 1* (emphasis added). Defendants also have indicated that they will not provide testimony concerning the "drafting and content of JPM's form lending agreements [and] security instruments," even though they rely on these agreements to justify their conduct.

the **Voice** for employees®

**Nichols Kaster, PLLP**
Attorneys at Law

Minneapolis · San Francisco

August 2, 2010

VIA EMAIL

Andrew D. LeMar
BURKE WARREN MACKAY & SERRITELLA PC
330 North Wabash, 22nd Floor
Chicago, IL 60611

    RE:    *Hofstetter v. Chase Home Finance et al.*

Dear Mr. LeMar,

This letter regards Defendants' responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. As you know, Plaintiff reluctantly granted Defendants a one-week extension until July 30 to respond to these discovery requests, based on your representations that Defendants were "still investigating the facts" and "diligently conducting [their] investigation." Yet, Defendants' discovery responses betray any meaningful attempt to collect or produce the requested information and documents.

**Responses to Interrogatories**
In response to Plaintiff's Interrogatories, Defendants provided almost no responsive information. Defendants' responses to the majority of Interrogatories (specifically, Interrogatory Nos. 1-3, 8-10, and 12) consisted entirely of unfounded blanket objections. These Interrogatories sought basic and relevant information concerning:

- the identity of the persons in the Proposed Class (Interrogatory No. 1);
- whether and to what extent the Proposed Class members were required to purchase flood insurance in excess of their principal balance (Interrogatory Nos. 2-3);
- whether and to what extent Defendants or their affiliates received commissions or other consideration in connection with the force-placement of flood insurance on Plaintiff's property or the properties of other class members (Interrogatory No. 8);
- Defendants' flood insurance notices and disclosures (Interrogatory Nos. 9-10); and
- other lawsuits, investigations, or proceedings relating to Defendants' force-placed insurance practices (Interrogatory No. 12).

Defendants' responses to other interrogatories also were inadequate. For example, in response to Interrogatory No. 4, Defendants provided no meaningful information, and failed to identify a single person from either company with knowledge relating to the

4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402 • Telephone (612) 256-3200 • Facsimile (612)
Direct Dial (612) 256-3278 • Email krichter@nka.com • Web www.nka.com


EXHIBIT #1

issues in the case. Further, Defendants' responses to Interrogatory Nos. 6 and 7 were incomplete, in that (i) Defendants failed to identify anybody who communicated with Plaintiff or her husband in response to Interrogatory No. 6[1]; and (ii) Defendants failed to identify the amount of the commission paid to JP Morgan Insurance Company, Inc. in response to Interrogatory No. 7. Finally, in response to Interrogatory No. 12, Defendants failed to identify the source of the documents that they produced (as required by Paragraph 13 of the Court's Supplemental Order [Docket No. 3]), and further failed to identify anybody from either company who actually assisted in responding to the interrogatories (beyond simply signing their name to Defendants' non-substantive responses).

### Responses to Requests for Production

Defendants' responses to Plaintiff's Requests for Production were similarly deficient. In response to 28 of 41 Requests, Defendants failed to produce a single document. *See Responses to Request Nos...4, 7, 9, 10-12, 14-17, 19-34, and 40-41.*[2] For example, Defendants failed to produce:

- any internal communications or communications with third parties relating to Plaintiff, her line of credit, or Defendants' flood insurance requirements for Plaintiff's property (Request No. 4);
- any analyses or other documents reflecting any effort to determine whether (or under what circumstances) Defendants may require flood insurance in excess of a borrower's principal balance (Request Nos. 7, 9-10);
- any correspondence with FEMA, the OCC, or other third parties that relate to federal flood insurance requirements or whether Defendants may require flood insurance in excess of a borrower's principal balance (Request Nos. 11-12);
- any complaints, responses to complaints, or other non-standard communications with other class members relating to flood insurance or Defendants' flood insurance requirements (Request Nos. 14, 30);
- any contracts between Chase Home Finance ("CHF") and JP Morgan Chase Bank ("JPM"), or any related correspondence, instructions, feedback, or reports (Request Nos. 15-17);
- any contracts between Defendants and any insurance company that issues force-placed flood insurance policies for Defendants (Request No. 19);
- any contracts between Defendants and their "licensed affiliate," or any other documents relating to the commissions earned by such affiliate as a result of procuring, maintaining, or issuing flood insurance policies (Request Nos. 20-21);
- Defendants' corporate policies relating to flood insurance or any documents relating to any changes in those policies (Request Nos. 22-24);
- Defendants training materials relating to flood insurance (Request No. 25);
- any audits or other documents reflecting Defendants' efforts to assess their compliance with federal law or company policies relating to flood insurance (Request Nos. 26-28);

---

[1] Although Defendants did make reference to certain written correspondence, the authors of many of the cited letters are not identified, and Defendants further failed to identify anybody who communicated *orally* with Plaintiff or her husband.

[2] In response to four additional requests (Request Nos. 35-38), Defendants indicated that they had no responsive documents to produce. Notably, Defendants did not make this representation with respect to the 28 requests referenced above.

- any upper-level communications with compliance officers or persons at the vice-president level or above relating to flood insurance or Defendants' flood insurance requirements (Request No. 29);
- any pleadings or other documents relating to any other lawsuits, investigations, or proceedings concerning Defendants' force-placed insurance practices (Request No. 31);
- Defendants customer records reflecting the amount of flood insurance carried by Proposed Class members in relation to their principal balance (Request No. 32); or
- any organizational charts or other documents that shed light on the structure or hierarchy of Defendants or their departments or divisions relating to flood insurance (Request Nos. 33-34).

In addition, Defendants' responses to several other Requests were incomplete. For example, in response to Request Nos. 1-2, Defendants objected to producing "all" documents that relate to Plaintiff or her husband (or their line of credit), and frivolously contended that the terms "relate to" and "their files" are vague, ambiguous, and overly broad. In response to Request No. 5, Defendants failed to produce any maps that they relied upon in determining whether Plaintiff's dwelling falls within a Special Flood Hazard Area. In response to Request No. 13, Defendants failed to produce any drafts or other versions of their form documents relating to flood insurance (other than the final version of each document that was provided to Plaintiff). Further, in response to Interrogatory No. 18, Defendants refused to produce any of their force-placed flood insurance policies (other than the policy that was issued to Plaintiff).

**Defendants' Objections**
Defendants' objections to producing the requested information and documents are meritless.

First, Defendants improperly asserted general privilege objections in their responses to both sets of discovery requests, without producing a log of any purportedly privileged information or documents. This is a direct violation of the Court's Supplemental Order (Docket No. 3), which provides that "[p]rivilege logs shall be promptly provided" and "[n]o generalized claims of privilege or work-product protection shall be permitted." *Supplemental Order,* ¶ *16.* Accordingly, Defendants have waived their privilege objections. *Id.* ("Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.")

Second, Defendants' relevance and overbreadth objections stem from a fundamental misunderstanding of the scope of permitted discovery. Prior to the Rule 16 Conference, Defendants argued that discovery should be stayed while their motion to dismiss was pending, and that "if any claims survive dismissal, initial discovery should be limited to the merits of Plaintiff's individual claims and whether the class action requirements of Fed. R. Civ. P. 23 are met." *Docket No. 26 at 12.* However, the Court rejected these arguments, and declined to stay or bifurcate discovery in its Case Management Order (Docket No. 40). Therefore, it is improper for Defendants to limit their responses to information and documents that relate exclusively to Plaintiff. Indeed, even under Defendants' rejected proposal, Plaintiff would be entitled to fulsome responses to her discovery requests because all of the requested documents and information relate to her

claims regarding Defendants' flood insurance policies and practices and/or the extent to which other class members are similarly situated to her.

Third, Defendants cannot legitimately object to Plaintiff's discovery requests on the ground of burdensomeness, since Defendants have not demonstrated any meaningful effort to search for and produce the requested information and documents. The Court's Supplemental Order provides:

> At the time of the production, the responding party should provide a written list to the requesting party setting forth in detail each specific source and location searched. The list must also identify, by name and position, all persons conducting the search and their areas of responsibility.

*Supplemental Order*, ¶ 13. Defendants have failed to furnish this information, as required by the Court's order.[3]

Fourth, although Defendants objected to several discovery requests on grounds of confidentiality, they have not moved for a protective order, have not presented Plaintiff with a draft stipulation for protective order, and with only a few exceptions (*see* Responses to Request Nos. 22-23 and 25), and have not committed to producing responsive documents even upon entry of a protective order.

Fifth, although Defendants object to many of Plaintiff's document requests on the ground that they are "unlimited in scope and time," Plaintiff's document requests specifically instructed that "[u]nless otherwise indicated, these requests for production seek Documents generated during the Proposed Class Period or in effect during the Proposed Class Period[.]" *See Instruction No. 8*.

Finally, it is improper for Defendants to refuse to furnish responsive information and documents on the ground that they disagree with Plaintiff's claims or by seeking to redefine Plaintiff's claims in a crabbed manner. *See, e.g., Response to Interrogatory Nos. 1-3* (asserting that "[t]here is nothing illegal about requiring flood insurance" and further asserting that Plaintiff's claims "do not attack, and cannot attack" the legality of requiring flood insurance except in narrowly defined instances). Plaintiff is entitled to determine the scope of her own claims and decide, for herself, what documents and information will assist her in pursuing her claims, regardless of whether such documents and information would be admissible at trial.

### Prejudice to Plaintiff and Request to Meet and Confer

Regrettably, Defendants' responses to Plaintiff's written discovery requests appear to be part of a continuing pattern of shirking their discovery and disclosure obligations. Plaintiff previously wrote to Defendants on July 19, 2010 to object to fundamental

---

[3] To the extent that Defendants actually have searched for and identified materials that are responsive to Plaintiff's discovery requests, they may not withhold the requested materials simply on the basis of a burdensomeness or overbreadth objection. *See Supplemental Order*, ¶ 15 ("A burden or overbreadth or similar objection shall not be a valid reason for withholding requested materials that are actually known to counsel or a party representative responsible for the conduct of the litigation.")

deficiencies in Defendants' Initial Disclosures.[4]  Defendants did not reply to this correspondence and still have not identified any witness from either company that has information that Defendants may rely upon at trial.  On the same date (July 19), Plaintiff also served separate corporate deposition notices on CHF and JPM.  However, Defendants still have not identified any corporate representatives or committed themselves to the proposed deposition dates (August 9 and 10).

Defendants' failure to provide fulsome responses to Plaintiff's written discovery requests will significantly prejudice these corporate depositions (which are scheduled to take place in just one week), unless remedied immediately.  Accordingly, Plaintiff requests that Defendants supplement their responses immediately, and meet and confer regarding any remaining deficiencies by August 4, 2010, at noon.

Please be advised that if these deficiencies are not promptly remedied, Plaintiff will seek appropriate relief from the Court, including: (1) an order compelling production of the requested information and documents, notwithstanding Defendants' objections; (2) the right to re-depose, at Defendants' expense, any designated corporate representatives regarding any documents or information that were not timely disclosed (see *Supplemental Order*, ¶ 18); and (3) appropriate sanctions for Defendants' discovery deficiencies, which are not substantially justified and in many respects violate the Court's existing Supplemental Order.

Your timely attention to these matters is of the essence.

                                              Sincerely,

                                              Kai Richter

---

[4] As noted in Plaintiff's correspondence at that time, Defendants' initial disclosures (i) failed to identify a single employee or representative of CHF, JPM, or any of their affiliates with knowledge of discoverable information relating to the lawsuit; and (ii) failed to include *any* documents, electronically-stored information, or other materials in support support their defenses.

## Diaz, Adrian

**From:** Richter, Kai
**Sent:** Thursday, July 22, 2010 1:25 PM
**To:** LeMar, Andrew D.
**Cc:** Meinertzhagen, Steve; Pope, LeAnn Pedersen; Weickhardt, George G.; Committee - COG; Diaz, Adrian
**Subject:** RE: Hofstetter v. Chase Home Finance et al.

Andrew,

In the spirit of cooperation, Plaintiff will grant Defendants an extension until July 30 to respond to Plaintiff's discovery requests. Please serve your responses electronically (as well as by mail), as previously requested. To the extent that Defendants fail to provide complete responses or hinder the noticed corporate depositions, future requests for extensions will not be viewed favorably.

Kai

---

**From:** LeMar, Andrew D. [mailto:ALeMar@burkelaw.com]
**Sent:** Thursday, July 22, 2010 3:12 PM
**To:** Richter, Kai
**Cc:** Meinertzhagen, Steve; Pope, LeAnn Pedersen; Weickhardt, George G.
**Subject:** RE: Hofstetter v. Chase Home Finance et al.

Kai:

We will do everything we can to provide deposition dates by July 30 (and deponent names, if possible), and we can meet and confer next week regarding the scheduling and scope of the 30(b)(6) depositions. Of course, by agreeing to do so, we are not waiving our right to object to some of your topics.

Andrew

**Andrew D. LeMar**
**Burke, Warren, MacKay & Serritella, P.C.**
330 N. Wabash, 22nd Floor | Chicago, IL 60611
Phone 312.840.7108 | Fax 312.840.7900
alemar@burkelaw.com | www.burkelaw.com | my profile

Confidentiality Note: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

Circular 230 Disclosure: Any tax advice contained in this message was not intended or written to be used, and cannot be used (i) by any taxpayer for the purpose of avoiding any penalties that may be imposed on the taxpayer, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

---

**From:** Richter, Kai [mailto:krichter@nka.com]
**Sent:** Thursday, July 22, 2010 3:06 PM
**To:** LeMar, Andrew D.
**Subject:** RE: Hofstetter v. Chase Home Finance et al.

1


EXHIBIT #2

Will you identify your corporate designees and their topics by 7/30?

---

**From:** LeMar, Andrew D. [mailto:ALeMar@burkelaw.com]
**Sent:** Thursday, July 22, 2010 2:58 PM
**To:** Richter, Kai
**Cc:** Committee - COG; Meinertzhagen, Steve; Pope, LeAnn Pedersen; Weickhardt, George G.; {F272888}.Active@emm.burkelaw.com
**Subject:** RE: Hofstetter v. Chase Home Finance et al.

Kai:

Just to clarify, are you willing to grant us an extension on the responses until next Friday (7/30) without the four conditions you mentioned in your email on Tuesday? If so, I think that may work for us.

Also, pursuant to Fed. R. Civ. P. 6(d), 3 days are added to the 30-day response period when discovery requests are served electronically or by mail. Therefore, our responses are actually due on Monday July 26, and not today.

Thanks,
Andrew


**Andrew D. LeMar**
**Burke, Warren, MacKay & Serritella, P.C.**
330 N. Wabash, 22nd Floor | Chicago, IL 60611
Phone 312.840.7108 | Fax 312.840.7900
alemar@burkelaw.com | www.burkelaw.com | my profile

Confidentiality Note: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

Circular 230 Disclosure: Any tax advice contained in this message was not intended or written to be used, and cannot be used (i) by any taxpayer for the purpose of avoiding any penalties that may be imposed on the taxpayer, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

---

**From:** Richter, Kai [mailto:krichter@nka.com]
**Sent:** Wednesday, July 21, 2010 8:43 PM
**To:** LeMar, Andrew D.
**Cc:** Committee - COG; Meinertzhagen, Steve; Pope, LeAnn Pedersen; Weickhardt, George G.; {F272888}.Active@emm.burkelaw.com
**Subject:** RE: Hofstetter v. Chase Home Finance et al.

Dear Andrew,

It is our general practice to grant reasonable professional courtesies. As you know, we allowed Defendants additional time to respond to both our original Complaint and First Amended Complaint. However, it appears that Defendants' repeated requests for extensions are becoming the rule rather than the exception.

Nevertheless, we have offered to allow Defendants an extension until the end of the month (July 30) to serve their discovery responses. Although this extension is not as extended as you would prefer, it does provide Defendants with more than an additional week. As you know, our discovery requests were served electronically (and by mail) on June 22, and the 30-day period would normally expire tomorrow.

It is disappointing that Defendants are not prepared to serve their responses in a timely fashion, given the fact that (1) Defendants never moved the Court for a stay, (2) the Court made clear at the Rule 16 conference that Defendants' motion to dismiss would not operate to stay discovery; and (3) Defendants did not even request us for an extension until yesterday. Until such time that Defendants requested and received an extension, they should have been diligently preparing their discovery responses in accordance with the time frame established by the federal rules. Yet, it appears that weeks have gone by without any effort to respond to discovery.

As I indicated to you during our conference call (and by separate letter), Defendants' initial disclosures have not inspired confidence that Defendants are taking the discovery process seriously, as Defendants failed to produce a single document or identify a single company witness on July 8, when the parties' initial disclosures were originally due. Moreover, we have yet to receive a commitment from Defendants to produce witnesses for the Rule 30(b)(6) depositions that are currently scheduled for August 9 and 10.

Your proposal to respond to written discovery on August 9 is unworkable, as it would not allow us an opportunity to review Defendants' production in advance of these corporate depositions. Moreover, Defendants have provided no reason to grant a discovery extension, in the absence of a firm commitment to produce the requested documents and information, as opposed to merely serving objections. At this point, we still have received almost nothing from Defendants (no documents, no identification of corporate witnesses, and no commitment to produce those witnesses for their depositions).

Although I am sensitive to your scheduling concerns, we cannot grant continued extensions for multiple weeks at a time without any evidence that the time is being used productively. For example, when we gave Defendants a multi-week extension to respond to our First Amended Complaint, Defendants filed a motion to dismiss that was almost identical (and verbatim in substantial parts) to their original motion to dismiss. In the absence of meaningful initial disclosures and commitments with respect to the pending deposition notices and discovery requests, we cannot simply assume that the additional time Defendants have requested is necessary or will be put to good use.

In short, we believe we already have met you halfway on your request for an extension, and do not believe that further time is warranted. If you wish to raise the matter with the Court, that is your prerogative, but we believe the time would be better spent on more substantive matters.

Respectfully,

Kai

---

**From:** LeMar, Andrew D. [mailto:ALeMar@burkelaw.com]
**Sent:** Wednesday, July 21, 2010 11:20 AM
**To:** Richter, Kai
**Cc:** Committee - COG; Meinertzhagen, Steve; Pope, LeAnn Pedersen; Weickhardt, George G.; {F272888}.Active@emm.burkelaw.com
**Subject:** RE: Hofstetter v. Chase Home Finance et al. [IWOV-ACTIVE.FID272888]

Kai:

Thank you for getting back to me regarding our request for a two-week extension (until August 9) to respond to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents. We would like you to reconsider your refusal to agree to a two-week extension.

We do not think a two-week extension is unreasonable, especially given that this case is in its initial stages. The Court has set a discovery deadline of June 30, 2011, which is more than eleven months away. Plaintiff's motion for class certification is not due until February 2011 -- over six months from now. If the roles were reversed, we would certainly

grant you a two-week extension as a professional courtesy, no questions asked, and we had hoped your firm would be reasonable enough to extend the same type of professional courtesy.

We do not accept your counteroffer. The Court set a July 30 deadline for initial disclosures, and we will abide by the Court's order. Furthermore, your proposal that you will only grant an extension until July 30 on the discovery responses if we agree to produce everything you ask for without objecting is unreasonable, and it is something to which we would never agree nor is it something contemplated by the Federal rules. In addition, your proposal that we begin producing documents on July 26 defeats the purpose of the extension, as that is the current deadline for our responses. As for your proposal that we identify witnesses to you next week, as I indicated to you on our call yesterday, we are still in the process of identifying witnesses in response to your deposition notices (which were only sent to us on Monday), and when we identify the proper witnesses, we will work with them and with you to schedule depositions for dates and times that work for everyone's respective schedules.

As I indicated in our call yesterday, we are still investigating the facts regarding the matters you have requested in your interrogatories and document requests. We are diligently conducting our investigation, but it is not something that we can complete overnight (or by Monday), especially given the fact that it is summer, and several people have been on (or are currently on) vacation. It is simply unrealistic that we will be able to provide proper responses to your discovery requests by Monday, which why we are asking for an extension.

In addition, as I indicated on the phone, I am also extremely busy over the next several weeks. Specifically, over the next three weeks, I have six responsive pleadings due, one notice of removal due, and two reply briefs due, in addition to several hearings and other commitments. The other attorneys in my office working on this matter have similarly busy schedules over the next several weeks. Again, as a professional courtesy, a two-week extension on our discovery responses is not an unreasonable request.

Please let us know whether you will agree to a two-week extension, until August 9, to respond to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents. If you do not agree, then we will ask the Court for such an extension.

Thank you for your time.

Andrew


**Andrew D. LeMar**
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash, 22nd Floor | Chicago, IL 60611
Phone 312.840.7108 | Fax 312.840.7900
alemar@burkelaw.com | www.burkelaw.com | my profile

Confidentiality Note: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

Circular 230 Disclosure: Any tax advice contained in this message was not intended or written to be used, and cannot be used (i) by any taxpayer for the purpose of avoiding any penalties that may be imposed on the taxpayer, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

**From:** Richter, Kai [mailto:krichter@nka.com]
**Sent:** Tuesday, July 20, 2010 5:31 PM
**To:** LeMar, Andrew D.
**Cc:** Committee - COG; Diaz, Adrian
**Subject:** Hofstetter v. Chase Home Finance et al.

Andrew,

This email follows up on our telephone conference earlier this afternoon.

First, we appreciate Defendants commitment to supplement their Initial Disclosures within the next day or two. In response to your question regarding how such disclosures should be sent, please produce them electronically and by U.S. mail (as we have done with our disclosures). In the event that your production is voluminous, please OCR and scan the documents onto a DVD instead of mailing them in hard copy.

Second, with regard to your request for an extension, we are prepared to grant Defendants a limited extension until July 30 to respond to Plaintiff's discovery requests, on the following conditions:

1. Defendants serve their supplemental initial disclosures on or before July 22, 2010;
2. Defendants agree to make witnesses available for the corporate depositions on the requested dates and further agree to identify each of those witnesses and the topics on which they will be testifying on or before July 30;
3. Defendants agree to produce all requested information and documents by July 30 (no blanket objections); and
4. Defendants commence their production of the requested information and documents by July 26, 2010 (via email and next day air), and complete their production on a rolling basis by the July 30 deadline, to allow the document review process to begin that week.

Please let me know whether these terms are agreeable.

Kai



Get updates from Nichols Kaster, PLLP:



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**Nichols Kaster, LLP**
the Voice for employees®
Attorneys at Law
Minneapolis • San Francisco

July 19, 2010

**VIA EMAIL & U.S. MAIL**
Stephen R. Meinertzhagen
Andrew D. LeMar
LeAnn P. Pope
BURKE WARREN MACKAY & SERRITELLA PC
330 North Wabash, 22nd Floor
Chicago, IL  60611

George G. Weickhardt
ROPERS MAJESKI KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA  94105

   RE: Hofstetter v. Chase Home Finance et al.

Counsel,

Enclosed herewith and served upon you please find:

- Notice of Deposition of Chase Home Finance, LLC, Pursuant to Fed.R.Civ.P. 30(b)(6);
- Notice of Deposition of JP Morgan Chase Bank, N.A., Pursuant to Fed.R.Civ.P. 30(b)(6).

These depositions have been noticed to begin on August 9 and August 10, 2010, respectively. In the event that those dates are not feasible, we also would be prepared to proceed on August 11, August 23, and August 24.

Please advise as to Defendants' preferred location for these depositions, which we will attempt to accommodate provided that such location is reasonable. Thank you.

Sincerely,

Kai Richter


EXHIBIT #3

Enc.

4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402 • Telephone (612) 256-3200 • Facsimile (612) 338-4878
Direct Dial (612) 256-3278 • Email krichter@nka.com • Web www.nka.com