Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

James H. Kaster, CA State Bar No. 248949
Kaster@nka.com
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(admitted **pro hac vice**)
Kai Richter, MN State Bar No. 0296545
KRichter@nka.com
(admitted **pro hac vice**)
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

Attorneys for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheila I. Hofstetter, individually, as a representative of the class, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>Chase Home Finance, LLC, JP Morgan Chase Bank, N.A. , and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV-10-1313 WHA<br><br><br>**DECLARATION OF PLAINTIFF'S COUNSEL ATTACHING DISCOVERY REQUESTS AND RESPONSES** |

STATE OF MINNESOTA          )
                            )   ss.
COUNTY OF HENNEPIN          )

1.     I am an associate attorney for Nichols Kaster, PLLP, and am one of the attorneys representing Plaintiff Sheila Hofstetter in the above-captioned action.  I submit this affidavit attaching discovery requests and responses in connection with Plaintiff's letter to the Court dated August 9, 2010, pursuant to Paragraph 25 of the Court's Supplemental Order to Initial Order Setting Case Management Conference (Docket No. 3).

2.     Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's First Set of Interrogatories to Defendants.

3.     Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's First Set of Requests to Defendants for Production of Documents and Things.

4.     Attached hereto as Exhibit 3 is a true and correct copy of Chase Home Finance LLC and JPMorgan Chase Bank, N.A.'s Objections and Answers to [Plaintiff's] First Set of Interrogatories.

5.     Attached hereto as Exhibit 4 is a true and correct copy of Chase Home Finance LLC and JPMorgan Chase Bank, N.A.'s Responses and Objections to Plaintiff's First Set of Requests to Defendants for Production of Documents and Things.

6.     Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff's Notice of Deposition of Chase Home Finance, LLC Pursuant to Fed. R. Civ. P. 30(b)(6).

7.     Attached hereto as Exhibit 6 is a true and correct copy of Plaintiff's Notice of Deposition of JP Morgan Chase bank, N.A., Pursuant to Fed. R. Civ. P. 30(b)(6).


I declare under penalty of perjury that the foregoing is true and correct.


Dated: August 9, 2010                          _____
                                               Kai Richter

# Exhibit 1

Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

James H. Kaster, CA State Bar No. 248949
Kaster@nka.com
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(admitted **pro hac vice**)
Kai Richter, MN State Bar No. 0296545
Krichter@nka.com
(admitted **pro hac vice**)
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

Attorneys for Plaintiff and the Proposed Class

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheila I. Hofstetter, individually, as a representative of the class, and on behalf of the general public, <br><br> Plaintiff, <br><br> vs. <br><br> Chase Home Finance, LLC, JP Morgan Chase Bank, N.A. , and DOES 1-50, inclusive, <br><br> Defendants. | Case No. CV-10-1313 WHA <br><br> **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

TO:   Defendants and their counsel of record.

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants are requested and required to respond to the following interrogatories within thirty (30) days after service of this request. Your responses to these interrogatories must be sent to Plaintiff's undersigned counsel at the offices of **Nichols Kaster, PLLP, 4600 IDS Center, 80 S. Eighth St., Minneapolis, MN 55402**.

## INSTRUCTIONS

1.   In answering these interrogatories, Defendants must furnish all requested information, not subject to a valid objection, that is known by, possessed by, or available to Defendants or any of their attorneys, consultants, representatives, agents, or other persons acting in concert with them or on their behalf.

2.   If Defendants are unable to fully answer any of these interrogatories, Defendants must answer them to the fullest extent possible, specifying the reasons for Defendants' inability to answer the remainder and stating whatever information, knowledge, or belief Defendants have concerning the unanswerable portion. An evasive or incomplete answer may be deemed to be a failure to answer, and may render Defendants and their attorneys liable for the expenses of a motion to compel a responsible and complete answer, including reasonable attorney's fees, or other sanctions.

3.   If Defendants object to an interrogatory or a subpart thereof as calling for information that is beyond the scope of discovery (e.g. "not reasonably calculated to lead to the discovery of admissible evidence," "work product," "attorney/client privilege," etc.), Defendants must, nevertheless, answer the interrogatory or subpart thereof to the extent that it is not objectionable.

PLAINTIFF'S FIRST SET OF INTERROGATORIES

4.     For each interrogatory and subpart of each interrogatory, if the information requested is not within Defendants' knowledge, identify each person to whom the information is a matter of knowledge, if known.

5.     Defendants must supplement their responses to any of the following interrogatories if additional information, documents, or data responsive to such interrogatories becomes known or available, even after the close of the discovery period in the case.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated:

1.     "You," "Your," and "Defendants," means any or all of the named defendants to this action (Chase Home Finance, LLC and/or JP Morgan Chase Bank, N.A.), or any persons or entities acting on their behalf or in concert with them, including but not limited to any of their officers, directors, managers, employees, attorneys, consultants, representatives, parents, subsidiaries, or affiliates.

2.     "CHF" means Defendant Chase Home Finance, LLC.

3.     "Plaintiff" means Plaintiff Sheila I. Hofstetter.

4.     "Proposed Class" has the same definition as in the most recent version of Plaintiff's Complaint.

5.     "Proposed Class Period" means any time within four years prior to this action's filing date through the date of final disposition of this action.

6.     "Identify" with respect to a natural person means to state the person's full name, current or last known residence and business address and telephone number, current or last known employer, and the current or last known position or job title the person held with such employer.

7.     "Identify" with respect to an entity (not a natural person) means to state its full name, the address of its principal place of business, and its telephone number.

8.     "Identify" with respect to a document means to provide the bates number of the document, or if the document cannot be produced, to state the date of such document, if any; a general description thereof; identify the signer, preparer, or sender thereof; state its present

location and identify its custodian; and state descriptive information of sufficient particularity to enable said document to be subject to a subpoena duces tecum or request for its production.

9.     "Document" or "Documents" has the broadest possible meaning that can be ascribed to it under Fed. R. Civ. P. 34, and refers any documents, data, and tangible things, including but not limited to any written, printed, typed, recorded, graphic, or symbolic matter of any type or description, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form, including, but not limited to, all statements, writings, letters, minutes, correspondence, e-mails, telegrams, bulletins, instructions, charts, literature, work assignments, reports, memoranda, notations, notes of telephone or personal conversations or conferences, contracts, agreements, interoffice communications, notes, notebooks, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, graphs, photographs, data sheets, data compilations, computer data sheets, computer data compilations from which information can be obtained or can be translated through detection devices into reasonable usable form, and any other document and thing.  This definition also includes all copies of documents or things by whatever means made.

10.     "Describe" when used in reference to a factual situation means to state with particularity and in detail all facts connected with, bearing upon, or relating in any way to matters contained in interrogatories.

11.     "Describe" when used in reference to a written or oral communication means to state in detail (1) the type of document or other communication; (2) the date made; (3) the persons involved in the communication; (4) the present location of the document or other recorded evidence of the communication; and (5) the subject matter of the document or other communication, including factual setting in which made, substantive content, and purpose of communication.

12.     "Relate" or "Relating to" means having any connection with the topic of the request or having some logical or causal connection between the information and the topic of the request, whether or not the document or thing requested contains a direct reference to the topic of the request.

-3-

13. "Statement" shall have the same definition as set forth in Rule 26 of the Federal Rules of Civil Procedure and includes, but is not limited to, a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical or other recording or transcription that is a substantially verbatim recital of an oral statement by the person making it.

## INTERROGATORIES

1. Identify all persons in the Proposed Class.

2. Identify all persons in the Proposed Class who were required by Defendants to procure flood insurance in excess of their outstanding principal balance (or for whom Defendants force-placed flood insurance in excess of their outstanding principal balance) at any time during the Proposed Class Period.

3. For each member of the Proposed Class, provide the following information (identifying specific dollar amounts and applicable dates):

   a. The amount of flood insurance coverage that Defendants required for the Proposed Class member's property throughout the Proposed Class Period;

   b. The Proposed Class member's outstanding principal balance and available credit with Defendants throughout the Proposed Class Period;

   c. The amount of flood insurance coverage maintained by the Proposed Class member for the property throughout the Proposed Class Period;

   d. The amount of additional flood insurance coverage obtained by Defendants (or their affiliates) for the Proposed Class member's property throughout the Proposed Class Period;

   e. All flood insurance premiums charged by Defendants to the Proposed Class member during the Proposed Class Period;

   f. All flood insurance premiums paid by the Proposed Class member to Defendants during the Proposed Class Period (if any amounts paid were later refunded, so indicate);

-4-

g.  All flood insurance premiums paid by the Proposed Class member to any insurance company or other third party during the Proposed Class Period, in order to insure the property and satisfy Defendants' flood insurance requirements, in whole or in part (if any amounts paid were later refunded, so indicate);

h.  Any interest or other fees, including late fees, charged by Defendants to the Proposed Class member during the Proposed Class Period, in connection with accrued or outstanding flood insurance premiums;

i.  Any interest or other fees, including late fees, paid by the Proposed Class member to Defendants during the Proposed Class Period, in connection with accrued or outstanding flood insurance premiums (if any amounts paid were later refunded, so indicate).

4.  Identify all persons who have or may have information or knowledge relating to any of the allegations, Statements, claims, defenses, denials, or affirmative defenses in this action, and summarize the substance of the information and knowledge possessed by each such person.

5.  Identify each person whom you expect to call as an expert witness at trial. For each person so identified, provide all information required by Fed. R. Civ. P. 26(a)(2) or otherwise required by the Court.

6.  Identify all persons who have had any communications, whether written or oral, with Plaintiff or any other person (including any internal communications) relating to Plaintiff's line of credit with Defendants or Defendants' flood insurance requirements for Plaintiff's property, and for each such person, produce a copy of the communication (if written) or Describe the communication.

7.  Identify the "licensed affiliate of Chase" that received a commission in connection with the force-placement of flood insurance on Plaintiff's property (as referenced in CHF's letter to Plaintiff dated October 6, 2009), and the amount of such commission.

8.  State whether Defendants or any other affiliate of Defendants has received any commission or other monetary or in-kind consideration in connection with the force-placement of flood insurance on property owned by any member of the Proposed Class during the Proposed Class Period, and if so, identify the type and amount of consideration received.

PLAINTIFF'S FIRST SET OF INTERROGATORIES

9.     Identify (by bates number) all versions of Defendants' Home Equity Line of Credit Agreement and Disclosure Statement, Deed of Trust, Flood Insurance Notice, Agreement to Provide Insurance, Notice of Special Flood Hazard, Notice of Placement of Flood Insurance, or any other form document issued by or on behalf of Defendants during the Proposed Class Period that contains any disclosures, terms, information, or demands relating to flood insurance or insurance requirements.

10.     Identify each member of the Proposed Class who received each version of the form documents identified by You in response to Interrogatory No. 11.

11.     Identify each person who assisted in answering or producing documents in response to any discovery request in this matter, and for each such person, identify (by number) the specific discovery requests such person assisted in answering or responding and the bates numbers of all documents furnished by such person.

12.     Identify the caption (parties, forum, and file number) of any lawsuit, administrative proceeding, arbitration, or investigation in which Defendants or any of their affiliates were alleged to have (i) required or force-placed excessive, unnecessary, unconscionable, unfair, unauthorized, or unlawful insurance coverage or amounts of insurance coverage; or (ii) charged excessive, unconscionable, unfair, unauthorized, or unlawful premiums or other charges for insurance coverage.

Dated: June 22, 2010

                                    NICHOLS KASTER, LLP

                          By:       _____
                                    Matthew C. Helland
                                    Paul J. Lukas
                                    Kai Richter

                                    NICHOLS KASTER, PLLP

                                    Attorneys for Plaintiff and the Proposed Class

-6-

PLAINTIFF'S FIRST SET OF INTERROGATORIES

# Exhibit 2

Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

James H. Kaster, CA State Bar No. 248949
Kaster@nka.com
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(admitted **pro hac vice**)
Kai Richter, MN State Bar No. 0296545
KRichter@nka.com
(admitted **pro hac vice**)
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

Attorneys for Plaintiff and the Proposed Class

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheila I. Hofstetter, individually, as a representative of the class, and on behalf of the general public, | Case No. CV-10-1313 WHA |
| Plaintiff, | **PLAINTIFF'S FIRST SET OF REQUESTS TO DEFENDANTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| vs. | |
| Chase Home Finance, LLC, JP Morgan Chase Bank, N.A. , and DOES 1-50, inclusive, | |
| Defendants. | |

TO:    Defendants and their counsel of record.

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants are requested and required to serve a written response to the following requests for production and to produce the requested documents and things within thirty (30) days after service of this request, at the offices of **Nichols Kaster, PLLP, 4600 IDS Center, 80 S. Eighth St., Minneapolis, MN  55402.**

### INSTRUCTIONS

1.    These requests seek all specified documents in the actual or constructive possession, custody or control of Defendants or their attorneys or agents, or which are believed by Defendants or their attorneys or agents to exist or to have existed previously.

2.    These requests are expressly made continuing, requiring additional and supplemental responses when additional documents or things come into the possession, custody or control of Defendants or their attorney or agents, until the instant action is fully and finally resolved.

3.    Should Defendants deem any documents or things within the scope of these requests to be privileged, Defendants are requested to list such documents or things and to identify them by designating the type of document or thing, its date, the name of the author or originator, the name of all addressees, the number of pages or other units, the present custodian and location of the document or thing, and to state the specific grounds on which the claim of privilege rests.

4.    Should Defendants object to any request, Defendants are requested to specifically and in detail state the grounds and reasons for the objection, and to state in detail the part of language of the request to which Defendants object, and state which part of the request, if any, Defendants are answering.

5.    Plaintiff will object to the introduction of evidence that was requested by Plaintiff but not timely provided by Defendants.

-1-

6.    If any document or thing requested herein has been destroyed or discarded or otherwise disposed of, Defendants are requested to set forth in their written response a description of each such document or thing, including its contents, author, addressees, date of disposal, manner of disposal, reason for disposal, and the person disposing of the document or thing.

7.    Defendants may produce copies of requested documents in lieu of originals, but must preserve all originals until the final disposition of this action, and make them available for inspection upon demand.

8.    Unless otherwise indicated, these requests for production seek Documents generated during the Proposed Class Period or in effect during the Proposed Class Period, or that may have been generated or in effect during the Proposed Class Period.

## DEFINITIONS

1.    "<u>You</u>," "<u>Your</u>," and "<u>Defendants</u>," means any or all of the named defendants to this action (Chase Home Finance, LLC and/or JP Morgan Chase Bank, N.A.), or any persons or entities acting on their behalf or in concert with them, including but not limited to any of their officers, directors, managers, employees, attorneys, consultants, representatives, parents, subsidiaries, or affiliates.

2.    "<u>CHF</u>" means Defendant Chase Home Finance, LLC.

3.    "<u>JPM</u>" means Defendant JP Morgan Chase Bank, N.A.

4.    "<u>Plaintiff</u>" means Plaintiff Sheila I. Hofstetter.

5.    "<u>Proposed Class</u>" has the same definition as in the most recent version of Plaintiffs' Complaint.

6.    "<u>Proposed Class Period</u>" means any time within four years prior to this action's filing date through the date of final disposition of this action.

7.    "<u>Document</u>" or "<u>Documents</u>" has the broadest possible meaning that can be ascribed to it under Fed. R. Civ. P. 34, and refers any documents, data, and tangible things, including but not limited to any written, printed, typed, recorded, graphic, or symbolic matter of any type or description, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form, including, but not limited to, all statements, writings, letters,

-2-

minutes, correspondence, e-mails, telegrams, bulletins, instructions, charts, literature, work assignments, reports, memoranda, notations, notes of telephone or personal conversations or conferences, contracts, agreements, interoffice communications, notes, notebooks, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, graphs, photographs, data sheets, data compilations, computer data sheets, computer data compilations from which information can be obtained or can be translated through detection devices into reasonable usable form, and any other document and thing.  The definition also includes all copies of documents or things by whatever means made.

8. "Statement" shall have the same definition as set forth in the second paragraph of Rule 26 of the Federal Rules of Civil Procedure and includes, but is not limited to, a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical or other recording or transcription that is a substantially verbatim recital of an oral statement by the person making it.

9. "Relate" or "Relating to" means having any connection with the topic of the request or having some logical or causal connection between the information and the topic of the request, whether or not the document contains a direct reference to the topic of the request.

## REQUESTS FOR PRODUCTION

Defendants are hereby requested to produce any and all of following Documents in their possession, custody, or control:

**REQUEST NO. 1:**   All Documents that relate to Plaintiff or her husband, or any documents contained in their files.

**REQUEST NO. 2:**   All Documents that relate to Plaintiff's line of credit with Defendants or Defendants' flood insurance requirements for Plaintiff's property.

**REQUEST NO. 3:**   All communications with Plaintiff or her husband.

**REQUEST NO. 4:**   All internal communications or communications with any third party that relate to Plaintiff or her husband, Plaintiff's line of credit with Defendants, or Defendants' flood insurance requirements for Plaintiff's property.

-3-

**REQUEST NO. 5:**   All maps, correspondence, and other documents that relate to whether Plaintiff's dwelling falls within a Special Flood Hazard Area.

**REQUEST NO. 6:**   All Documents that support (or refute) Defendants' requirement that Plaintiff maintain flood insurance in excess of her principal balance, or Defendants' force-placement of flood insurance on Plaintiff's property in the amount of $175,000.

**REQUEST NO. 7:**   All Documents that relate to whether Defendants may require customers to maintain flood insurance in excess of their principal balance or available credit line, or force-place flood insurance in excess of their principal balance or available credit line.

**REQUEST NO. 8:**   All Documents that explain or otherwise identify Defendants' basis for requiring customers to maintain flood insurance in excess of their principal balance or available credit line, or force-placing flood insurance in excess of their principal balance or available credit line.

**REQUEST NO. 9:**   All Documents that relate to Defendants' understanding of federal flood insurance requirements.

**REQUEST NO. 10:**  All Documents that identify or describe any efforts undertaken by Defendants (or any other person or entity at the behest of Defendants) to determine or clarify federal flood insurance requirements, whether Defendants' flood insurance requirements exceed federal requirements, whether Defendants' flood insurance requirements comply with federal or state law, or whether Defendants may require customers to maintain flood insurance in excess of their principal balance or available credit line.

**REQUEST NO. 11:**  All communications to or from the Federal Emergency Management Agency, Office of the Comptroller of the Currency, or any other government agency or official that relate to federal flood insurance requirements, Defendants' flood insurance requirements, whether Defendants' flood insurance requirements exceed federal requirements, whether Defendants' flood insurance requirements comply with federal or state law, or whether Defendants may require customers to maintain flood insurance in excess of their principal balance or available credit line.

-4-

**REQUEST NO. 12:**  All internal communications and communications with third parties (not members of the Proposed Class) that relate to federal flood insurance requirements, whether Defendants' flood insurance requirements exceed federal requirements, whether Defendants' flood insurance requirements comply with federal or state law, or whether Defendants may require customers to maintain flood insurance in excess of their principal balance or available credit line.

**REQUEST NO. 13:**  All non-identical versions of the form documents identified in Interrogatory No. 9 or Your response to Interrogatory No. 9, including any drafts of such documents.

**REQUEST NO. 14:**  All non-form documents and communications, not identified in Interrogatory No. 9 or requested in Request No. 13, that were sent to Defendants' customers which relate to federal flood insurance requirements, Defendants' flood insurance requirements, whether Defendants' flood insurance requirements exceed federal requirements, whether Defendants' flood insurance requirements comply with federal or state law, or whether Defendants may require customers to maintain flood insurance in excess of their principal balance or available credit line.

**REQUEST NO. 15:**  All contracts, agreements, or letters or memoranda of understanding between CHF and JPM, including but not limited to any that relate, in whole or in part, to the servicing of mortgage loans or credit lines, criteria for the servicing of mortgage loans or credit lines, insurance requirements for homeowners, flood insurance, or any duties or compensation that relating to any of the foregoing.

**REQUEST NO. 16:**  All directions, instructions, guidance, and other communications from JPM to CHF that relate, in whole or in part, to the servicing of mortgage loans or credit lines, criteria for the servicing of mortgage loans or credit lines, insurance requirements for homeowners, flood insurance, or any duties or compensation that relate to any of the foregoing (excluding any directions, instructions, guidance, or communications unique to a particular customer's account).

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 17:** All reports and data compilations that relate to insurance requirements for homeowners or flood insurance.

**REQUEST NO. 18:** All flood insurance policies issued by American Security Insurance Company or any other insurance company at the direction of Defendants (or any of their affiliates) during the Proposed Class Period, which cover the property of a Proposed Class member.

**REQUEST NO. 19:** All contracts, agreements, or letters or memoranda of understanding between Defendants (or their affiliates) and American Security Insurance Company or any other insurance company that relate to the purchase, procurement, maintenance, issuance, or cost of flood insurance, or any kickbacks, rebates, or in-kind consideration provided to Defendants or their affiliates.

**REQUEST NO. 20:** All contracts, agreements, or letters or memoranda of understanding between Defendants and any affiliate of Defendants that has received commissions in connection with the purchase, procurement, maintenance, issuance, or extension of any flood insurance policy.

**REQUEST NO. 21:** All Documents that relate to the commissions earned by or available to any "licensed affiliate of Chase" in connection with the purchase, procurement, maintenance, issuance, or extension of any flood insurance policy.

**REQUEST NO. 22:** All company policies that relate to flood insurance or Defendants' flood insurance requirements.

**REQUEST NO. 23:** All Documents that relate to any changes to company policies concerning flood insurance.

**REQUEST NO. 24:** All Documents that relate to the reasons for any changes to company policies concerning flood insurance.

**REQUEST NO. 25:** All orientation and training materials, manuals, policies, handbooks, instructions, guidance, directions, procedures, and similar Documents provided to Defendants' employees, call center representatives, research specialists, or other persons that relate to flood insurance or flood insurance requirements.

-6-

**REQUEST NO. 26:**  All internal or external audits, assessments, studies, investigations, examinations, or similar Documents that relate to flood insurance or insurance requirements for homeowners.

**REQUEST NO. 27:**  All Documents that relate to whether Defendants' flood insurance requirements exceed federal requirements, or comply with federal or state law.

**REQUEST NO. 28:**  All Documents related to compliance (or lack of compliance) with any company policy or any state or federal law concerning insurance requirements for homeowners or flood insurance.

**REQUEST NO. 29:**  All communications to or from (or copied to) any compliance manager or person at the vice-president level or above that relate, in whole or in part, to flood insurance, flood insurance requirements, financial incentives or consequences relating to flood insurance requirements or the force-placement of flood insurance, whether Defendants' flood insurance requirements exceed federal requirements, whether Defendants' flood insurance requirements comply with federal or state law, or whether Defendants may require customers to maintain flood insurance in excess of their principal balance or available credit line.

**REQUEST NO. 30:**  All complaints relating to Defendants' flood insurance requirements or the force-placement of flood insurance, all responses to such complaints, and all summaries, records, reports, data compilations and other Documents relating to such complaints or responses.

**REQUEST NO. 31:**  All Documents that relate to any lawsuit, administrative proceeding, arbitration, or investigation in which Defendants or any of their affiliates were alleged to have (i) required or force-placed excessive, unnecessary, unconscionable, unfair, unauthorized, or unlawful insurance coverage or amounts of insurance coverage; or (ii) charged excessive, unconscionable, unfair, unauthorized, or unlawful premiums or other charges for insurance coverage.

**REQUEST NO. 32:**  A usable, electronic copy of Defendants' customer database or other electronic records showing:

> a.  The amount of flood insurance coverage that Defendants required for each Proposed Class member's property throughout the Proposed Class Period;

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

b.   The Proposed Class member's outstanding principal balance and available credit with Defendants throughout the Proposed Class Period;

c.   The amount of flood insurance coverage maintained by the Proposed Class member for the property throughout the Proposed Class Period;

d.   The amount of additional flood insurance coverage obtained by Defendants (or their affiliates) for the Proposed Class member's property throughout the Proposed Class Period;

e.   All flood insurance premiums charged by Defendants to the Proposed Class member during the Proposed Class Period;

f.   All flood insurance premiums paid by the Proposed Class member to Defendants (or refunded by Defendants to the Proposed Class member) during the Proposed Class Period;

g.   All flood insurance premiums paid by the Proposed Class member to any insurance company or other third party during the Proposed Class Period, in order to insure the property and satisfy Defendants' flood insurance requirements, in whole or in part (and any amounts later refunded to the Proposed Class member by the insurance company or other third party);

h.   Any interest or other fees, including late fees, charged by Defendants to the Proposed Class member during the Proposed Class Period, in connection with accrued or outstanding flood insurance premiums; and

i.   Any interest or other fees, including late fees, paid by the Proposed Class member to Defendants (or refunded by Defendants to the Proposed Class member) during the Proposed Class Period, in connection with accrued or outstanding flood insurance premiums.

**REQUEST NO. 33:** All organizational charts and other documents that identify or describe Defendants' hierarchical structure during the Proposed Class Period, including but not limited to divisions or departments, the job titles within the structure, and the persons holding board, officer and management positions within the structure.

**REQUEST NO. 34:** All organizational charts and other documents that identify or describe the hierarchical structure of Defendants' Flood Compliance Office, Escrow

-8-

Administration Department, Insurance Processing Center, Research Department, and Corporate Compliance office during the Proposed Class Period, including but not limited to the job titles within the structure, and the persons holding officer or management positions within the structure.

**REQUEST NO. 35:** All Documents and correspondence exchanged with any expert witness retained by Defendants in this action.

**REQUEST NO. 36:** All Documents (including drafts) prepared by any expert witness in connection with this action.

**REQUEST NO. 37:** All Documents relied upon or reviewed by any expert witnesses in connection with this action.

**REQUEST NO. 38:** All Statements of witnesses or potential witnesses or persons interviewed in connection with this action.

**REQUEST NO. 39:** All Documents identified in response to any interrogatory, or that Defendants have been requested to identify in discovery.

**REQUEST NO. 40:** All Documents that may be offered into evidence at or before trial, or that may be used to refresh the recollection of a witness at deposition or trial.

**REQUEST NO. 41:** All Documents that relate to any of the allegations, statements, claims, defenses, denials, or affirmative defenses in this action, which have not been produced by Defendants in response to any other discovery request.

Dated: June 22, 2010

NICHOLS KASTER, LLP

By:

Matthew C. Helland
Paul J. Lukas
Kai Richter

NICHOLS KASTER, PLLP

Attorneys for Plaintiff and the Proposed Class

-9-

# Exhibit 3

1   GEORGE G. WEICKHARDT (SBN 58586)
    ROPERS, MAJESKI, KOHN & BENTLEY PC
2   201 Spear Street, Suite 1000
    San Francisco California 94105
3   Telephone:    (415) 972-6370
    Facsimile:    (415) 972-6301
4   Email:        gweickhardt@rmkb.com

5   Of Counsel:
    LEANN PEDERSEN POPE
6    lpope@burkelaw.com
    STEPHEN R. MEINERTZHAGEN
7    smeinertzhagen@burkelaw.com
    ANDREW D. LeMAR
8    alemar@burkelaw.com
    BURKE, WARREN, MACKAY & SERRITELLA, P.C.
9   330 North Wabash Avenue, 22nd Floor
    Chicago, Illinois 60611
10  Telephone:    (312) 840-7000
    Facsimile:    (312) 840-7900

11
    Attorneys for Defendants
12  CHASE HOME FINANCE, LLC and JPMORGAN
    CHASE BANK, N.A.

13
                 UNITED STATES DISTRICT COURT
14
                NORTHERN DISTRICT OF CALIFORNIA
15

16  Sheila I. Hofstetter, individually, as a
    representative of the class, and on behalf
17  of the general public,                       Case No. CV-10-1313 WHA

18                  Plaintiff,
                                                 **CHASE HOME FINANCE LLC AND**
19  vs.                                          **JPMORGAN CHASE BANK, N.A.'S**
                                                 **OBJECTIONS AND ANSWERS TO FIRST**
20  Chase Home Finance, LLC, JPMorgan            **SET OF INTERROGATORIES**
    Chase Bank, NA, and DOES 1 through
21  50, inclusive,

22                  Defendants.

23

24

25  PROPOUNDING PARTY:      Plaintiff Sheila I. Hofstetter

26  RESPONDING PARTY:       Defendants Chase Home Finance LLC and JPMorgan Chase
                            Bank, N.A.
27
    SET NO.:                One
28

1    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Chase Home

2  Finance LLC ("CHF") and JPMorgan Chase Bank, N.A. ("JPMCB"), by and through their

3  attorneys, hereby object and answer to Plaintiff's First Set of Interrogatories as follows:

4                              **GENERAL OBJECTIONS**

5

6    The following general objections apply to all Interrogatories, definitions, and instructions,

7  regardless of whether specific objections are also made. By providing information or documents

8  in response to an Interrogatory, CHF and JPMCB not waive any objection they may have to the

9  Interrogatory.

10    1.    CHF and JPMCB object to each Interrogatory to the extent it imposes

11 requirements beyond or inconsistent with the requirements of the Federal Rules of Civil

12 Procedure, or any other applicable statute, rule, or court order.

13    2.    CHF and JPMCB object to each Interrogatory to the extent it seeks documents

14 protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

15 any other applicable privilege or protection. CHF and JPMCB's response to each and every

16 Interrogatory should be construed as limited by each such privilege unless specifically stated

17 otherwise.

18    CHF and JPMCB incorporate these general objections into each of the specific responses

19 below.

20             **ANSWERS AND OBJECTIONS TO INTERROGATORIES**

21

22    **Interrogatory No. 1.** Identify all persons in the Proposed Class.

23    **ANSWER:**   CHF and JPMCB object to this Interrogatory as overly broad, unduly

24 burdensome, and irrelevant to the claims and defenses of any party. Plaintiff's "Proposed Class"

25 is defined as "All persons who have or had loans or lines of credit with Defendants that was

26 secured by their residential property and were required by Defendants to purchase or maintain

27 flood insurance on their property in the State of California within four years prior to this action's

28 filing date through the final disposition of this action (the 'Class Period')." (Plaintiff's First

1    Amended Class Action Complaint para. 25.)  Plaintiff's "Proposed Class" definition is overly

2    broad and includes customers of CHF and JPMCB who cannot assert claims like Plaintiff's.

3    Consequently, identifying the members of this "Proposed Class" will not yield information

4    relevant to the claims and defenses of any party, or whether the requirements of Rule 23 are met,

5    for several reasons.  First, it includes every CHF or JPMCB customer who lives in a flood zone in

6    California.   There is nothing illegal about requiring flood insurance, and, in fact, federal law

7    *requires* lenders to maintain flood insurance on properties located in flood zones.  *See* 42 U.S.C.

8    § 4012a.  Therefore, Plaintiff's "Proposed Class" contains persons who, on their face, cannot have

9    a claim against CHF or JPMCB, and it would be unduly burdensome to require CHF and JPMCB

10   to expend time and expense searching for and producing information regarding those persons.

11   Second, Plaintiff's "Proposed Class" bears no relationship to Plaintiff's claims.  Plaintiff's claims

12   center on her allegation that after her line of credit was suspended CHF required her to maintain

13   flood insurance in an amount greater than her outstanding balance, which at the time of

14   suspension was zero.  Plaintiff's claims do not attack, and cannot attack, the legality of requiring

15   flood insurance in any other circumstance, or for any loans other than home equity lines of credit.

16   In fact, in Plaintiff's Opposition to CHF and JPMCB's Motion to Dismiss, Plaintiff admits that

17   CHF and JPMCB may, under federal law, require borrowers in flood zones to maintain flood

18   insurance. (Plaintiff's Opposition to Motion to Dismiss at 1 (Dkt. No. 38).)   Therefore, this

19   Interrogatory improperly seeks information relating to persons who are not "similarly situated"

20   with the named Plaintiff.  Third, no class has been certified in this case.  Therefore, the identities

21   of putative class members are irrelevant at this stage of the litigation, and an inappropriate subject

22   of discovery.  At this time, only Plaintiff's claims and whether the requirements of Rule 23 are

23   satisfied are at issue.  See, e.g., *Jordan v. Paul Financial, LLC*, Case No. 3:07-cv-04496-SI,

24   Docket No. 58 (N.D. Cal. June 2, 2008) (Illston) (denying plaintiff's motion to compel discovery

25   regarding absent class members and holding that that "[c]lass certification raises structural

26   questions about the nature of plaintiff's claim and the number of potential parties affected;

27   information about individual class members will not help in this regard."); *Palmer v. Stassinos*,

28   Case No. 5:04CV3026, 2005 WL 3868003, at *4 (N.D. Cal. May 18, 2005) ("it does not appear

Case No. CV-10-1313 WHA                                    2                    DEFENDANTS' OBJECTIONS AND ANSWERS TO
                                                                                FIRST SET OF INTERROGATORIES

1   that the identities of putative class members are required to enable plaintiffs to file a motion for

2   class certification."); *Mandrigues v. World Savings, Inc.*, Case No. C 07-4497 JF (RS), Docket

3   No. 71 (N.D. Cal. June 20, 2008) (Seeborg) (collecting cases and holding, "releasing the names,

4   addresses, and telephone numbers of the putative class members will not help plaintiffs meet their

5   burden of demonstrating that class certification is proper.")

6          In addition, CHF and JPMCB further object to this Interrogatory to the extent it seeks

7   private or confidential information protected by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801

8   *et seq.*, and other applicable privacy laws, concerning customers of CHF and JPMCB who have

9   not consented to providing confidential information regarding their accounts to Plaintiff or her

10  counsel.

11

12  **Interrogatory No. 2.** Identify all persons in the Proposed Class who were
    required by Defendants to procure flood insurance in excess of their outstanding
13  principal balance (or for whom Defendants force-placed flood insurance in excess
    of their outstanding principal balance) at any time during the Proposed Class
14  Period.

15  **ANSWER:**   CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

16  First Set of Interrogatories which includes persons or entities other than CHF and JPMCB.   In

17  responding to this Interrogatory, CHF and JPMCB respond solely on behalf of themselves.

18         CHF and JPMCB also object to this Interrogatory as overly broad, unduly burdensome,

19  and irrelevant to the claims and defenses of any party.  Plaintiff's "Proposed Class" is defined as

20  "All persons who have or had loans or lines of credit with Defendants that was secured by their

21  residential property and were required by Defendants to purchase or maintain flood insurance on

22  their property in the State of California within four years prior to this action's filing date through

23  the final disposition of this action (the 'Class Period')."  (Plaintiff's First Amended Class Action

24  Complaint para. 25.)   Plaintiff's "Proposed Class" definition is overly broad and includes

25  customers of CHF and JPMCB who cannot assert claims like Plaintiff's. In this Interrogatory,

26  Plaintiff seeks the identity of those members of the "Proposed Class" who were required to

27  maintain flood insurance in an amount greater than the principal balance of their loans, but this

28  will not yield information relevant to the claims and defenses of any party, or whether the

Case No. CV-10-1313 WHA                             3                    DEFENDANTS' OBJECTIONS AND ANSWERS TO
                                                                        FIRST SET OF INTERROGATORIES

09135\00590\713214v6-LEMA0A

1    requirements of Rule 23 are met, for several reasons.  First, it includes every CHF or JPMCB

2    customer who lives in a flood zone in California and who was required to maintain flood

3    insurance in an amount in excess of their outstanding principal balance – regardless of loan type

4    or whether their credit privileges had been suspended.  There is nothing illegal about requiring

5    flood insurance, and, in fact, federal law *requires* lenders to maintain flood insurance on

6    properties located in flood zones.  *See* 42 U.S.C. § 4012a.  Therefore, these members of the

7    "Proposed Class" include persons who, on their face, cannot have a claim against CHF or

8    JPMCB, and it would be unduly burdensome to require CHF and JPMCB to expend time and

9    expense searching for and producing information regarding those persons.   Second, these

10   members of Plaintiff's "Proposed Class" bear no relationship to Plaintiff's claims.  Plaintiff's

11   claims center on her allegation that after her line of credit was suspended CHF required her to

12   maintain flood insurance in an amount greater than her outstanding balance, which at the time of

13   suspension was zero.  Plaintiff's claims do not attack, and cannot attack, the legality of requiring

14   flood insurance in any other circumstance, or for any loans other than home equity lines of credit.

15   In fact, in Plaintiff's Opposition to CHF and JPMCB's Motion to Dismiss, Plaintiff admits that

16   CHF and JPMCB may, under federal law, require borrowers in flood zones to maintain flood

17   insurance. (Plaintiff's Opposition to Motion to Dismiss at 1 (Dkt. No. 38).)   Therefore, this

18   Interrogatory improperly seeks information relating to persons who are not "similarly situated"

19   with the named Plaintiff.  Third, no class has been certified in this case.  Therefore, the identities

20   of putative class members are irrelevant at this stage of the litigation, and an inappropriate subject

21   of discovery.  At this time, only Plaintiff's claims and whether the requirements of Rule 23 are

22   satisfied are at issue.  See, e.g., *Jordan v. Paul Financial, LLC*, Case No. 3:07-cv-04496-SI,

23   Docket No. 58 (N.D. Cal. June 2, 2008) (Illston) (denying plaintiff's motion to compel discovery

24   regarding absent class members and holding that that "[c]lass certification raises structural

25   questions about the nature of plaintiff's claim and the number of potential parties affected;

26   information about individual class members will not help in this regard."); *Palmer v. Stassinos*,

27   Case No. 5:04CV3026, 2005 WL 3868003, at*4 (N.D. Cal. May 18, 2005) ("it does not appear

28   that the identities of putative class members are required to enable plaintiffs to file a motion for

09135\00590\713214v6-LEMA0A

1    class certification."); *Mandrigues v. World Savings, Inc.*, Case No. C 07-4497 JF (RS), Docket

2    No. 71 (N.D. Cal. June 20, 2008) (Seeborg) (collecting cases and holding, "releasing the names,

3    addresses, and telephone numbers of the putative class members will not help plaintiffs meet their

4    burden of demonstrating that class certification is proper.")

5         In addition, CHF and JPMCB further object to this Interrogatory to the extent it seeks

6    private or confidential information protected by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801

7    *et seq.*, and other applicable privacy laws, concerning customers of CHF and JPMCB who have

8    not consented to providing confidential information regarding their accounts to Plaintiff or her

9    counsel.

10        CHF and JPMCB also object to this Interrogatory as compound.

12    **Interrogatory No. 3.** For each member of the Proposed Class, provide the following information (identifying specific dollar amounts and applicable dates):

        a.    The amount of flood insurance coverage that Defendants required for the Proposed Class member's property throughout the Proposed Class Period;

        b.    The Proposed Class member's outstanding principal balance and available credit with Defendants throughout the Proposed Class Period;

        c.    The amount of flood insurance coverage maintained by the Proposed Class member for the property throughout the Proposed Class Period;

        d.    The amount of additional flood insurance coverage obtained by Defendants (or their affiliates) for the Proposed Class member's property throughout the Proposed Class Period;

        e.    All flood insurance premiums charged by Defendants to the Proposed Class member during the Proposed Class Period;

        f.    All flood insurance premiums paid by the Proposed Class member to Defendants during the Proposed Class Period (if any amounts paid were later refunded, so indicate);

        g.    All flood insurance premiums paid by the Proposed Class member to any insurance company or other third party during the Proposed Class Period, in order to insure the property and satisfy Defendants' flood insurance requirements, in whole or in part (if any amounts paid were later refunded, so indicate);

        h.    Any interest or other fees, including late fees, charged by Defendants to the Proposed Class member during the Proposed Class Period, in connection with accrued or outstanding flood insurance premiums;

        i.    Any interest or other fees, including late fees, paid by the Proposed Class member to Defendants during the Proposed Class Period, in connection with accrued or outstanding flood

insurance premiums (if any amounts paid were later refunded, so indicate).

**ANSWER:**   CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Interrogatories which includes persons or entities other than CHF and JPMCB.  In responding to this Interrogatory, CHF and JPMCB respond solely on behalf of themselves.

CHF and JPMCB object to this Interrogatory as overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party.  Plaintiff's "Proposed Class" is defined as "All persons who have or had loans or lines of credit with Defendants that was secured by their residential property and were required by Defendants to purchase or maintain flood insurance on their property in the State of California within four years prior to this action's filing date through the final disposition of this action (the 'Class Period')."  (Plaintiff's First Amended Class Action Complaint para. 25.)   Plaintiff's "Proposed Class" definition is overly broad and includes customers of CHF and JPMCB who cannot assert claims like Plaintiff's.  Consequently, identifying the members of this "Proposed Class" will not yield information relevant to the claims and defenses of any party, or whether the requirements of Rule 23 are met, for several reasons.  First, it includes every CHF or JPMCB customer who lives in a flood zone in California.  There is nothing illegal about requiring flood insurance, and, in fact, federal law *requires* lenders to maintain flood insurance on properties located in flood zones.  *See* 42 U.S.C. § 4012a.  Therefore, Plaintiff's "Proposed Class" contains persons who, on their face, cannot have a claim against CHF or JPMCB, and it would be unduly burdensome to require CHF and JPMCB to expend time and expense searching for and producing information regarding those persons.  Second, Plaintiff's "Proposed Class" bears no relationship to Plaintiff's claims.  Plaintiff's claims center on her allegation that after her line of credit was suspended CHF required her to maintain flood insurance in an amount greater than her outstanding balance, which at the time of suspension was zero.  Plaintiff's claims do not attack, and cannot attack, the legality of requiring flood insurance in any other circumstance, or for any loans other than home equity lines of credit.  In fact, in Plaintiff's Opposition to CHF and JPMCB's Motion to Dismiss, Plaintiff admits that CHF and JPMCB may, under federal law, require borrowers in flood zones to maintain flood insurance.

1   (Plaintiff's Opposition to Motion to Dismiss at 1 (Dkt. No. 38).)  Therefore, this Interrogatory

2   improperly seeks information relating to persons who are not "similarly situated" with the named

3   Plaintiff.  Third, no class has been certified in this case.  Therefore, the identities of putative class

4   members is irrelevant at this stage of the litigation, and an inappropriate subject of discovery.  At

5   this time, only Plaintiff's claims and whether the requirements of Rule 23 are satisfied are at issue.

6   See, e.g., *Jordan v. Paul Financial, LLC*, Case No. 3:07-cv-04496-SI, Docket No. 58 (N.D. Cal.

7   June 2, 2008) (Illston) (denying plaintiff's motion to compel discovery regarding absent class

8   members and holding that that "[c]lass certification raises structural questions about the nature of

9   plaintiff's claim and the number of potential parties affected; information about individual class

10  members will not help in this regard."); *Palmer v. Stassinos*, Case No. 5:04CV3026, 2005 WL

11  3868003, at*4 (N.D. Cal. May 18, 2005) ("it does not appear that the identities of putative class

12  members are required to enable plaintiffs to file a motion for class certification."); *Mandrigues v.*

13  *World Savings, Inc.*, Case No. C 07-4497 JF (RS), Docket No. 71 (N.D. Cal. June 20, 2008)

14  (Seeborg) (collecting cases and holding, "releasing the names, addresses, and telephone numbers

15  of the putative class members will not help plaintiffs meet their burden of demonstrating that

16  class certification is proper.")     Fourth, this discovery is patently overbroad and unduly

17  burdensome.  Before class certification is decided, discovery should be limited to information

18  concerning Plaintiff's individual claims, and whether her claims are susceptible to class-wide

19  proof under Rule 23.   Through this Interrogatory, Plaintiff seeks to turn the Rule 23 class

20  mechanism on its head and seek information that could only relate to the merits of absent putative

21  class member's potential claims.  This information is irrelevant to both Plaintiff's claims and

22  whether class treatment would be proper, and it is also extremely burdensome – requiring the

23  retrieval and review of business records for every single potential class member.  See, e.g.,

24  *Garcia v. Veneman*, 224 F.R.D. 8, 16 (D.D.C. 2004) ("The examination of individual loan files

25  requested is labor intensive, time consuming, and is no different, or little different, from the kind

26  of discovery that would be necessary to deal with these cases individually"); *Eversole v. EMC*

27  *Mortgage Corp.*, No. 05-124-KSF, 2007 WL 1558512, at 15 (E.D.Ky. May 29, 2007) (denying

28

1   motion to compel discovery that "basically demanded that [defendant] search all of its files for

2   persons who might meet the proposed class definition" as irrelevant).

3       In addition, CHF and JPMCB further object to this Interrogatory to the extent it seeks

4   private or confidential information protected by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801

5   *et seq.*, and other applicable privacy laws, concerning customers of CHF and JPMCB who have

6   not consented to providing confidential information regarding their accounts to Plaintiff or her

7   counsel.

8       CHF and JPMCB also object to this Interrogatory as compound.

9

10   **Interrogatory No. 4.** Identify all persons who have or may have information or
knowledge relating to any of the allegations, Statements, claims, defenses, denials,
11   or affirmative defenses in this action, and summarize the substance of the
information and knowledge possessed by each such person.

12
**ANSWER:**   CHF and JPMCB object to this Interrogatory as overbroad, compound,
13
unlimited in scope and an attempt to circumvent the limits placed upon the number of
14
interrogatories that can be propounded under Rule 34.  Chase will respond to an interrogatory
15
seeking the identity of "persons who have or may have information or knowledge relating to" any
16
particular "allegation[], Statement[], claim[], defense[], denial[], or affirmative defense[]" in this
17
action" if specifically identified and requested.
18
    CHF and JPMCB further object to this Interrogatory because the term "denials" is vague
19
and ambiguous, and as premature because CHF and JPMCB have not yet answered or filed
20
affirmative defenses. Rather, CHF and JPMCB have filed a motion to dismiss Plaintiff's First
21
Amended Class Action Complaint, which is currently pending.
22
    Subject to and without waiving the forgoing objections, at this time CHF and JPMCB
23
believe the following persons may have information or knowledge relating to Plaintiff's
24
allegations and claims:
25
        a.    Sheila Hofstetter, the Plaintiff in this action, may have knowledge
26
regarding the facts alleged in her Complaint.
27

28

1          b.      David Hofstetter, Plaintiff's husband, may have knowledge regarding the

2   facts alleged in the Complaint.

3          c.      Individuals in Plaintiff's family, not yet identified, may have knowledge

4   regarding the facts alleged in Plaintiff's Complaint.

5          d.      Individuals, not yet identified, employed by CHF who may have

6   knowledge regarding CHF and/or JPMCB's business records relating to the force-placement of

7   flood insurance on Plaintiff's account, who can be contacted through counsel of record.

8          Investigation continues, and CHF and JPMCB will supplement their answer to this

9   Interrogatory as they become aware of other persons who have knowledge of the facts relevant to

10  Plaintiff's claims or CHF and/or JPMCB's defenses.

11

12  **Interrogatory No. 5.** Identify each person whom you expect to call as an expert
    witness at trial. For each person so identified, provide all information required by

13  Fed. R. Civ. P. 26(a)(2) or otherwise required by the Court.

14  **ANSWER:**     CHF and JPMCB object to the definition of "You" in Plaintiff's First Set

15  of Interrogatories which includes persons or entities other than CHF and JPMCB.  In responding

16  to this Interrogatory, CHF and JPMCB respond solely on behalf of themselves.

17         CHF and JPMCB also object to this Interrogatory because it is premature.  Pursuant to the

18  Court's case management scheduling order, the deadline for the parties to disclose expert

19  witnesses is June 30, 2011. (Dkt. No. 40 at 1-2.)  CHF and JPMCB have not retained any expert

20  witnesses at this point in time.  If CHF or JPMCB retains an expert witness in the future, they will

21  supplement their answer to this Interrogatory and/or disclose their expert witness in accordance

22  with the Federal Rules of Civil Procedure and any relevant orders of the Court.

23

24  **Interrogatory No. 6.** Identify all persons who have had any communications,
    whether written or oral, with Plaintiff or any other person (including any internal

25  communications) relating to Plaintiff's line of credit with Defendants or
    Defendants' flood insurance requirements for Plaintiff's property, and for each

26  such person, produce a copy of the communication (if written) or Describe the
    communication.

27

28

1    **ANSWER:**   CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

2    First Set of Interrogatories which includes persons or entities other than CHF and JPMCB.  In

3    responding to this Interrogatory, CHF and JPMCB respond solely on behalf of themselves.

4    CHF and JPMCB also object to this Interrogatory because the terms "all persons" and

5    "any other person" are overly broad to the extent Plaintiff seeks information from CHF and

6    JPMCB concerning communications to which they were not parties.

7    CHF and JPMCB further object to this Interrogatory because the phrase "internal

8    communications" is vague and ambiguous.

9    Subject to and without waiving the forgoing objections, CHF and JPMCB have produced

10   the following documents:  an August 2008 letter from JPMCB to Plaintiff and her husband

11   (CHASE 255-256), an August 11, 2009 letter from CHF to David Hofstetter (CHASE 257-258), a

12   September 1, 2009 letter from CHF to David Hofstetter (CHASE 260-261), an October 6, 2009

13   letter from CHF to David Hofstetter (CHASE 263-264), a December 13, 2009 letter from CHF to

14   David Hofstetter (CHASE 254), a February 1, 2010 letter from CHF to David Hofstetter (CHASE

15   249-250), a February 22, 2010 letter from CHF to Plaintiff and her husband (CHASE 247-248),

16   and servicing records and loan history for Plaintiff's line of credit (CHASE 227-234).  Plaintiff

17   may identify the parties to the communications reflected in these documents by examining the

18   documents, as provided by Rule 33(d).

19

20   **Interrogatory No. 7.** Identify the "licensed affiliate of Chase" that received a
     commission in connection with the force-placement of flood insurance on
21   Plaintiff's property (as referenced in CHF's letter to Plaintiff dated October 6,
     2009), and the amount of such commission.
22
     **ANSWER:**   CHF and JPMCB object to this Interrogatory as irrelevant to the claims and
23
     defenses of any party because Plaintiff does not assert any claims regarding the commission
24
     received by the "licensed affiliate of Chase" or the amount of commission received by that
25
     affiliate.
26
     Subject to and without waiving the forgoing objections, JPMorgan Insurance Agency, Inc.
27
     is the "licensed affiliate" referenced in CHF's October 6, 2009 letter to Plaintiff.
28

**Interrogatory No. 8.** State whether Defendants or any other affiliate of Defendants has received any commission or other monetary or in-kind consideration in connection with the force-placement of flood insurance on property owned by any member of the Proposed Class during the Proposed Class Period, and if so, identify the type and amount of consideration received.

**ANSWER:**   CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Interrogatories which includes persons or entities other than CHF and JPMCB.  In responding to this Interrogatory, CHF and JPMCB respond solely on behalf of themselves.

CHF and JPMCB further object to this Interrogatory as irrelevant to the claims and defenses of any party to the extent it seeks information regarding "any other affiliate" because CHF and JPMCB are the only defendants in this lawsuit, and Plaintiff is not alleging any wrongdoing relating to any commissions received by third parties relating to the force-placement of flood insurance.

CHF and JPMCB also object to this Interrogatory because the phrases "any other affiliate" and "in-kind consideration" are vague and ambiguous.

CHF and JPMCB further object to this Interrogatory as overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party.  First, Plaintiff's "Proposed Class" is defined as "All persons who have or had loans or lines of credit with Defendants that was secured by their residential property and were required by Defendants to purchase or maintain flood insurance on their property in the State of California within four years prior to this action's filing date through the final disposition of this action (the 'Class Period')."  (Plaintiff's First Amended Class Action Complaint para. 25.)  To the extent Plaintiff is seeking to assert claims against CHF and JPMCB relating to commissions paid to their affiliate, such claims are unrelated to any claims that could be pursued by members of Plaintiff's overly broad "Proposed Class."  Plaintiff alleges she paid a commission to an affiliate of CHF and JPMCB, but she asserts no claims based upon the payment of this commission.  The "Proposed Class," on the other hand, is not limited to borrowers who allegedly paid a commission to an affiliate of CHF and JPMCB.  Rather, it includes borrowers who obtained flood insurance from a carrier of their own choosing, as they are required to do under their mortgage agreement.  Consequently, whether "any commission or other

1   monetary or in-kind consideration in connection with the force-placement of flood insurance" was

2   received, and "the type and amount of consideration received," are not relevant to any claims

3   asserted in this lawsuit by Plaintiff individually or as a purported class representative. Moreover,

4   any claim concerning the "amount" of force-placed flood insurance premium paid, even if

5   alleged, would be precluded by the filed rate doctrine.    Second, this Interrogatory also seeks

6   irrelevant information and is overbroad because Plaintiff's claims center on her allegation that

7   after her line of credit was suspended CHF required her to maintain flood insurance in an amount

8   greater than her credit line balance. This Interrogatory, however, does not seek information

9   limited to borrowers who were required to obtain flood insurance after their credit privileges were

10   suspended in excess of their principal balances. Therefore, this Interrogatory improperly seeks

11   information relating to persons who are not "similarly situated" with the named Plaintiff. Third,

12   no class has been certified in this case. Therefore, loan level information relating to absent

13   members of the putative class is irrelevant at this stage of the litigation, and an inappropriate

14   subject of discovery. At this time, only Plaintiff's claims and whether the requirements of Rule

15   23 are satisfied are at issue. See, e.g., *Jordan v. Paul Financial, LLC*, Case No. 3:07-cv-04496-

16   SI, Docket No. 58 (N.D. Cal. June 2, 2008) (Illston) (denying plaintiff's motion to compel

17   discovery regarding absent class members and holding that that "[c]lass certification raises

18   structural questions about the nature of plaintiff's claim and the number of potential parties

19   affected; information about individual class members will not help in this regard."); *Garcia v.*

20   *Veneman*, 224 F.R.D. 8, 16 (D.D.C. 2004) ("The examination of individual loan files requested is

21   labor intensive, time consuming, and is no different, or little different, from the kind of discovery

22   that would be necessary to deal with these cases individually"); *Eversole v. EMC Mortgage*

23   *Corp.*, No. 05-124-KSF, 2007 WL 1558512, at 15 (E.D.Ky. May 29, 2007) (denying motion to

24   compel discovery that "basically demanded that [defendant] search all of its files for persons who

25   might meet the proposed class definition" as irrelevant).   Therefore, it would be unduly

26   burdensome to require CHF and JPMCB to expend time and expense searching for and producing

27   the requested information.

28

1    In addition, CHF and JPMCB further object to this Interrogatory to the extent it seeks

2    private or confidential information protected by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801

3    *et seq.*, and other applicable privacy laws, concerning customers of CHF and JPMCB who have

4    not consented to providing confidential information regarding their accounts to Plaintiff or her

5    counsel.

6

7    **Interrogatory No. 9.** Identify (by bates number) all versions of Defendants' Home
     Equity Line of Credit Agreement and Disclosure Statement, Deed of Trust, Flood
8    Insurance Notice, Agreement to Provide Insurance, Notice of Special Flood
     Hazard, Notice of Placement of Flood Insurance, or any other form document
9    issued by or on behalf of Defendants during the Proposed Class Period that
     contains any disclosures, terms, information, or demands relating to flood
10   insurance or insurance requirements.

11   **ANSWER:**   CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

12   First Set of Interrogatories which includes persons or entities other than CHF and JPMCB.  In

13   responding to this Interrogatory, CHF and JPMCB respond solely on behalf of themselves.

14       CHF and JPMCB further object to this Interrogatory because the terms "Flood Insurance

15   Notice" and "Agreement to Provide Insurance" and the phrase "any other form document issued

16   by or on behalf of Defendants during the Proposed Class Period that contains any disclosures,

17   terms, information, or demands relating to flood insurance or insurance requirements" are vague

18   and ambiguous.  CHF and JPMCB further object to this Interrogatory as overly broad, unduly

19   burdensome, and irrelevant to the claims and defenses of any party because Plaintiff does not

20   bring any claims relating to the form of her loan documents and because the Interrogatory is not

21   limited to Plaintiff's claims, or even limited to documents used in California (even though

22   Plaintiff's "Proposed Class" is limited to California residential borrowers).

23       CHF and JPMCB further object to this Interrogatory as unmanageably overly broad and

24   unduly burdensome because responding to it would require a review of the loan documents for all

25   members of the overly broad "Proposed Class."

26       CHF and JPMCB also object to this Interrogatory as compound.

27       Subject to and without waiving the forgoing objections, CHF and JPMCB have produced

28   the following responsive documents:  Plaintiff's loan file (CHASE 1-225), an August 2008 letter

Case No. CV-10-1313 WHA                     13              **DEFENDANTS' OBJECTIONS AND ANSWERS TO
                                                           FIRST SET OF INTERROGATORIES**

from JPMCB to Plaintiff and her husband (CHASE 255-256), an August 11, 2009 letter from CHF to David Hofstetter (CHASE 257-258), a September 1, 2009 letter from CHF to David Hofstetter (CHASE 260-261), an October 6, 2009 letter from CHF to David Hofstetter (CHASE 263-264), a December 13, 2009 letter from CHF to David Hofstetter (CHASE 254), a February 1, 2010 letter from CHF to David Hofstetter (CHASE 249-250), a February 22, 2010 letter from CHF to Plaintiff and her husband (CHASE 247-248).

**Interrogatory No. 10.**     Identify each member of the Proposed Class who received each version of the form documents identified by You in response to Interrogatory No. 11.

**ANSWER:**   CHF and JPMCB object to the definition of "You" in Plaintiff's First Set of Interrogatories which includes persons or entities other than CHF and JPMCB. In responding to this Interrogatory, CHF and JPMCB respond solely on behalf of themselves.

CHF and JPMCB object to this Interrogatory as overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party. Plaintiff's "Proposed Class" is defined as "All persons who have or had loans or lines of credit with Defendants that was secured by their residential property and were required by Defendants to purchase or maintain flood insurance on their property in the State of California within four years prior to this action's filing date through the final disposition of this action (the 'Class Period')." (Plaintiff's First Amended Class Action Complaint para. 25.)   Plaintiff's "Proposed Class" definition is overly broad and includes customers of CHF and JPMCB who cannot assert claims like Plaintiff's. Consequently, identifying the members of this "Proposed Class" who received particular documents will not yield information relevant to the claims and defenses of any party, or whether the requirements of Rule 23 are met, for several reasons. First, it includes every CHF or JPMCB customer who lives in a flood zone in California. There is nothing illegal about requiring flood insurance, and, in fact, federal law *requires* lenders to maintain flood insurance on properties located in flood zones. *See* 42 U.S.C. § 4012a. Therefore, Plaintiff's "Proposed Class" contains persons who, on their face, cannot have a claim against CHF or JPMCB, and it would be unduly burdensome to require CHF and JPMCB to expend time and expense searching for and producing information

regarding those persons. Second, Plaintiff's "Proposed Class" bears no relationship to Plaintiff's claims. Plaintiff's claims center on her allegation that after her line of credit was suspended CHF required her to maintain flood insurance in an amount greater than her outstanding balance, which at the time of suspension was zero. Plaintiff's claims do not attack, and cannot attack, the legality of requiring flood insurance in any other circumstance, or for any loans other than home equity lines of credit. In fact, in Plaintiff's Opposition to CHF and JPMCB's Motion to Dismiss, Plaintiff admits that CHF and JPMCB may, under federal law, require borrowers in flood zones to maintain flood insurance. (Plaintiff's Opposition to Motion to Dismiss at 1 (Dkt. No. 38).) Therefore, this Interrogatory improperly seeks information relating to persons who are not "similarly situated" with the named Plaintiff. Third, no class has been certified in this case. Therefore, the identities of putative class members who received particular documents is irrelevant at this stage of the litigation, and an inappropriate subject of discovery. At this time, only Plaintiff's claims and whether the requirements of Rule 23 are satisfied are at issue. See, e.g., *Jordan v. Paul Financial, LLC*, Case No. 3:07-cv-04496-SI, Docket No. 58 (N.D. Cal. June 2, 2008) (Illston) (denying plaintiff's motion to compel discovery regarding absent class members and holding that that "[c]lass certification raises structural questions about the nature of plaintiff's claim and the number of potential parties affected; information about individual class members will not help in this regard."); *Palmer v. Stassinos*, Case No. 5:04CV3026, 2005 WL 3868003, at*4 (N.D. Cal. May 18, 2005) ("it does not appear that the identities of putative class members are required to enable plaintiffs to file a motion for class certification."); *Mandrigues v. World Savings, Inc.*, Case No. C 07-4497 JF (RS), Docket No. 71 (N.D. Cal. June 20, 2008) (Seeborg) (collecting cases and holding, "releasing the names, addresses, and telephone numbers of the putative class members will not help plaintiffs meet their burden of demonstrating that class certification is proper.")   Fourth, this discovery is patently overbroad and unduly burdensome. Before class certification is decided, discovery should be limited to information concerning Plaintiff's individual claims, and whether her claims are susceptible to class-wide proof under Rule 23. Through this Interrogatory, Plaintiff seeks to turn the Rule 23 class mechanism on its head and seek information that could only relate to the merits of absent putative class member's

15

DEFENDANTS' OBJECTIONS AND ANSWERS TO
FIRST SET OF INTERROGATORIES

1   potential claims.   This information is irrelevant to both Plaintiff's claims and whether class

2   treatment would be proper, and it is also extremely burdensome – requiring the retrieval and

3   review of business records for every single potential class member.  See, e.g., *Garcia v. Veneman*,

4   224 F.R.D. 8, 16 (D.D.C. 2004) ("The examination of individual loan files requested is labor

5   intensive, time consuming, and is no different, or little different, from the kind of discovery that

6   would be necessary to deal with these cases individually"); *Eversole v. EMC Mortgage Corp.*,

7   No. 05-124-KSF, 2007 WL 1558512, at 15 (E.D.Ky. May 29, 2007) (denying motion to compel

8   discovery that "basically demanded that [defendant] search all of its files for persons who might

9   meet the proposed class definition" as irrelevant).

10         CHF and JPMCB further object to this Interrogatory as vague, ambiguous, and

11   unintelligible because Interrogatory No. 11 does not refer to any documents.  CHF and JPMCB

12   further object to this Interrogatory because the term "form documents" is vague and ambiguous.

13

14   **Interrogatory No. 11.**         Identify each person who assisted in answering or
     producing documents in response to any discovery request in this matter, and for
15   each such person, identify (by number) the specific discovery requests such person
     assisted in answering or responding and the bates numbers of all documents
16   furnished by such person.

17   **ANSWER:**    CHF and JPMCB object to this Interrogatory as overly broad and

18   irrelevant to the claims or defenses of any party or whether the requirements of Rule 23 are

19   satisfied.  CHF and JPMCB also object to this Interrogatory because the phrase "assisted in

20   answering" is vague and ambiguous.  CHF and JPMCB further object to this Interrogatory to the

21   extent it seeks to impose requirements on CHF and JPMCB beyond those in the Federal Rules of

22   Civil Procedure.  CHF and JPMCB further object to this Interrogatory to the extent it seeks

23   information protected by the attorney-client privilege and/or the work-product doctrine.

24         Subject to and without waiving the forgoing objections, the answers to these

25   Interrogatories were prepared by and at the direction of counsel, and have been signed by a

26   representative of CHF and JPMCB, as required by Rule 33(b)(5).

27

28

**Interrogatory No. 12.**      Identify the caption (parties, forum, and file number) of any lawsuit, administrative proceeding, arbitration, or investigation in which Defendants or any of their affiliates were alleged to have (i) required or force-placed excessive, unnecessary, unconscionable, unfair, unauthorized, or unlawful insurance coverage or amounts of insurance coverage; or (ii) charged excessive, unconscionable, unfair, unauthorized, or unlawful premiums or other charges for insurance coverage.

**ANSWER:**   CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Interrogatories which includes persons or entities other than CHF and JPMCB. In responding to this Interrogatory, CHF and JPMCB respond solely on behalf of themselves.

CHF and JPMCB further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party because this Interrogatory seeks information relating to persons other than Plaintiff and, therefore, does not bear on Plaintiff's claims at the present time and because documents relating to other lawsuit, administrative proceeding, arbitration, and/or investigation are not relevant to the claims Plaintiff asserts in this case. CHF and JPMCB further object to this Interrogatory on these grounds that the information about any "lawsuit, administrative proceeding, arbitration, or investigation" Plaintiff seeks is not limited in scope to claims like plaintiffs, i.e., claims involving the allegation that Chase required flood insurance after Plaintiff's credit privileges were suspended in an amount that exceeded her principal loan balance. See, e.g., *Infinite Energy, Inc. v. Chang*, No. 1:07CV23-SPM/AK, 2008 WL 2404752, at *1-2 (N.D. Fla. June 10, 2008) (denying motion to compel documents regarding customer complaints, where movant requested every type of complaint, regardless of whether issue was the same as the issue in the case); *Funai Elec. Co., Ltd. v. Orion Elec. Co., Ltd.*, Nos. 02Civ.2605(AGS)(JCF), 01Civ.3501(AGS)(JCF), 2002 WL 1808419, at *3 (S.D.N.Y. Aug. 7, 2002) (denying motion to compel customer complaints because requests were overly broad where they sought documents regarding complaints that were not limited to issues in the case).

CHF and JPMCB further object to this Interrogatory because it seeks documents that are public records and/or just as accessible to Plaintiff as to CHF and JPMCB.

1      CHF and JPMCB further object to this Interrogatory because the term "any of their

2  affiliates" is vague and ambiguous.   CHF and JPMCB further object to this Interrogatory as

3  overly broad and irrelevant to the claims and defenses of any party to the extent it seeks

4  information regarding "affiliates" of CHF or JPMCB because CHF and JPMCB are the only

5  defendants in this lawsuit.

6      CHF and JPMCB also object to this Interrogatory as compound.

7

8

Dated: July 30, 2010                          As to objections only,

9

10                                            BURKE, WARREN, MACKAY &
                                              SERRITELLA, P.C.
11

12                                            By: _____

13                                            ANDREW D. LeMAR

14                                            Attorney for Defendants

15                                            CHASE HOME FINANCE, LLC and
                                              JPMORGAN CHASE BANK, N.A..
16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, the undersigned, depose and state as follows:

I am currently an Insurance Vice President in the Loan Administration – Escrow Administration department of the Home Lending Division of JPMorgan Chase Bank, N.A. Based upon my review of business records, information assembled by authorized agents of Chase Home Finance LLC and JPMorgan Chase Bank, N.A., or my personal knowledge, the facts stated in Answers to Interrogatories 4, 6-7, 9, and 11 (excluding objections, legal conclusions or matters that are of public record) are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30 day of July, 2010.

By: _____
Jeffrey Nack

# Exhibit 4

1   GEORGE G. WEICKHARDT (SBN 58586)
    ROPERS, MAJESKI, KOHN & BENTLEY PC
2   201 Spear Street, Suite 1000
    San Francisco California 94105
3   Telephone:    (415) 972-6370
    Facsimile:    (415) 972-6301
4   Email:        gweickhardt@rmkb.com

5   Of Counsel:
    LEANN PEDERSEN POPE
6     lpope@burkelaw.com
    STEPHEN R. MEINERTZHAGEN
7     smeinertzhagen@burkelaw.com
    ANDREW D. LeMAR
8     alemar@burkelaw.com
    BURKE, WARREN, MACKAY & SERRITELLA, P.C.
9   330 North Wabash Avenue, 22nd Floor
    Chicago, Illinois 60611
10  Telephone:    (312) 840-7000
    Facsimile:    (312) 840-7900
11
    Attorneys for Defendants
12  CHASE HOME FINANCE, LLC and JPMORGAN
    CHASE BANK, N.A.
13
14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16  Sheila I. Hofstetter, individually, as a
    representative of the class, and on behalf
17  of the general public,                    Case No. CV-10-1313 WHA

18                   Plaintiff,
                                              CHASE HOME FINANCE LLC AND
19                                            JPMORGAN CHASE BANK, N.A.'S
    vs.                                       RESPONSES AND OBJECTIONS TO
20                                            PLAINTIFF'S FIRST SET OF REQUESTS TO
    Chase Home Finance, LLC, JPMorgan         DEFENDANTS FOR PRODUCTION OF
21  Chase Bank, N.A., and DOES 1 through      DOCUMENTS AND THINGS
    50, inclusive,
22
                     Defendants.
23

24

25  PROPOUNDING PARTY:    Plaintiff Sheila I. Hofstetter

26  RESPONDING PARTY:     Defendants Chase Home Finance LLC and JPMorgan Chase
                          Bank, N.A.
27
    SET NO.:              One
28

Case No. CV-10-1313 WHA                                    DEFENDANTS' RESPONSES AND OBJECTIONS
                                                               TO FIRST PRODUCTION REQUEST
09135\00590\714461v6-LEMA0A

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Chase Home Finance LLC ("CHF") and JPMorgan Chase Bank, N.A. ("JPMCB"), by and through their attorneys, hereby object and answer to Plaintiff's First Set of Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

The following general objections apply to all Requests, definitions, and instructions, regardless of whether specific objections are also made. By providing information or documents in response to a Request, CHF and JPMCB not waive any objection they may have to the Request.

1.      CHF and JPMCB object to each Request to the extent it imposes requirements beyond or inconsistent with the requirements of the Federal Rules of Civil Procedure, or any other applicable statute, rule, or court order.

2.      CHF and JPMCB object to each Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. CHF and JPMCB's response to each and every Request should be construed as limited by each such privilege unless specifically stated otherwise.

CHF and JPMCB incorporate these general objections into each of the specific responses below.

## RESPONSE TO REQUESTS FOR PRODUCTION

**Request No. 1:**      All Documents that relate to Plaintiff or her husband, or any documents contained in their files.

**RESPONSE:** CHF and JPMCB object to this Request because the terms "relate to" and "their files" are vague, ambiguous, and overly broad.  CHF and JPMCB further object to this Request as overly broad and irrelevant to the claims and defenses of any party because "[a]ll [d]ocuments" are not limited to the claims or allegations Plaintiff asserts in this suit. Subject to and without waiving the forgoing objections, CHF and JPMCB have previously produced

documents responsive to this Request: Plaintiff's loan file (CHASE 1-225), an August 2008 letter from JPMCB to Plaintiff and her husband (CHASE 255-256), an August 11, 2009 letter from CHF to David Hofstetter (CHASE 257-258), a September 1, 2009 letter from CHF to David Hofstetter (CHASE 260-261), an October 6, 2009 letter from CHF to David Hofstetter (CHASE 263-264), a December 13, 2009 letter from CHF to David Hofstetter (CHASE 254), a February 1, 2010 letter from CHF to David Hofstetter (CHASE 249-250), a February 22, 2010 letter from CHF to Plaintiff and her husband (CHASE 247-248), Plaintiff's residential flood policy issued by American Security Insurance Company (CHASE 235-246, 265-268), and servicing records and loan history for Plaintiff's line of credit (CHASE 227-234).

**Request No. 2:**    All Documents that relate to Plaintiff's line of credit with Defendants or Defendants' flood insurance requirements for Plaintiff's property.

**RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Requests for Production of Documents which includes persons or entities other than CHF and JPMCB. In responding to this Request, CHF and JPMCB respond solely on behalf of themselves. CHF and JPMCB further object to this Request because the term "relate to" is vague, ambiguous, and overly broad. CHF and JPMCB further object to this Request as overly broad and irrelevant to the claims and defenses of any party because "[a]ll [d]ocuments" are not limited to the claims or allegations Plaintiff asserts in this suit.

Subject to and without waiving the forgoing objections, CHF and JPMCB have previously produced documents responsive to this Request: Plaintiff's loan file (CHASE 1-225), an August 2008 letter from JPMCB to Plaintiff and her husband (CHASE 255-256), an August 11, 2009 letter from CHF to David Hofstetter (CHASE 257-258), a September 1, 2009 letter from CHF to David Hofstetter (CHASE 260-261), an October 6, 2009 letter from CHF to David Hofstetter (CHASE 263-264), a December 13, 2009 letter from CHF to David Hofstetter (CHASE 254), a February 1, 2010 letter from CHF to David Hofstetter (CHASE 249-250), a February 22, 2010 letter from CHF to Plaintiff and her husband (CHASE 247-248), Plaintiff's residential flood policy issued by American Security Insurance Company (CHASE 235-246, 265-268), servicing records

and loan history for Plaintiff's line of credit (CHASE 227-234), and documents regarding the chase in flood zone status of Plaintiff's property (CHASE 269-283).

**Request No. 3:**     All communications with Plaintiff or her husband.

**RESPONSE:**   CHF and JPMCB object to this Request because the term "All communications" is vague, ambiguous, and overly broad.  Subject to and without waiving the forgoing objections, CHF and JPMCB have previously produced documents responsive to this Request: an August 2008 letter from JPMCB to Plaintiff and her husband (CHASE 255-256), an August 11, 2009 letter from CHF to David Hofstetter (CHASE 257-258), a September 1, 2009 letter from CHF to David Hofstetter (CHASE 260-261), an October 6, 2009 letter from CHF to David Hofstetter (CHASE 263-264), a December 13, 2009 letter from CHF to David Hofstetter (CHASE 254), a January 11, 2010 letter from Plaintiff and her husband to CHF (CHASE 251-253), a February 1, 2010 letter from CHF to David Hofstetter (CHASE 249-250), a February 22, 2010 letter from CHF to Plaintiff and her husband (CHASE 247-248), a February 23, 2010 letter from Plaintiff to CHF (CHASE 226), and servicing records and loan history for Plaintiff's line of credit (CHASE 227-234).

**Request No. 4:**     All internal communications or communications with any third party that relate to Plaintiff or her husband, Plaintiff's line of credit with Defendants, or Defendants' flood insurance requirements for Plaintiffs property.

**RESPONSE:**   CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Requests for Production of Documents which includes persons or entities other than CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of themselves.   CHF and JPMCB further object to this Request because the terms "internal communications" and "any third party" are vague, ambiguous, and overly broad.  CHF and JPMCB further object to this Request because it is overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the requirements of Rule 23 are met because:  (1) it seeks documents unrelated to the allegations in Plaintiff's lawsuit or to the force-placement of flood insurance on her home; and (2) Plaintiff does not assert any claims against CHF or JPMCB regarding communications with third parties.  CHF and JPMCB further object to

3

DEFENDANTS' RESPONSES AND OBJECTIONS
TO FIRST PRODUCTION REQUEST

1   this Request to the extent it seeks a legal conclusion, in which case no response is required.  CHF

2   and JPMCB further object to this Request because it seeks documents regarding "flood insurance

3   requirements" that are public records and/or just as accessible to Plaintiff as to CHF and JPMCB,

4   including statutes, regulations, agency guidance, and case law.

**Request No. 5:**      All maps, correspondence, and other documents that relate to
whether Plaintiff's dwelling falls within a Special Flood Hazard Area.

**RESPONSE:**  CHF and JPMCB object to this Request because it seeks documents that

are public records and/or just as accessible to Plaintiff as to CHF and JPMCB.  Subject to and

without waiving the forgoing objections, CHF and JPMCB have previously produced documents

responsive to this Request: documents regarding the change in flood zone status of Plaintiff's

property (CHASE 269-283), an August 11, 2009 letter from CHF to David Hofstetter (CHASE

257-258), a September 1, 2009 letter from CHF to David Hofstetter (CHASE 260-261), an

October 6, 2009 letter from CHF to David Hofstetter (CHASE 263-264), a January 11, 2010 letter

from Plaintiff and her husband to CHF (CHASE 251-253), a February 1, 2010 letter from CHF to

David Hofstetter (CHASE 249-250), and a February 22, 2010 letter from CHF to Plaintiff and her

husband (CHASE 247-248).

**Request No. 6:**      All Documents that support (or refute) Defendants' requirement
that Plaintiff maintain flood insurance in excess of her principal balance, or
Defendants' force-placement of flood insurance on Plaintiff's property in the amount
of $175,000.

**RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

First Set of Requests for Production of Documents which includes persons or entities other than

CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

themselves.  CHF and JPMCB further object to this Request because it is argumentative, lacks

foundation, and seeks a legal conclusion.  Therefore, no response is required.  To the extent a

response is required, CHF and JPMCB further object to this Request because it seeks documents

that are public records and/or just as accessible to Plaintiff as to CHF and JPMCB, including

Plaintiff's Deed of Trust (CHASE 1-7, 217-225), statutes, regulations, agency guidance, and case

law.  Subject to and without waiving the forgoing objections, CHF and JPMCB have previously

09135\00590\714461v6-LEMA0A

produced documents responsive to this Request:  documents regarding the change in flood zone status of Plaintiff's property (CHASE 269-283)

**Request No. 7:**      All Documents that relate to whether Defendants may require customers to maintain flood insurance in excess of their principal balance or available credit line, or force-place flood insurance in excess of their principal balance or available credit line.

**RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Requests for Production of Documents which includes persons or entities other than CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of themselves.  CHF and JPMCB further object to this Request on the grounds that it is overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the requirements of Rule 23 are met because this Request:  (1) seeks documents relating to persons other than Plaintiff and, therefore, does not bear on Plaintiff's claims at the present time; (2) is unlimited in scope and time; and (3), even if a class was certified, seeks information regarding "customers," who are not necessarily members of Plaintiff's putative class (which itself is overly broad).   CHF and JPMCB further object to this Request because it is argumentative, lacks foundation, and seeks a legal conclusion.  Therefore, no response is required.  CHF and JPMCB further object to this Request because it seeks documents that are public records and/or just as accessible to Plaintiff as to CHF and JPMCB, including statutes, regulations, agency guidance, and case law.

**Request No. 8:**      All Documents that explain or otherwise identify Defendants' basis for requiring customers to maintain flood insurance in excess of their principal balance or available credit line, or force-placing flood insurance in excess of their principal balance or available credit line.

**RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Requests for Production of Documents which includes persons or entities other than CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of themselves.  CHF and JPMCB further object to this Request on the grounds that it is overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the requirements of Rule 23 are met because this Request:  (1) seeks documents relating to persons

1    other than Plaintiff and, therefore, does not bear on Plaintiff's claims at the present time; (2) is

2    unlimited in scope and time; and (3), even if a class was certified, seeks information regarding

3    "customers," who are not necessarily members of Plaintiff's putative class (which itself is overly

4    broad).   CHF and JPMCB further object to this Request because it is argumentative, lacks

5    foundation, and seeks a legal conclusion.  Therefore, no response is required.  CHF and JPMCB

6    further object to this Request because it seeks documents that are public records and/or just as

7    accessible to Plaintiff as to CHF and JPMCB, including Plaintiff's Deed of Trust (CHASE 1-7,

8    217-225), statutes, regulations, agency guidance, and case law.

9        **Request No. 9:**      All Documents that relate to Defendants' understanding of
     federal flood insurance requirements.
10

11   **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

12   First Set of Requests for Production of Documents which includes persons or entities other than

13   CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

14   themselves.  CHF and JPMCB further object to this Request because the term "understanding" is

15   vague, ambiguous, and argumentative.  CHF and JPMCB further object to this Request because

16   CHF or JPMCB's "understanding" of federal flood insurance requirements is irrelevant to the

17   claims or defenses of any party or whether the requirements of Rule 23 are met.  CHF and

18   JPMCB further object to this Request because it is argumentative, lacks foundation, and seeks a

19   legal conclusion.  Therefore, no response is required.  CHF and JPMCB further object to this

20   Request because it seeks documents that are public records and/or just as accessible to Plaintiff as

21   to CHF and JPMCB, including statutes, regulations, agency guidance, and case law.

22       **Request No. 10:**      All Documents that identify or describe any efforts undertaken
     by Defendants (or any other person or entity at the behest of Defendants) to determine
23   or clarify federal flood insurance requirements, whether Defendants' flood insurance
     requirements exceed federal requirements, whether Defendants' flood insurance
24   requirements comply with federal or state law, or whether Defendants may require
     customers to maintain flood insurance in excess of their principal balance or available
25   credit line.

26   **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

27   First Set of Requests for Production of Documents which includes persons or entities other than

28

1  CHF and JPMCB, and further object to the phrase "any other person or entity at the behest of

2  Defendants" in this Request.  In responding to this Request, CHF and JPMCB respond solely on

3  behalf of themselves.  CHF and JPMCB further object to this Request because the term "efforts

4  undertaken" is vague and ambiguous.  CHF and JPMCB further object to this Request as overly

5  broad and irrelevant to the claims and defenses of any party or whether the requirements of Rule

6  23 are met because "efforts undertaken" are not a basis of any claim.  CHF and JPMCB further

7  object to this Request because it is argumentative, lacks foundation, and seeks a legal conclusion.

8  Therefore, no response is required.

9       **Request No. 11:**    All communications to or from the Federal Emergency
10  Management Agency, Office of the Comptroller of the Currency, or any other
   government agency or official that relate to federal flood insurance requirements,
11  Defendants' flood insurance requirements, whether Defendants' flood insurance
   requirements exceed federal requirements, whether Defendants' flood insurance
12  requirements comply with federal or state law, or whether Defendants may require
   customers to maintain flood insurance in excess of their principal balance or available
13  credit line.

14  **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

15  First Set of Requests for Production of Documents which includes persons or entities other than

16  CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

17  themselves.  CHF and JPMCB further object to this Request on the grounds that it is overly

18  broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the

19  requirements of Rule 23 are met because this Request is unlimited in scope and time and seeks

20  documents that do not bear on Plaintiff's claims.

21       **Request No. 12:**    All internal communications and communications with third
22  parties (not members of the Proposed Class) that relate to federal flood insurance
   requirements, whether Defendants' flood insurance requirements exceed federal
23  requirements, whether Defendants' flood insurance requirements comply with federal
   or state law, or whether Defendants may require customers to maintain flood
24  insurance in excess of their principal balance or available credit line.

25  **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

26  First Set of Requests for Production of Documents which includes persons or entities other than

27  CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

28

themselves. CHF and JPMCB further object to this Request because the terms "internal communications" and "third parties" are vague and ambiguous. CHF and JPMCB further object to this Request on the grounds that it is overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the requirements of Rule 23 are met because this Request is unlimited in scope and time and seeks documents that do not bear on Plaintiff's claims.

**Request No. 13:** All non-identical versions of the form documents identified in Interrogatory No. 9 or Your response to Interrogatory No. 9, including any drafts of such documents.

**RESPONSE:** CHF and JPMCB object to the definition of "Your" in Plaintiff's First Set of Requests for Production of Documents which includes persons or entities other than CHF and JPMCB. In responding to this Request, CHF and JPMCB respond solely on behalf of themselves. CHF and JPMCB further object to this Request because the term "non-identical versions" is vague and ambiguous. CHF and JPMCB further object to this Request as overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the requirements of Rule 23 are met because: (1) it is not limited to Plaintiff's claims, or even limited to documents used in California (even though Plaintiff's "Proposed Class" is limited to California residential borrowers); (2) Plaintiff does not bring any claims relating to the form of her loan documents; and (3) to the extent Plaintiffs seek drafts of documents, none of Plaintiff's claims relate to drafts of documents. In addition, CHF and JPMCB further object to this Request to the extent it seeks private or confidential information protected by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 *et seq.*, and other applicable privacy laws, concerning customers of CHF and JPMCB who have not consented to providing confidential information regarding their accounts to Plaintiff or her counsel. Subject to and without waiving the forgoing objections, CHF and JPMCB have previously produced the following documents: Plaintiff's loan file (CHASE 1-225), an August 2008 letter from JPMCB to Plaintiff and her husband (CHASE 255-256), an August 11, 2009 letter from CHF to David Hofstetter (CHASE 257-258), a September 1, 2009 letter from CHF to David Hofstetter (CHASE 260-261), an October 6, 2009 letter from CHF to David Hofstetter (CHASE 263-264), a December 13, 2009 letter from CHF to David Hofstetter (CHASE 254), a

February 1, 2010 letter from CHF to David Hofstetter (CHASE 249-250), a February 22, 2010

letter from CHF to Plaintiff and her husband (CHASE 247-248).

> **Request No. 14:**   All non-form documents and communications, not identified in Interrogatory No. 9 or requested in Request No. 13, that were sent to Defendants' customers which relate to federal flood insurance requirements, Defendants' flood insurance requirements, whether Defendants' flood insurance requirements exceed federal requirements, whether Defendants' flood insurance requirements comply with federal or state law, or whether Defendants may require customers to maintain flood insurance in excess of their principal balance or available credit line.

**RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

First Set of Requests for Production of Documents which includes persons or entities other than

CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

themselves.  CHF and JPMCB further object to this Request on the grounds that it is overly

broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the

requirements of Rule 23 are met because this Request:  (1) seeks documents relating to persons

other than Plaintiff and, therefore, does not bear on Plaintiff's claims at the present time; (2) is

unlimited in scope and time; and (3), even if a class was certified, seeks information regarding

"customers," who are not necessarily members of Plaintiff's putative class (which itself is overly

broad).  In addition, CHF and JPMCB further object to this Request to the extent it seeks private

or confidential information protected by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 *et seq.*,

and other applicable privacy laws, concerning customers of CHF and JPMCB who have not

consented to providing confidential information regarding their accounts to Plaintiff or her

counsel.

> **Request No. 15:**   All contracts, agreements, or letters or memoranda of understanding between CHF and JPM, including but not limited to any that relate, in whole or in part, to the servicing of mortgage loans or credit lines, criteria for the servicing of mortgage loans or credit lines, insurance requirements for homeowners, flood insurance, or any duties or compensation that relating to any of the foregoing.

**RESPONSE:**  CHF and JPMCB object to this Request because the terms "letters or

memoranda of understanding" and "criteria for the servicing of mortgage loans or credit lines" are

vague and ambiguous.  CHF and JPMCB further object to this Request on the grounds that it is

overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or

1    whether the requirements of Rule 23 are met because: (1) it is unlimited in scope and time; (2)

2    Plaintiff does not assert any claims regarding the relationship between JPMCB and CHF, the

3    "criteria for the servicing of mortgage loans or credit lines," or compensation regarding the

4    subject matters in the Request; (3) the term "insurance requirements for homeowners" is not

5    limited to flood insurance and, therefore, has no bearing on Plaintiff's claims; and (4) the

6    servicing of Plaintiff's mortgage is not at issue in this case, outside of the force-placement of

7    flood insurance on Plaintiff's account.

8    **Request No. 16:**    All    directions,    instructions,    guidance,    and    other
     communications from JPM to CHF that relate, in whole or in part, to the servicing of
9    mortgage loans or credit lines, criteria for the servicing of mortgage loans or credit
     lines, insurance requirements for homeowners, flood insurance, or any duties or
10   compensation that relate to any of the foregoing (excluding any directions,
     instructions, guidance, or communications unique to a particular customer's account).
11

12   **RESPONSE:**   CHF and JPMCB object to this Request because the terms "directions,

13   instructions, guidance, and other communications" and "criteria for the servicing of mortgage

14   loans or credit lines" are vague and ambiguous. CHF and JPMCB further object to this Request

15   because it lacks foundation. CHF and JPMCB further object to this Request on the grounds that it

16   is overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or

17   whether the requirements of Rule 23 are met because: (1) it is unlimited in scope and time; (2)

18   Plaintiff does not assert any claims regarding the relationship between JPMCB and CHF, the

19   "criteria for the servicing of mortgage loans or credit lines," or compensation regarding the

20   subject matters in the Request; (3) the term "insurance requirements for homeowners" is not

21   limited to flood insurance and, therefore, has no bearing on Plaintiff's claims; and (4) the

22   servicing of Plaintiff's mortgage is not at issue in this case, outside of the force-placement of

23   flood insurance on Plaintiff's account.

24   **Request No. 17:**    All reports and data compilations that relate to insurance
     requirements for homeowners or flood insurance.
25

26   **RESPONSE:**   CHF and JPMCB object to this Request because the terms "reports" and

27   "data compilations" are vague and ambiguous. CHF and JPMCB further object to this Request on

28   the grounds that it is overly broad, unduly burdensome, and irrelevant to the claims and defenses

of any party or whether the requirements of Rule 23 are met because: (1) it is unlimited in scope and time; (2) it is not limited to Plaintiff's claims, or even limited to documents used in California (even though Plaintiff's "Proposed Class" is limited to California residential borrowers); (3) the term "insurance requirements for homeowners" is not limited to flood insurance and, therefore, has no bearing on Plaintiff's claims; (4), even if a class was certified, this Request seeks information outside of Plaintiff's putative class (which itself is overly broad) and (5) Plaintiff brings no claims or allegations relating to "reports" or "data compilations" regarding flood insurance.

> **Request No. 18:**     All flood insurance policies issued by American Security Insurance Company or any other insurance company at the direction of Defendants (or any of their affiliates) during the Proposed Class Period, which cover the property of a Proposed Class member.

**RESPONSE:** CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Requests for Production of Documents which includes persons or entities other than CHF and JPMCB, and further object to Plaintiff's use of the phrase "or any of their affiliates" in this Request. In responding to this Request, CHF and JPMCB respond solely on behalf of themselves. CHF and JPMCB further object to this Request because the phrases "or any of their affiliates" and "any other insurance company" are vague, ambiguous, and overly broad. In addition, CHF and JPMCB further object to this Request to the extent it seeks private or confidential information protected by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 *et seq.*, and other applicable privacy laws, concerning customers of CHF and JPMCB who have not consented to providing confidential information regarding their accounts to Plaintiff or her counsel. CHF and JPMCB further object to this Request to the extent it seeks documents that are in the possession of American Security Insurance Company ("ASIC") or "any other insurance company."

CHF and JPMCB further object to this Request as overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the requirements of Rule 23 are met. First, Plaintiff's "Proposed Class" is defined as "All persons who have or had loans or lines of credit with Defendants that was secured by their residential property and were required by

1   Defendants to purchase or maintain flood insurance on their property in the State of California

2   within four years prior to this action's filing date through the final disposition of this action (the

3   'Class Period')." (Plaintiff's First Amended Class Action Complaint para. 25.) To the extent

4   Plaintiff is seeking to assert claims against CHF and JPMCB relating to the form of flood

5   insurance policies issued by non-parties, such claims are unrelated to any claims that could be

6   pursued by members of Plaintiff's overly broad "Proposed Class." Plaintiff alleges CHF force-

7   placed flood insurance on her home, but she asserts no claims based upon the flood insurance

8   policy itself. Consequently, flood insurance policies issued to members of the "Proposed Class"

9   are not relevant to any claims asserted in this lawsuit by Plaintiff individually or as a purported

10  class representative. Second, this Request also seeks irrelevant information and is overbroad

11  because Plaintiff's claims center on her allegation that after her line of credit was suspended CHF

12  required her to maintain flood insurance in an amount greater than her credit line balance. This

13  Request, however, does not seek information limited to borrowers who were required to obtain

14  flood insurance after their credit privileges were suspended in excess of their principal balances.

15  Therefore, this Request improperly seeks information relating to persons who are not "similarly

16  situated" with the named Plaintiff. Third, no class has been certified in this case. Therefore, loan

17  level information relating to absent members of the putative class is irrelevant at this stage of the

18  litigation, and an inappropriate subject of discovery. At this time, only Plaintiff's claims and

19  whether the requirements of Rule 23 are satisfied are at issue. See, e.g., *Jordan v. Paul*

20  *Financial, LLC*, Case No. 3:07-cv-04496-SI, Docket No. 58 (N.D. Cal. June 2, 2008) (Illston)

21  (denying plaintiff's motion to compel discovery regarding absent class members and holding that

22  that "[c]lass certification raises structural questions about the nature of plaintiff's claim and the

23  number of potential parties affected; information about individual class members will not help in

24  this regard."); *Garcia v. Veneman*, 224 F.R.D. 8, 16 (D.D.C. 2004) ("The examination of

25  individual loan files requested is labor intensive, time consuming, and is no different, or little

26  different, from the kind of discovery that would be necessary to deal with these cases

27  individually"); *Eversole v. EMC Mortgage Corp.*, No. 05-124-KSF, 2007 WL 1558512, at 15

28  (E.D.Ky. May 29, 2007) (denying motion to compel discovery that "basically demanded that

1    [defendant] search all of its files for persons who might meet the proposed class definition" as

2    irrelevant).   Therefore, it would be unduly burdensome to require CHF and JPMCB to expend

3    time and expense searching for and producing the requested information.

4         Subject to and without waiving the forgoing objections, CHF and JPMCB have previously

5    produced the flood insurance policy issued to Plaintiff by American Security Insurance Company

6    (CHASE 235-246, 265-268).

7    **Request No. 19:**     All contracts, agreements, or letters or memoranda of
     understanding between Defendants (or their affiliates) and American Security
8    Insurance Company or any other insurance company that relate to the purchase,
     procurement, maintenance, issuance, or cost of flood insurance, or any kickbacks,
9    rebates, or in-kind consideration provided to Defendants or their affiliates.

10   **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

11   First Set of Requests for Production of Documents which includes persons or entities other than

12   CHF and JPMCB, and further object to Plaintiff's use of the term "their affiliates" in this Request.

13   In responding to this Request, CHF and JPMCB respond solely on behalf of themselves.  CHF

14   and JPMCB further object to this Request because the terms "letters or memoranda of

15   understanding," "their affiliates," "any other insurance company" "kickbacks," "rebates," and "in-

16   kind consideration" are vague and ambiguous.  CHF and JPMCB further object to this Request as

17   overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or

18   whether the requirements of Rule 23 are met because:  (1) it is unlimited in scope and time; (2) it

19   is not limited to Plaintiff's claims, or even limited to documents used in California (even though

20   Plaintiff's "Proposed Class" is limited to California residential borrowers); (3) it seeks

21   information regarding "affiliates," even though CHF and JPMCB are the only defendants in this

22   lawsuit; and (4) Plaintiff does not bring any claims relating to any alleged relationship between

23   CHF or JPMCB and ASIC or "any other insurance company."

24   **Request No. 20:**     All contracts, agreements, or letters or memoranda of
     understanding between Defendants and any affiliate of Defendants that has received
25   commissions in connection with the purchase, procurement, maintenance, issuance,
     or extension of any flood insurance policy.

26

27

28

1      **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

2  First Set of Requests for Production of Documents which includes persons or entities other than

3  CHF and JPMCB, and further object to Plaintiff's use of the term "any affiliate" in this Request..

4  In responding to this Request, CHF and JPMCB respond solely on behalf of themselves.  CHF

5  and JPMCB further object to this Request because the terms "letters or memoranda of

6  understanding" and "any affiliate" are vague and ambiguous.  CHF and JPMCB further object to

7  this Request as overly broad, unduly burdensome, and irrelevant to the claims and defenses of any

8  party or whether the requirements of Rule 23 are met because:  (1) it is unlimited in scope and

9  time; (2) it is not limited to Plaintiff's claims, or even limited to California (even though Plaintiff's

10  "Proposed Class" is limited to California residential borrowers); (3) it seeks information

11  regarding "affiliates," even though CHF and JPMCB are the only defendants in this lawsuit; and

12  (4) Plaintiff does not bring any claims relating to any alleged relationship between CHF or

13  JPMCB and "any affiliate."

14      **Request No. 21:**  All Documents that relate to the commissions earned by or

15  available to any "licensed affiliate of Chase" in connection with the purchase, procurement, maintenance, issuance, or extension of any flood insurance policy.

16      **RESPONSE:**  CHF and JPMCB object to this Request because the term "available to" is

17  vague and ambiguous.  CHF and JPMCB further object to this Request as overly broad and

18  irrelevant to the claims and defenses of any party or whether the requirements of Rule 23 are met

19  because: (1) it is unlimited in scope and time; (2) to the extent it seeks information regarding "any

20  other affiliate," CHF and JPMCB are the only defendants in this lawsuit; and (3) Plaintiff does

21  not assert any claims regarding the commission "earned by or available to" any "licensed affiliate

22  of Chase" or the amount of commission received by that affiliate.

23      **Request No. 22:**  All company policies that relate to flood insurance or

24  Defendants' flood insurance requirements.

25      **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

26  First Set of Requests for Production of Documents which includes persons or entities other than

27  CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

28  themselves.  CHF and JPMCB further object to this Request because the term "All company

1    policies" is vague, ambiguous, and overly broad.  CHF and JPMCB further object to this Request

2    as overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or

3    whether the requirements of Rule 23 are met because:  (1) it is unlimited in scope and time; (2) it

4    is not limited to Plaintiff's claims, or even limited to California (even though Plaintiff's "Proposed

5    Class" is limited to California residential borrowers); and (3) Plaintiff does not assert any claims

6    relating to "[a]ll company policies" relating to flood insurance that CHF and JPMCB have ever

7    had.  CHF and JPMCB further object to this Request to the extent it seeks a legal conclusion, in

8    which case no response is required.  Subject to and without waiving the foregoing objections,

9    upon the entry of an appropriate protective order, CHF and JPMCB will produce their policies

10   and procedures regarding flood insurance requirements as of the date of the force-placement of

11   Plaintiff's flood insurance policy to the present.

12        **Request No. 23:**     All Documents that relate to any changes to company policies
          concerning flood insurance.
13

14        **RESPONSE:**   CHF and JPMCB object to this Request because the terms "changes to

15   company policies" is vague, ambiguous, and overly broad.  CHF and JPMCB further object to

16   this Request because it lacks foundation.  CHF and JPMCB further object to this Request as

17   overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or

18   whether the requirements of Rule 23 are met because:  (1) it is unlimited in scope and time; (2) it

19   is not limited to Plaintiff's claims, or even limited to California (even though Plaintiff's "Proposed

20   Class" is limited to California residential borrowers); and (3) Plaintiff does not assert any claims

21   relating to any and all "changes to company policies concerning flood insurance" that CHF and

22   JPMCB have ever had.  CHF and JPMCB further object to this Request to the extent it seeks a

23   legal conclusion, in which case no response is required.  To the extent a response is required,

24   CHF and JPMCB further object to this Request because it seeks documents that are public records

25   and/or just as accessible to Plaintiff as to CHF and JPMCB, including statutes, regulations,

26   agency guidance, and case law.  Subject to and without waiving the foregoing objections, upon

27   the entry of an appropriate protective order, CHF and JPMCB will produce their policies and

28

procedures regarding flood insurance requirements as of the date of the force-placement of Plaintiff's flood insurance policy to the present.

**Request No. 24:**     All Documents that relate to the reasons for any changes to company policies concerning flood insurance.

**RESPONSE:** CHF and JPMCB object to this Request because the terms "changes to company policies" is vague, ambiguous, and overly broad. CHF and JPMCB further object to this Request because it lacks foundation. CHF and JPMCB further object to this Request as overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the requirements of Rule 23 are met because: (1) it is unlimited in scope and time; (2) it is not limited to Plaintiff's claims, or even limited to California (even though Plaintiff's "Proposed Class" is limited to California residential borrowers); and (3) Plaintiff does not assert any claims relating to any and all "changes to company policies concerning flood insurance" that CHF and JPMCB have ever had or the "reasons for" changes in their flood insurance policies. CHF and JPMCB further object to this Request because it is argumentative seeks a legal conclusion. Therefore, no response is required.

**Request No. 25:**     All orientation and training materials, manuals, policies, handbooks, instructions, guidance, directions, procedures, and similar Documents provided to Defendants' employees, call center representatives, research specialists, or other persons that relate to flood insurance or flood insurance requirements.

**RESPONSE:** CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Requests for Production of Documents which includes persons or entities other than CHF and JPMCB. In responding to this Request, CHF and JPMCB respond solely on behalf of themselves. CHF and JPMCB further object to this Request because the terms "orientation and training materials, manuals, policies, handbooks, instructions, guidance, directions, procedures, and similar Documents," "research specialists," and "other persons" are vague, ambiguous, and overly broad. CHF and JPMCB further object to this Request as overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the requirements of Rule 23 are met because: (1) it is unlimited in scope and time; (2) it is not limited to Plaintiff's claims, or even limited to California (even though Plaintiff's "Proposed Class" is limited to

1  California residential borrowers); and (3) Plaintiff does not assert any claims relating to CHF

2  and/or JPMCB's training regarding flood insurance.  CHF and JPMCB further object to this

3  Request because it lacks foundation.  Subject to and without waiving the foregoing objections,

4  upon the entry of "reasons for" changes in their flood insurance policies protective order, CHF

5  and JPMCB will produce their policies and procedures regarding flood insurance requirements as

6  of the date of the force-placement of Plaintiff's flood insurance policy to the present.

7      **Request No. 26:**    All  internal  or  external  audits,  assessments,  studies,
        investigations, examinations, or similar Documents that relate to flood insurance or
8      insurance requirements for homeowners.

9      **RESPONSE:**  CHF and JPMCB further object to this Request because the terms "internal

10  or external audits, assessments, studies, investigations, examinations, or similar Documents" are

11  vague, ambiguous, and overly broad.  CHF and JPMCB further object to this Request as overly

12  broad, unduly burdensome, and irrelevant to the claims and defenses of any party or whether the

13  requirements of Rule 23 are met because:  (1) it is unlimited in scope and time; (2) it is not

14  limited to Plaintiff's claims, or even limited to California (even though Plaintiff's "Proposed

15  Class" is limited to California residential borrowers); (3) the term "insurance requirements" is not

16  limited to flood insurance, even though flood insurance is the only type of insurance at issue in

17  this case; and (4) the documents sought have no bearing on Plaintiff's claims or whether the

18  requirements of Rule 23 are met.  CHF and JPMCB further object to this Request because it lacks

19  foundation.

20      **Request No. 27:**    All  Documents  that  relate  to  whether  Defendants'  flood
        insurance requirements exceed federal requirements, or comply with federal or state
21      law.

22      **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

23  First Set of Requests for Production of Documents which includes persons or entities other than

24  CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

25  themselves.  CHF and JPMCB further object to this Request as overly broad, unduly burdensome,

26  and irrelevant to the claims and defenses of any party or whether the requirements of Rule 23 are

27  met because it is unlimited in scope and time.  CHF and JPMCB further object to this Request

28

1   because it is argumentative, lacks foundation, and seeks a legal conclusion. Therefore, no

2   response is required. CHF and JPMCB further object to this Request because it seeks documents

3   that are public records and/or just as accessible to Plaintiff as to CHF and JPMCB, including

4   statutes, regulations, agency guidance, and case law.

5   **Request No. 28:**   All Documents related to compliance (or lack of compliance)

6   with any company policy or any state or federal law concerning insurance requirements for homeowners or flood insurance.

7   **RESPONSE:** CHF and JPMCB object to this Request because the term "any company

8   policy" is vague, ambiguous, and overly broad. CHF and JPMCB further object to this Request

9   as overly broad, unduly burdensome, and irrelevant to the claims and defenses of any party

10   because: (1) it is unlimited in scope and time; (2) it is not limited to Plaintiff's claims, or even

11   limited to California (even though Plaintiff's "Proposed Class" is limited to California residential

12   borrowers); and (3) it seeks information regarding homeowners insurance, which is not at issue in

13   this case. CHF and JPMCB further object to this Request because it is argumentative, lacks

14   foundation, and seeks a legal conclusion. Therefore, no response is required. CHF and JPMCB

15   further object to this Request because it seeks documents that are public records and/or just as

16   accessible to Plaintiff as to CHF and JPMCB, including statutes, regulations, agency guidance,

17   and case law.

18   **Request No. 29:**   All communications to or from (or copied to) any compliance

19   manager or person at the vice-president level or above that relate, in whole or in part, to flood insurance, flood insurance requirements, financial incentives or

20   consequences relating to flood insurance requirements or the force-placement of flood insurance, whether Defendants' flood insurance requirements exceed federal

21   requirements, whether Defendants' flood insurance requirements comply with federal or state law, or whether Defendants may require customers to maintain flood

22   insurance in excess of their principal balance or available credit line.

23   **RESPONSE:** CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

24   First Set of Requests for Production of Documents which includes persons or entities other than

25   CHF and JPMCB. In responding to this Request, CHF and JPMCB respond solely on behalf of

26   themselves. CHF and JPMCB object to this Request because the phrases "any compliance

27   manager or person at the vice-president level or above" and "financial incentives or consequences

28

relating to flood insurance requirements or the force-placement of flood insurance" are vague,

ambiguous, and overly broad. CHF and JPMCB further object to this Request as overly broad,

unduly burdensome, and irrelevant to the claims and defenses of any party or whether the

requirements of Rule 23 are met because: (1) it is unlimited in scope and time; (2) it is not

limited to Plaintiff's claims, or even limited to California (even though Plaintiff's "Proposed

Class" is limited to California residential borrowers); and (3) communications relating to "flood

insurance" will have no bearing on the claims in this case. CHF and JPMCB further object to this

Request because it is argumentative and lacks foundation.

> **Request No. 30:**   All complaints relating to Defendants' flood insurance
> requirements or the force-placement of flood insurance, all responses to such
> complaints, and all summaries, records, reports, data compilations and other
> Documents relating to such complaints or responses.

**RESPONSE:** CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

First Set of Requests for Production of Documents which includes persons or entities other than

CHF and JPMCB. In responding to this Request, CHF and JPMCB respond solely on behalf of

themselves. CHF and JPMCB object to this Request because the terms "complaints" and

"summaries, records, reports, data compilations and other Documents" are vague, ambiguous, and

overly broad. CHF and JPMCB further object to this Request as overly broad, unduly

burdensome, and irrelevant to the claims and defenses of any party or whether the requirements

of Rule 23 are met because: (1) it is unlimited in scope and time; (2) it is not limited to Plaintiff's

claims, or even limited to California borrowers (even though Plaintiff's "Proposed Class" is

limited to California residential borrowers); and (3) "[a]ll complaints relating to Defendants' flood

insurance requirements or the force-placement of flood insurance" encompasses complaints that

have no bearing on, or relation to, the issues in this case. *E.g., Infinite Energy, Inc. v. Chang*, No.

1:07CV23-SPM/AK, 2008 WL 2404752, at *1-2 (N.D. Fla. June 10, 2008) (denying motion to

compel documents regarding customer complaints, where movant requested every type of

complaint, regardless of whether issue was the same as the issue in the case); *Funai Elec. Co.,*

*Ltd. v. Orion Elec. Co., Ltd.*, Nos. 02Civ.2605(AGS)(JCF), 01Civ.3501(AGS)(JCF), 2002 WL

1808419, at *3 (S.D.N.Y. Aug. 7, 2002) (denying motion to compel customer complaints because

**DEFENDANTS' RESPONSES AND OBJECTIONS
TO FIRST PRODUCTION REQUEST**

09135\00590\714461v6-LEMA0A

1   requests were overly broad where they sought documents regarding complaints that were not

2   limited to issues in the case).  CHF and JPMCB further object to this Request because it is

3   argumentative and lacks foundation.  CHF and JPMCB further object to this Request to the extent

4   it seeks documents that are public records equally as accessible to Plaintiff as to CHF and

5   JPMCB.

6        **Request No. 31:**    All Documents that relate to any lawsuit, administrative
         proceeding, arbitration, or investigation in which Defendants or any of their affiliates
7        were alleged to have  (i) required or force-placed excessive, unnecessary.
         unconscionable, unfair, unauthorized, or unlawful insurance coverage or amounts of
8        insurance coverage; or (ii) charged excessive, unconscionable, unfair. unauthorized,
         or unlawful premiums or other charges for insurance coverage.
9

10   **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

11   First Set of Requests for Production of Documents which includes persons or entities other than

12   CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

13   themselves.  CHF and JPMCB further object to this Request because the term "any of their

14   affiliates" is vague and ambiguous.  CHF and JPMCB further object to this Request as overly

15   broad and irrelevant to the claims and defenses of any party to the extent it seeks information

16   regarding "affiliates" of CHF or JPMCB because CHF and JPMCB are the only defendants in this

17   lawsuit.  CHF and JPMCB further object to this Request because it seeks documents that are

18   public records and/or equally as accessible to Plaintiff as to CHF and JPMCB.  CHF and JPMCB

19   further object to this Request on the grounds that it is overly broad, unduly burdensome, and

20   irrelevant to the claims and defenses of any party because this Request seeks information relating

21   to persons other than Plaintiff and, therefore, does not bear on Plaintiff's claims and because

22   documents relating to allegations in other lawsuits, administrative proceedings, arbitrations,

23   and/or investigations are not relevant to the claims Plaintiff asserts in this case or whether the

24   requirements of Rule 23 are met.  *E.g., Infinite Energy, Inc. v. Chang*, No. 1:07CV23-SPM/AK,

25   2008 WL 2404752, at *1-2 (N.D. Fla. June 10, 2008) (denying motion to compel documents

26   regarding customer complaints, where movant requested every type of complaint, regardless of

27   whether issue was the same as the issue in the case); *Funai Elec. Co., Ltd. v. Orion Elec. Co.,*

28   *Ltd.*, Nos. 02Civ.2605(AGS)(JCF), 01Civ.3501(AGS)(JCF), 2002 WL 1808419, at *3 (S.D.N.Y.

1    Aug. 7, 2002) (denying motion to compel customer complaints because requests were overly

2    broad where they sought documents regarding complaints that were not limited to issues in the

3    case).

4    **Request No. 32:**      A usable, electronic copy of Defendants' customer database or
     other electronic records showing:

5

6    a.    The amount of flood insurance coverage that Defendants required for each
           Proposed Class member's property throughout the Proposed Class Period;

7    b.    The Proposed Class member's outstanding principal balance and available
           credit with Defendants throughout the Proposed Class Period;

8

9    c.    The amount of flood insurance coverage maintained by the Proposed Class
           member for the property throughout the Proposed Class Period;

10   d.    The amount of additional flood insurance coverage obtained by Defendants
           (or their affiliates) for the Proposed Class member's property throughout

11         the Proposed Class Period;

12   e.    All flood insurance premiums charged by Defendants to the Proposed
           Class member during the Proposed Class Period;

13   f.    All flood insurance premiums paid by the Proposed Class member to
           Defendants (or refunded by Defendants to the Proposed Class member)

14         during the Proposed Class Period;

15   g.    All flood insurance premiums paid by the Proposed Class member to any
           insurance company or other third party during the Proposed Class Period,

16         in order to insure the property and satisfy Defendants' flood insurance
           requirements, in whole or in part (and any amounts later refunded to the

17         Proposed Class member by the insurance company or other third party);

18   h.    Any interest or other fees, including late fees, charged by Defendants to the
           Proposed Class member during the Proposed Class Period, in connection

19         with accrued or outstanding flood insurance premiums; and

20   i.    Any interest or other fees, including late fees, paid by the Proposed Class
           member to Defendants (or refunded by Defendants to the Proposed Class

21         member) during the Proposed Class Period, in connection with accrued or

22         outstanding flood insurance premiums.

23   **RESPONSE:**   CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

24   First Set of Requests for Production of Documents which includes persons or entities other than

25   CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

26   themselves.  In addition, CHF and JPMCB further object to this Request to the extent it seeks

27   private or confidential information protected by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801

28   *et seq.*, and other applicable privacy laws, concerning customers of CHF and JPMCB who have

1   not consented to providing confidential information regarding their accounts to Plaintiff or her

2   counsel.

3          CHF and JPMCB object to this Request as overly broad, unduly burdensome, and

4   irrelevant to the claims and defenses of any party.  Plaintiff's "Proposed Class" is defined as "All

5   persons who have or had loans or lines of credit with Defendants that was secured by their

6   residential property and were required by Defendants to purchase or maintain flood insurance on

7   their property in the State of California within four years prior to this action's filing date through

8   the final disposition of this action (the 'Class Period')."  (Plaintiff's First Amended Class Action

9   Complaint para. 25.)  Plaintiff's "Proposed Class" definition is overly broad and includes

10  customers of CHF and JPMCB who cannot assert claims like Plaintiff's.  Consequently,

11  identifying the members of this "Proposed Class" will not yield information relevant to the claims

12  and defenses of any party, or whether the requirements of Rule 23 are met, for several reasons.

13  First, it includes every CHF or JPMCB customer who lives in a flood zone in California.  There is

14  nothing illegal about requiring flood insurance, and, in fact, federal law *requires* lenders to

15  maintain flood insurance on properties located in flood zones.  *See* 42 U.S.C. § 4012a.  Therefore,

16  Plaintiff's "Proposed Class" contains persons who, on their face, cannot have a claim against CHF

17  or JPMCB, and it would be unduly burdensome to require CHF and JPMCB to expend time and

18  expense searching for and producing information regarding those persons.  Second, Plaintiff's

19  "Proposed Class" bears no relationship to Plaintiff's claims.  Plaintiff's claims center on her

20  allegation that after her line of credit was suspended CHF required her to maintain flood

21  insurance in an amount greater than her outstanding balance, which at the time of suspension was

22  zero.  Plaintiff's claims do not attack, and cannot attack, the legality of requiring flood insurance

23  in any other circumstance, or for any loans other than home equity lines of credit.  In fact, in

24  Plaintiff's Opposition to CHF and JPMCB's Motion to Dismiss, Plaintiff admits that CHF and

25  JPMCB may, under federal law, require borrowers in flood zones to maintain flood insurance.

26  (Plaintiff's Opposition to Motion to Dismiss at 1 (Dkt. No. 38).)  Therefore, this Request

27  improperly seeks information relating to persons who are not "similarly situated" with the named

28  Plaintiff.  Third, no class has been certified in this case.  Therefore, the identities of putative class

09135\00590\714461v6-LEMA0A

1    members is irrelevant at this stage of the litigation, and an inappropriate subject of discovery.  At

2    this time, only Plaintiff's claims and whether the requirements of Rule 23 are satisfied are at issue.

3    See, e.g., *Jordan v. Paul Financial, LLC*, Case No. 3:07-cv-04496-SI, Docket No. 58 (N.D. Cal.

4    June 2, 2008) (Illston) (denying plaintiff's motion to compel discovery regarding absent class

5    members and holding that that "[c]lass certification raises structural questions about the nature of

6    plaintiff's claim and the number of potential parties affected; information about individual class

7    members will not help in this regard."); *Palmer v. Stassinos*, Case No. 5:04CV3026, 2005 WL

8    3868003, at*4 (N.D. Cal. May 18, 2005) ("it does not appear that the identities of putative class

9    members are required to enable plaintiffs to file a motion for class certification."); *Mandrigues v.*

10   *World Savings, Inc.*, Case No. C 07-4497 JF (RS), Docket No. 71 (N.D. Cal. June 20, 2008)

11   (Seeborg) (collecting cases and holding, "releasing the names, addresses, and telephone numbers

12   of the putative class members will not help plaintiffs meet their burden of demonstrating that

13   class certification is proper.")      Fourth, this discovery is patently overbroad and unduly

14   burdensome. Before class certification is decided, discovery should be limited to information

15   concerning Plaintiff's individual claims, and whether her claims are susceptible to class-wide

16   proof under Rule 23.  Through this Request, Plaintiff seeks to turn the Rule 23 class mechanism

17   on its head and seek information that could only relate to the merits of absent putative class

18   member's potential claims.  This information is irrelevant to both Plaintiff's claims and whether

19   class treatment would be proper, and it is also extremely burdensome – requiring the retrieval and

20   review of business records for every single potential class member. See, e.g., *Garcia v. Veneman*,

21   224 F.R.D. 8, 16 (D.D.C. 2004) ("The examination of individual loan files requested is labor

22   intensive, time consuming, and is no different, or little different, from the kind of discovery that

23   would be necessary to deal with these cases individually"); *Eversole v. EMC Mortgage Corp.*,

24   No. 05-124-KSF, 2007 WL 1558512, at 15 (E.D.Ky. May 29, 2007) (denying motion to compel

25   discovery that "basically demanded that [defendant] search all of its files for persons who might

26   meet the proposed class definition" as irrelevant).

27          **Request No. 33:**      All organizational charts and other documents that identify or
         describe Defendants' hierarchical structure during the Proposed Class Period,
28

DEFENDANTS' RESPONSES AND OBJECTIONS
                                                                              TO FIRST PRODUCTION REQUEST

1   including but not limited to divisions or departments, the job titles within the
2   structure, and the persons holding board, officer and management positions within the
    structure.

3   **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

4   First Set of Requests for Production of Documents which includes persons or entities other than

5   CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

6   themselves.  CHF and JPMCB further object to this Request because it is overly broad, unduly

7   burdensome, and irrelevant to the claims and defenses of any party because: (1) it is not limited

8   to information related to Plaintiff's loans or the specific claims asserted by Plaintiff in this case;

9   and (2) it is not relevant to whether the requirements of Rule 23 are met.

10      **Request No. 34:**      All organizational charts and other documents that identify or
11      describe the hierarchical structure of Defendants' Flood Compliance Office, Escrow
        Administration Department, Insurance Processing Center, Research Department, and
12      Corporate Compliance office during the Proposed Class Period, including but not
        limited to the job titles within the structure, and the persons holding officer or
13      management positions within the structure.

14  **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

15  First Set of Requests for Production of Documents which includes persons or entities other than

16  CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

17  themselves.  CHF and JPMCB further object to this Request because it is overly broad, unduly

18  burdensome, and irrelevant to the claims and defenses of any party because: (1) it is not limited

19  to information related to Plaintiff's loans or the specific claims asserted by Plaintiff in this case;

20  and (2) it is not relevant to whether the requirements of Rule 23 are met.

21      **Request No. 35:**      All Documents and correspondence exchanged with any expert
22      witness retained by Defendants in this action.

23  **RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's

24  First Set of Requests for Production of Documents which includes persons or entities other than

25  CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of

26  themselves.  CHF and JPMCB have not retained any expert witnesses at this point in time.  If

27  CHF or JPMCB retains an expert witness in the future, they will supplement their answer to this

28

Request and/or disclose their expert witness and produce any documents required by the Federal Rules of Civil Procedure and any relevant orders of the Court.

**Request No. 36:**   All Documents (including drafts) prepared by any expert witness in connection with this action.

**RESPONSE:** CHF and JPMCB have not retained any expert witnesses at this point in time. If CHF or JPMCB retains an expert witness in the future, they will supplement their answer to this Request and/or disclose their expert witness and produce any documents required by the Federal Rules of Civil Procedure and any relevant orders of the Court.

**Request No. 37:**   All Documents relied upon or reviewed by any expert witnesses in connection with this action.

**RESPONSE:** CHF and JPMCB have not retained any expert witnesses at this point in time. If CHF or JPMCB retains an expert witness in the future, they will supplement their answer to this Request and/or disclose their expert witness and produce any documents required by the Federal Rules of Civil Procedure and any relevant orders of the Court.

**Request No. 38:**   All Statements of witnesses or potential witnesses or persons interviewed in connection with this action.

**RESPONSE:** CHF and JPMCB object to this Request because the terms "Statements" is vague and ambiguous. CHF and JPMCB further object to this Request as premature because, at this time, CHF and JPMCB have not determined which witness or witnesses they will producing for depositions, deposing, or producing at trial. CHF and JPMCB further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Pursuant to the parties' agreement as stated in the Joint Case Management Statement and Rule 26(f) Report, "communications between litigation counsel and client (or among litigation counsel and their law firm staff) relating to the litigation need not be logged." (Dkt. No. 36 at 10.) Subject to and without waiving the foregoing objections, CHF and JPMCB do not possess documents responsive to this Request.

**Request No. 39:**    All Documents identified in response to any interrogatory, or that Defendants have been requested to identify in discovery.

**RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Requests for Production of Documents which includes persons or entities other than CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of themselves.  CHF and JPMCB further object to this Request because it is duplicative.  CHF and JPMCB have answered and objected to Plaintiff's First Set of Interrogatories, and any documents identified in response to a particular interrogatory were produced in response to that interrogatory.

**Request No. 40:**    All Documents that may be offered into evidence at or before trial, or that may be used to refresh the recollection of a witness at deposition or trial.

**RESPONSE:**  CHF and JPMCB object to this Request as premature because, at this time, CHF and JPMCB have not determined which documents they will present as evidence at trial, which is currently scheduled to start on October 17, 2011, nor which documents that may be used to refresh a trial or deposition witness's recollection because, at this time, CHF and JPMCB cannot anticipate what information a witness may or may not recall.

**Request No. 41:**    All Documents that relate to any of the allegations, statements, claims, defenses, denials, or affirmative defenses in this action, which have not been produced by Defendants in response to any other discovery request.

**RESPONSE:**  CHF and JPMCB object to the definition of "Defendants" in Plaintiff's First Set of Requests for Production of Documents which includes persons or entities other than CHF and JPMCB.  In responding to this Request, CHF and JPMCB respond solely on behalf of themselves.  CHF and JPMCB further object to this Request because the terms "Statements" and "denials" are vague and ambiguous.  CHF and JPMCB further object to the term "affirmative defenses" as premature because CHF and JPMCB have not filed any affirmative defenses.  Rather, CHF and JPMCB have filed a motion to dismiss Plaintiff's First Amended Class Action Complaint, which is currently pending.  CHF and JPMCB further object to this Request because it is duplicative because CHF and JPMCB have answered and objected to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production.

Dated: July 30, 2010

BURKE, WARREN, MACKAY &
SERRITELLA, P.C.

By: _____
ANDREW D. LeMAR

Attorney for Defendants

CHASE HOME FINANCE, LLC and
JPMORGAN CHASE BANK, N.A.

09135\00590\714461v6-LEMA0A

# Exhibit 5

Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

James H. Kaster, CA State Bar No. 248949
Kaster@nka.com
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(admitted **pro hac vice**)
Kai Richter, MN State Bar No. 296545
KRichter@nka.com
(admitted **pro hac vice**)
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

Attorneys for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheila I. Hofstetter, individually, as a representative of the class, and on behalf of the general public, | Case No. CV-10-1313 WHA |
| Plaintiff, | |
| vs. | |
| Chase Home Finance, LLC, JP Morgan Chase Bank, N.A. , and DOES 1- 50, inclusive, | **PLAINTIFF'S NOTICE OF DEPOSITION OF CHASE HOME FINANCE, LLC, PURSUANT TO FED.R.CIV.P. 30(B)(6)** |
| Defendants. | |

**NOTICE OF DEPOSITION**

1      PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

2   Procedure, Plaintiff will take the deposition of Defendant Chase Home Finance, LLC ("CHF"),

3   through one or more of its corporate representatives, at a mutually-agreeable location beginning

4   on August 9, 2010 at 9:00 a.m., or at another mutually-agreeable date and time in August 2010,

5   before a qualified court reporter.  In accordance with this Notice of Deposition, Defendant CHF

6   shall identify, at least one week prior to the deposition, the persons who are most knowledgeable

7   about the topics listed below and who will testify on its behalf regarding such topics.  In addition,

8   Defendant CHF shall produce, at least one week prior to the date of the deposition, all documents

9   and tangible things authored by, received by, copied to, or in the possession of such persons

10   which relate to the topics listed below or which are otherwise responsive to Plaintiff's First Set of

11   Interrogatories and Requests for Production.

12                           <u>Matters for Examination</u>

13      1.     Defendants' policies and practices related to flood insurance and the reasons for

14   those policies and practices or any changes to those policies or practices.

15      2.     Defendants' efforts to audit, assess, or otherwise determine or evaluate compliance

16   with company policy or federal or state law relating to flood insurance, insurance requirements,

17   or force-placed insurance.

18      3.     The drafting and content of CHF's form flood insurance notices and other

19   communications to customers concerning flood insurance.

20      4.     Defendants' electronic and other records pertaining to their customers, including

21   but not limited to any records or reports relating to flood insurance, insurance requirements,

22   force-placed insurance, or complaints concerning the same.

23      5.     Defendants' communications, files, and records relating to Plaintiff, David

24   Hofstetter, and Roger Modersbach.

25      6.     The organizational structure and responsibilities of Defendants and their Flood

26   Compliance Office, Escrow Administration Department, Insurance Processing Center, Research

27   Department, corporate compliance office, and audit department.

28

**NOTICE OF DEPOSITION**

7.     The relationship between Defendants CHF and JP Morgan Chase Bank, N.A. ("JPM"), and any communications, instructions, or feedback from one to the other concerning flood insurance, insurance requirements, force-placed insurance, or related financial incentives or customer complaints.

8.     The relationship between Defendants and American Security Insurance Company ("ASIC") or any other company involved in the purchase, procurement, maintenance, issuance, or extension of any flood insurance policy.

9.     The financial incentives to Defendants, their affiliates, and/or any insurance company in connection with requiring or force-placing insurance coverage.

10.     The training materials and instructions provided by Defendants to their employees, customer care representatives, research specialists, and other similar personnel concerning flood insurance, insurance requirements, force-placed insurance, or how to respond to complaints regarding the same.

Dated: 7/19/10                          NICHOLS KASTER, LLP

                                        By:  _____
                                             Paul J. Lukas
                                             Kai Richter
                                        NICHOLS KASTER, PLLP
                                        Attorneys for Plaintiff and the Proposed Class

**NOTICE OF DEPOSITION**

# Exhibit 6

1  Matthew C. Helland, CA State Bar No. 250451
2  Helland@nka.com
   NICHOLS KASTER, LLP
3  One Embarcadero Center, Suite 720
   San Francisco, CA  94111
4  Telephone: (415) 277-7235
   Facsimile: (415) 277-7238
5
6  James H. Kaster, CA State Bar No. 248949
   Kaster@nka.com
7  Paul J. Lukas, MN State Bar No. 22084X
   Lukas@nka.com
8  (admitted **pro hac vice**)
   Kai Richter, MN State Bar No. 296545
9  KRichter@nka.com
   (admitted **pro hac vice**)
10  NICHOLS KASTER, PLLP
11  4600 IDS Center
    80 South 8th Street
12  Minneapolis, MN  55402
    Telephone: (612) 256-3200
13  Facsimile: (612) 215-6870
14
    Attorneys for Plaintiff and the Proposed Class
15
16          IN THE UNITED STATES DISTRICT COURT
17           NORTHERN DISTRICT OF CALIFORNIA
18
19  Sheila I. Hofstetter, individually, as a        Case No. CV-10-1313 WHA
    representative of the class, and on behalf of the
20  general public,
21                          Plaintiff,
22          vs.
23  Chase Home Finance, LLC,                         **PLAINTIFFS' NOTICE OF DEPOSITION
    JP Morgan Chase Bank, N.A. , and DOES 1-         OF JP MORGAN CHASE BANK, N.A.,
24  50, inclusive,                                   PURSUANT TO FED.R.CIV.P. 30(B)(6)**
25                          Defendants.
26
27
28

                          NOTICE OF DEPOSITION

1        PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

2   Procedure, Plaintiff will take the deposition of Defendant JP Morgan Chase Bank, N.A. ("JPM"),

3   through one or more of its corporate representatives, at a mutually-agreeable location beginning

4   on August 10, 2010 at 9:00 a.m., or at another mutually-agreeable date and time in August 2010,

5   before a qualified court reporter.  In accordance with this Notice of Deposition, Defendant JPM

6   shall identify, at least one week prior to the deposition, the persons who are most knowledgeable

7   about the topics listed below and who will testify on its behalf regarding such topics.  In addition,

8   Defendant JPM shall produce, at least one week prior to the date of the deposition, all documents

9   and tangible things authored by, received by, copied to, or in the possession of such persons

10   which relate to the topics listed below or which are otherwise responsive to Plaintiff's First Set of

11   Interrogatories and Requests for Production.

12   Matters for Examination

13        1.    Defendants' policies and practices related to flood insurance and the reasons for

14   those policies and practices or any changes to those policies or practices.

15        2.    Defendants' efforts to audit, assess, or otherwise determine or evaluate compliance

16   with company policy or federal or state law relating to flood insurance, insurance requirements,

17   or force-placed insurance.

18        3.    The drafting and content of JPM's form lending agreements, security instruments,

19   and insurance notices.

20        4.    Defendants' electronic and other records pertaining to their customers, including

21   but not limited to any records or reports relating to flood insurance, insurance requirements,

22   force-placed insurance, or complaints concerning the same.

23        5.    Defendants' communications, files, and records relating to Plaintiff, David

24   Hofstetter, and Roger Modersbach.

25        6.    The organizational structure and responsibilities of Defendants and their Flood

26   Compliance Office, Escrow Administration Department, Insurance Processing Center, Research

27   Department, corporate compliance office, and audit department.

28

-2-

**NOTICE OF DEPOSITION**

1    7.    The relationship between Defendants JPM and Chase Home Finance, LLC

2 ("CHF"), and any communications, instructions, or feedback from one to the other concerning

3 flood insurance, insurance requirements, force-placed insurance, or related financial incentives or

4 customer complaints.

5    8.    The relationship between Defendants and American Security Insurance Company

6 ("ASIC") or any other company involved in the purchase, procurement, maintenance, issuance, or

7 extension of any flood insurance policy.

8    9.    The financial incentives to Defendants, their affiliates, and/or any insurance

9 company in connection with requiring or force-placing insurance coverage.

10    10.    The training materials and instructions provided by Defendants to their employees,

11 customer care representatives, research specialists, and other similar personnel concerning flood

12 insurance, insurance requirements, force-placed insurance, or how to respond to complaints

13 regarding the same.

14 Dated: 7/19/10                    NICHOLS KASTER, LLP

15                          By:   _____

16                                 Paul J. Lukas
                                   Kai Richter
17                                 NICHOLS KASTER, PLLP
                                   Attorneys for Plaintiff and the Proposed Class
18

19

20

21

22

23

24

25

26

27

28

-3-

**NOTICE OF DEPOSITION**