```
                                  PAGES 1 - 8

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                 BEFORE THE HONORABLE WILLIAM H. ALSUP

SHEILA I. HOFSTETTER,              )
INDIVIDUALLY, AS A                 )
REPRESENTATIVE OF THE CLASS,       )
AND ON BEHALF OF THE GENERAL       )
PUBLIC,                            )
                                   )
            PLAINTIFF,             )
                                   )
  VS.                              ) NO. C 10-1313 WHA
                                   )
CHASE HOME FINANCE, LLC, JP        )
MORGAN CHASE BANK, N.A., AND       )
DOES 1-50, INCLUSIVE,              )
                                   ) SAN FRANCISCO, CALIFORNIA
            DEFENDANTS.            ) THURSDAY
                                   ) JULY 15, 2010
_____)
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF**          NICHOLS KASTER, LLP
                           4600 IDS CENTER
                           80 SOUTH EIGHTH STREET
                           MINNEAPOLIS, MINNESOTA  55402
                    **BY: PAUL J. LUKAS, ESQUIRE**
                           **KAI RICHTER, ESQUIRE**


**FOR DEFENDANTS**         BURKE, WARREN, MACKAY & SERRITELLA, PC
                           330 NORTH WABASH AVENUE
                           22ND FLOOR
                           CHICAGO, ILLINOIS  60611
                    **BY: STEVE RYAN MEINERTZHAGEN, ESQUIRE**


(FURTHER APPEARANCES ON FOLLOWING PAGE)

*REPORTED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
               *OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*

**APPEARANCES (CONTINUED):**

FOR DEFENDANTS              ROPERS, MAJESKI, KOHN & BENTLEY
                            201 SPEAR STREET
                            SUITE 1000
                            SAN FRANCISCO, CALIFORNIA  94105
                       **BY:  ANDREW J. CHO, ESQUIRE**

```
 1                PROCEEDINGS; THURSDAY, JULY 15, 2010

 2

 3         THE COURT:  THE CASE NUMBER IS C 10-1313, SHEILA
 4  HOFSTETTER VERSUS CHASE.
 5         COUNSEL, CAN YOU PLEASE STATE YOUR APPEARANCES?
 6         MR. LUKAS:  GOOD AFTERNOON, YOUR HONOR.  PAUL LUKAS
 7  AND KAI RICHTER FROM NICHOLS KASTER IN MINNEAPOLIS, HERE ON
 8  BEHALF OF THE PLAINTIFFS.
 9         MR. MEINERTZHAGEN:  STEVE MEINERTZHAGEN ON BEHALF OF
10  JP MORGAN CHASE BANK AND CHASE HOME FINANCE.
11         MR. CHO:  ANDREW CHO ON BEHALF OF JP MORGAN CHASE.
12         THE COURT:  WELCOME, EVERYONE.
13         SEEMS LIKE I HAD ANOTHER CASE -- WERE YOU TWO IN A
14  DIFFERENT CASE INVOLVING CHASE AND A HOME EQUITY LOAN LINE AND
15  ALL OF THAT?  THAT'S NOT YOUR FIRM?  HOW ABOUT YOU?
16         MR. MEINERTZHAGEN:  I THINK IT IS, YOUR HONOR.
17  YAKAS?
18         THE COURT:  YEAH, THAT'S IT.
19         MR. MEINERTZHAGEN:  THE ONE THAT GOT PULLED INTO THE
20  MDL?
21         THE COURT:  RIGHT.
22         MR. MEINERTZHAGEN:  I KNOW ABOUT THE CASE.  I HAVEN'T
23  BEEN HANDLING IT.
24         MR. LUKAS:  THAT WASN'T OURS, JUDGE, NO.
25         THE COURT:  WELL, I THOUGHT IT HAD SOME -- THIS IS
```

```
 1  DIFFERENT, BUT IT ALSO HAD SOME SIMILARITIES.
 2          ALL RIGHT.  LET ME GIVE YOU YOUR SCHEDULE, UNLESS YOU
 3  ARE ABOUT TO -- YOU CAN'T SETTLE A CLASS ACTION.  LET ME GIVE
 4  YOU MY CLASS ACTION SPEECH FIRST.
 5          YOU CANNOT TALK SETTLEMENT UNTIL THERE'S BEEN A CLASS
 6  CERTIFICATION.  WHY IS THAT?  BECAUSE ONE OF THE BIGGEST ABUSES
 7  IS COLLUSIVE SETTLEMENTS.  IT'S WHERE THE PLAINTIFF LAWYER RUNS
 8  IN AND SAYS:  I'LL GIVE YOU A SWEETHEART DEAL UP FRONT IF YOU
 9  GIVE US A BIG FEE.  SO JUST FORGET THAT IDEA.
10          YOU HAVE NO RIGHT TO NEGOTIATE ON BEHALF OF ANY CLASS
11  UNTIL YOU ARE APPOINTED AS CLASS COUNSEL.  SO I'M GOING TO GIVE
12  YOU A DATE ON WHICH YOU CAN MOVE TO BE CLASS COUNSEL, AND ON
13  THAT DATE, IF YOU ARE CERTIFIED, YOU CAN NEGOTIATE ALL YOU WANT,
14  AS LONG AS IT'S NOT A COLLUSIVE SETTLEMENT.
15          I TELL YOU THIS:  I CAN SPOT A COLLUSIVE SETTLEMENT A
16  MILE AWAY.  IF I FIND OUT THAT'S HAPPENED, I WILL DECERTIFY THE
17  CLASS, AND YOU WILL NOT BE THE CLASS LAWYER.  YOUR JOB IS TO
18  PROTECT THE CLASS ONCE YOU GET IN THE SADDLE.  IF I SEE EVEN A
19  HINT OF A COLLUSIVE SETTLEMENT, YOU'RE GOING TO BE OUT OF COURT.
20          SO WE'RE GOING TO DO THIS RIGHT.  HERE'S THE FIRST
21  STEP:
22          ALL DISCLOSURES ARE DUE -- THEY ARE ALREADY DUE.  I'M
23  GOING TO GIVE YOU UNTIL THE END OF THE MONTH, JULY 30, TO MAKE
24  SURE YOU'VE DONE IT RIGHT.  WHY IS THAT?  BECAUSE I DO ENFORCE
25  RULE 37(C), FAILURE TO MAKE DISCLOSURES ON TIME.
```

```
 1              LEAVE TO ADD ANY NEW PARTIES OR PLEADING AMENDMENTS
 2   MUST BE DONE BY SEPTEMBER 30TH.
 3              CLASS CERTIFICATION MOTION MUST BE FILED BY
 4   FEBRUARY 3, TO BE HEARD ON A 35-DAY TRACK.
 5              FACT DISCOVERY CUTOFF:  JUNE 30 NEXT YEAR.
 6              EXPERT REPORTS:  JUNE 30 NEXT YEAR.
 7              THE LAST DATE TO FILE SUMMARY JUDGMENT:  AUGUST 11
 8   NEXT YEAR.
 9              FINAL PRETRIAL CONFERENCE:  OCTOBER 3RD NEXT YEAR.
10              THEN A JURY TRIAL ON OCTOBER 17 NEXT YEAR.
11              THIS CASE WILL BE REFERRED TO MAGISTRATE JUDGE JOE
12   SPERO FOR MEDIATION, BECAUSE HE KNOWS EXACTLY HOW I FEEL ABOUT
13   CLASS SETTLEMENTS, AND I WILL NOT TOLERATE COLLUSIVE
14   SETTLEMENTS.  HE WILL TELL YOU EVERYTHING ABOUT MY VIEWS ON WHAT
15   WILL AND WILL NOT FLY.
16              I DON'T LIKE COUPONS.  SO CHASE SHOULD JUST GET -- IF
17   THE IDEA OF A COUPON HAS GONE INTO YOUR HEAD, IT MIGHT AS WELL
18   GO OUT, BECAUSE THERE WILL NEVER BE A COUPON SETTLEMENT.  THAT'S
19   COLLUSIVE METHOD NUMBER ONE.
20          **MR. MEINERTZHAGEN:**  CLASS SETTLEMENT HASN'T CROSSED
21   MY MIND, YOUR HONOR.
22          **THE COURT:**  I DON'T CARE IF IT HAS OR NOT.  USUALLY
23   IT DOES.  COLLUSIVE SETTLEMENTS ARE NOT A GOOD THING.
24              CLASS ACTIONS ARE A GOOD THING, BUT HALF THE
25   SETTLEMENTS I SEE ARE COLLUSIVE.  IT'S A LOT OF MONEY FOR THE
```

```
 1  LAWYER AND NOT VERY MUCH RELIEF FOR THE CLASS.
 2           SOMETIMES THEY'RE SO BAD THE CLASS PLAINTIFF WON'T
 3  TAKE IT, AND THEY HAVE TO BE BOUGHT OFF WITH A SO-CALLED
 4  INCENTIVE FEE.  I WON'T ALLOW THOSE EITHER.
 5           IF IT'S NOT GOOD ENOUGH FOR THE CLASS, IT'S NOT GOOD
 6  ENOUGH FOR THE PLAINTIFF.
 7           THOSE ARE MY VIEWS ON THIS GENERAL SUBJECT.
 8           ALL RIGHT.  ANY QUESTIONS?
 9           MR. LUKAS:  SOUNDS GOOD TO US, JUDGE.
10           THE COURT:  GREAT.  I AM GOING TO BE YOUR DISCOVERY
11  REFEREE.  I HOPE YOU WILL COOPERATE ON DISCOVERY.  AND, IF NOT,
12  THOUGH, I'M HAPPY TO BE YOUR REFEREE, AND YOU KEEP WORKING HARD
13  TO KEEP YOUR CASE MOVING ALONG.
14           MR. MEINERTZHAGEN:  YOUR HONOR, IF I COULD GET SOME
15  CLARIFICATION?  I ASSUME THERE'S NO PROHIBITION FROM THE
16  DEFENDANTS FILING FOR SUMMARY JUDGMENT BEFORE THE DATE --
17           THE COURT:  YOU CAN DO IT WHENEVER YOU WANT.
18           MR. MEINERTZHAGEN:  WHENEVER WE WANT?
19           THE COURT:  BUT YOU ONLY GET ONE SHOT.  NOW, IF YOU
20  BRING IT TOO EARLY AND THEY WIN ON RULE 56(F), YOU ARE GOING TO
21  BE OUT OF LUCK.  I'M NOT GOING TO ENTERTAIN IT TWICE.
22           MR. MEINERTZHAGEN:  OKAY.
23           YOUR HONOR, WE ALSO PROPOSED IN THIS JOINT CASE
24  MANAGEMENT REPORT THAT DISCOVERY BE STAYED UNTIL YOU DECIDE THE
25  PENDING MOTION TO DISMISS.  IT DOESN'T SOUND LIKE THAT'S
```

1  SOMETHING THAT YOU ARE INTERESTED IN.

2  **THE COURT:** NO, I'M NOT GOING TO DO THAT.

3  **MR. MEINERTZHAGEN:** OKAY.

4  **THE COURT:** BECAUSE HOW DO I KNOW THERE'S NO MERIT TO
5  THE MOTION OR THERE IS? I MEAN, I READ THIS. IT SOUNDS LIKE --
6  THIS IS JUST TAKING THEIR COMPLAINT, BUT IT SOUNDS LIKE YOU ARE
7  FRAUDULENTLY FOISTING ON UNSUSPECTING CONSUMERS SOME DUTY TO PAY
8  FOR MORE INSURANCE THAN THEY REALLY HAVE TO HAVE, AND YOU ARE
9  SAYING FEDERAL LAW REQUIRES IT WHEN, IN FACT, IT DOES NOT.

10  THAT'S THE ALLEGATION, RIGHT?

11  **MR. LUKAS:** THAT'S THE ALLEGATION, JUDGE.

12  **THE COURT:** IT COULD BE TRUE. IS IT? IS THAT TRUE?

13  **MR. MEINERTZHAGEN:** WELL, YOU READ THE COMPLAINT, NOT
14  THE MOTION TO DISMISS.

15  **THE COURT:** OKAY. I KNOW, BUT IS THAT WHAT'S REALLY
16  GOING ON HERE? MAYBE NOT. I DON'T KNOW. BUT, YOU KNOW,
17  NOTHING WOULD SURPRISE ME ANYMORE, WHAT GOES ON IN OUR ECONOMY.
18  SO THIS COULD BE JUST AS TRUE AS NOT TRUE. SO I'M NOT GOING TO
19  STAY DISCOVERY JUST BECAUSE YOU WANT TO BRING A MOTION.

20  **MR. MEINERTZHAGEN:** ALL RIGHT.

21  **MR. LUKAS:** SOUNDS GOOD, JUDGE.

22  **THE COURT:** GREAT. YOU ALL GO OUT, BE FAIR TO EACH
23  OTHER, AND I'LL SEE YOU AT ONE OF YOUR MOTIONS IN THE NEAR
24  FUTURE.

25  **MR. LUKAS:** THANK YOU, YOUR HONOR.

1      **MR. MEINERTZHAGEN:**  THANK YOU, YOUR HONOR.
2      **THE COURT:**  GREAT.  THANK YOU.
3                 (PROCEEDINGS ADJOURNED.)

## **CERTIFICATE OF REPORTER**

I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 10-1313 WHA, SHEILA HOFSTETTER, ET AL. V. CHASE HOME FINANCE, ET AL., WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

S/B JOAN MARIE COLUMBINI

_____

JOAN MARIE COLUMBINI, CSR 5435, RPR

WEDNESDAY, SEPTEMBER 22, 2010