**Nichols Kaster, PLLP**
the Voice for employees®
Attorneys at Law
Minneapolis • San Francisco

September 23, 2010

The Honorable Bernard Zimmerman
United States Magistrate Judge
Northern District of California
Courtroom G, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

*RE:   Hofstetter v. Chase Home Finance, LLC et al.,* **No. CV-10-1313 (WHA-BZ)**

Dear Judge Zimmerman,

Pursuant to Your Honor's Briefing Order (*Docket No. 65*), Plaintiff submits this letter summarizing the discovery issues that require Your Honor's attention in this putative class action lawsuit against Chase Home Finance and JP Morgan Chase Bank ("Chase").[1] As detailed in Plaintiff's earlier letter to Judge Alsup (*Docket No. 46*), Chase failed to provide almost all of the information requested in Plaintiff's first set of discovery requests. Because these deficiencies were so numerous, Judge Alsup only was able to address a fraction of them during the recent discovery hearing. However, at the hearing and in his subsequent order (*Docket No. 56*), Judge Alsup repeatedly expressed a concern about "stonewalling" by Chase. Since then, Chase has done little to supplement its responses. Accordingly, the following deficiencies remain.

Individual Discovery. Chase failed to produce any emails or internal communications relating to Plaintiff or her credit line (Request No. 4). Yet, Chase's "Customer Service Comments" for Plaintiff's loan file reference (i) a "Chase audit" of her file, (ii) an internal "review" of her insurance coverage dispute; and (iii) a "draft[]" of a letter to Plaintiff that was "[a]udited" before it was sent. *CHASE 00233.* Chase should produce all emails and communications relating to these internal reviews and audits, or otherwise relating to Plaintiff or her line of credit.[2]

Class Discovery. Chase failed to provide *any* information, correspondence, documents, data, or customer complaints relating to putative class members other than Plaintiff. (Interrogatory Nos. 1-3, 10 & Request Nos. 14, 30, 32). This information and documentation is relevant and discoverable for the reasons previously stated in Plaintiff's letter to Judge Alsup. In fact, Judge Alsup stated at the hearing that "I do think you're entitled on the plaintiff's side to reasonable discovery for people who were treated arguably similarly." *Tr. 14* (Sept. 1, 2010). Thus, the only question is the *extent* to which such class discovery should proceed at this time.

Judge Alsup's Discovery Order provides that "interrogatory requests 1 through 3 must be limited in scope to 'zero/zero' borrowers like plaintiff Hofstetter, unless and until a new plaintiff is allowed to intervene with claims that are more typical of borrowers with outstanding principal

---

[1] The lawsuit alleges that Chase unfairly and unlawfully requires its customers to obtain unnecessary and excessive flood insurance for their property, in amounts greater than that required by law or necessary protect Chase's interest in the property, without adequately disclosing such requirements in the relevant loan and mortgage documents.

[2] Similarly, Chase should produce all emails and other communications with its affiliates (e.g., JP Morgan Insurance Agency, Chase Insurance Agency, etc.) and relevant third parties (e.g., American Security Insurance Company, Assurant, etc.) relating to Plaintiff or her line of credit, which it thus far has failed to do.

balances and/or available credit limits[.]" *Docket No. 56 at 4*. Following this order, Plaintiff filed a motion to amend her complaint and add another named plaintiff (Roger Modersbach), who has a positive outstanding principal balance. *Docket No. 64*. Accordingly, Plaintiff suggests a two-step approach with respect to Interrogatory Nos. 1-3, as well as Interrogatory No. 10 and Request No. 32. First, Chase should immediately produce responsive materials for "zero/zero" borrowers in California. This will not present an undue burden, as Chase represented at the discovery hearing that there are only 150 "zero/zero" borrowers in California. *Tr. 18*. Second, in the event that Judge Alsup grants Plaintiff's motion to add Modersbach as named plaintiff, Chase should produce responsive materials for other California borrowers like him with positive principal balances and/or available credit limits.[3]

<u>Relevant Business Relationships and Financial Incentives</u>. Judge Alsup's Discovery Order provides that Plaintiff is entitled to information on the business relationship – including the financial relationship – between the two defendants, as well as between defendants and any third-party flood insurance providers. *Docket No. 56 at 2*. However, Chase's production in this regard has been paltry, and has been limited to one document. Notably, Chase has not produced any emails, memos, or similar documents relating its financial incentives in connection with flood insurance. At the hearing, Judge Alsup specifically directed Chase to produce such emails and memos. *See Tr. 25-27*.[4] Accordingly, Chase should be required to produce them (Request No. 21), as well as other materials relating to pertinent business relationships (Request Nos.15-17 & 19-20). In addition, Chase should supplement its response to Interrogatory No. 8.

<u>Documents Relating to Reasons for Policies and Policy Changes</u>. Chase has produced limited documentation relating to its flood insurance policies, but has not produced any documents relating to the *reasons* for those policies or any policy changes. (Request Nos. 23-24). This documentation is relevant and should be produced, particularly since Chase has "changed its insurance requirements to federal maximums in all cases[.]" *Docket No. 64-1 at 9, ¶ 37*.

<u>Compliance Documents.</u> Chase still has not produced documents relating to (i) its efforts determine whether it may require flood insurance in excess of a borrower's principal balance, (ii) its efforts to audit or assess compliance with respect to flood insurance; or (iii) upper-level communications regarding the same (Request Nos. 7, 9-12, 26-29). It should do so. In addition, Chase should produce documents relating to similar lawsuits or proceedings. (Request No. 31).

<u>Other Deficiencies</u>. Chase's other deficiencies are addressed in Plaintiff's earlier letter to Judge Alsup. We look forward to discussing these issues with Your Honor on September 28.

Respectfully,

Kai Richter
Counsel for Plaintiff

cc:  Defendants' Counsel (Via ECF)

---

[3] Plaintiff suggests a slightly different approach with respect to customer complaints about flood insurance and responses thereto. (Request Nos. 14, 30). At the discovery hearing, Judge Alsup noted that the existence of a large number of complaints does "have some probative value, even though you could argue the circumstances varied from individual to individual." *Tr. 22*. Accordingly, Plaintiff suggests that Chase immediately produce all responsive customer complaints and responses to such complaints. This will not present a burden to Chase, as it has codes in its database that flag relevant complaints (e.g., "Flood Zone Dispute", "Flood Insurance/Escrow Dispute", etc.). *Tr. 21*.

[4] Judge Alsup specifically stated: "[T]he entire financial relationship between these companies and the placement of this insurance – that should definitely be produced. . . . Maybe there's some emails that say things like, 'Hey Chase. Here's a way to make more fees.' . . . I bet you there are some emails just like that. If there aren't, I'd be shocked. So you get out there and produce those e-mails. Produce those memos." *Tr. 25-27*.