IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEILA I. HOFSTETTER, individually, as a representative of the class, and on behalf of the general public,

    Plaintiff,

  v.

CHASE HOME FINANCE, LLC, JP MORGAN CHASE BANK, N.A., and DOES 1 through 50, inclusive,

    Defendants.
    /

No. C 10-01313 WHA

**ORDER ON MOTIONS FOR DISCOVERY SANCTIONS**

**INTRODUCTION**

In this putative class action involving federal flood insurance requirements for home-equity lines of credit, plaintiff moves for discovery sanctions against defendants for failing to identify potential witnesses through initial disclosures and failing to produce a privilege log. For the reasons stated below, both motions by plaintiff are **GRANTED**.

**STATEMENT**

In connection with the purchase of their home in January 2006, plaintiff Sheila Hofstetter and her husband obtained a $175,000 line of credit from defendant JPMorgan Chase Bank, N.A. secured by a deed of trust. The deed of trust identified JPMorgan "or its successors or its assignees" as the beneficiary, and indicated that all communications to the lender should be sent to the servicer of the loan, defendant Chase Home Finance, LLC (Compl. ¶ 11).

In August 2009 Chase advised the Hofstetters their property was located in a Special Flood Hazard Area and that "Federal law requires" they purchase and maintain flood insurance for the property. This was followed by a letter in September 2009 stating that if the Hofstetters did not obtain "adequate" flood insurance coverage, Chase would purchase a $175,000 flood insurance policy for them and charge them $1,575 for the premium (*id.* at ¶ 15–17). One month later Chase notified the Hofstetters that it had force-placed a flood insurance policy issued by American Security Insurance Company in the amount of $175,000 on their property. The premium for the insurance was then added to their loan balance (*id.* at ¶ 19–20). The Hofstetters contacted Chase to request that they reverse the flood insurance charges. Chase refused to reverse the charges and advised the Hofstetters that closing the account by paying the outstanding balance of $1,575 was the only way to prevent further charges (*id.* at ¶ 22–23).

Sheila Hofstetter filed this action in March 2010 and alleged three claims: (1) violation of the Consumer Legal Remedies Act, California Civil Code Section 1750 *et seq.*; (2) violation of the Truth in Lending Act, 15 U.S.C. 1601 *et seq.*; and (3) violation of Section 17200 of the California Business and Professions Code. Plaintiff's first two claims were dismissed, however, defendants' motion to dismiss plaintiff's third claim was denied (Dkt. No. 51).

After the class action was filed plaintiff served her first set of interrogatories to defendant on June 22. Defendants served their initial disclosures to plaintiff on July 8. In these disclosures defendants identified plaintiff, her husband, and "employees of the defendants, not yet identified" as potential witnesses (Richter Decl. Ex. 1). No names were named. Counsel wrote a letter to defendants pointing out the obvious deficiency in failing to identify a single employee or representative from either JPMorgan or Chase. Plaintiff also requested that defendants supplement their initial disclosures before the July 30 deadline set in the case management order (Dkt. No. 40). Defendants did not respond or supplement. On July 30 defendants served their responses, including multiple objections, to plaintiff's discovery requests. These responses did not identify any potential witnesses in response to plaintiff's interrogatories, even though interrogatory number four asked defendants to identify all persons who may have knowledge in regard to this class action (Dkt. No. 47). In addition, these responses did not include a privilege

1 log and defendants asserted generalized claims of privilege and work-product protection in
2 objecting to certain discovery requests by plaintiff.

3 On August 2 plaintiff sent a second letter to defendants pointing out deficiencies in the
4 initial disclosures, response to interrogatories, and lack of a privilege log, warning appropriate
5 sanctions would be sought absent a cure (Dkt. No. 46). Defendants did not provide a written
6 response. A telephone conference followed (Richter Decl. ¶ 5). During this conference
7 defendants verbally identified one potential witness, Jeff Nack, an employee of JPMorgan and an
8 officer of Chase (Meinertzhagen Decl. ¶ 5). Defendants did not, however, supplement their initial
9 disclosures or interrogatory responses to include Mr. Nack, nor did they produce a privilege log
10 or provide any additional reasons for their privilege objections.

11 Plaintiff requested relief at a September 1 hearing. During the hearing plaintiff was
12 ordered to file two formal motions pertaining to (1) defendants' alleged failure to identify persons
13 with knowledge relating to the case in their initial disclosures and discovery responses, and (2)
14 defendants' general privilege assertions and alleged failure to produce a privilege log (Dkt. No.
15 46). The day after the hearing, defendants immediately supplemented both their initial
16 disclosures and discovery responses to include Jeff Nack for a total of one witness disclosed to
17 plaintiff. Plaintiff filed the instant motions seeking discovery sanctions against defendants.
18 Plaintiff is not requesting monetary sanctions.

**ANALYSIS**

**1. INITIAL DISCLOSURES**

21 Rule 26(a)(1) requires each party to provide to the other party the name of each individual
22 likely to have discoverable information that the disclosing party may use to support its claims or
23 defenses. Rule 37(c)(1) gives teeth to the initial disclosure requirements of Rule 26(a), by
24 forbidding the use of any information or witness that is not properly disclosed. *Torres v. City of*
25 *Los Angeles*, 548 F.3d 1197, 1212 (9th Cir. 2008). In addition, Rule 37(c)(1)(B) allows the
26 Court, on motion and after giving an opportunity to be heard, to inform the jury of a party's
27 failure to disclose. District courts have wide latitude to issue sanctions under Rule 37(c)(1):

28 > [Rule 37(c)] clearly contemplates stricter adherence to discovery
> requirements, and harsher sanctions for breaches of this rule . . . [Rule 37(c)

3

> is] a "self-executing," "automatic" sanction to provide a strong inducement for disclosure of material . . . Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded . . . although the exclusion of an expert would prevent plaintiff from making out a case and was a "harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule 37(c)(1).

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (distinguishing between district courts' limited discretion to issue Rule 37 sanctions dismissing an entire case and their broad discretion to issue Rule 37 sanctions that are less onerous, such as the exclusion of witnesses).

Both parties were warned at the outset of this litigation of the importance of initial disclosures. Paragraph 26 of the March 2010 supplemental order to order setting initial case management conference stated:

> Apart from discovery, Rule 26 requires certain automatic disclosures and requires them to be made in a timely manner. Under Rule 37(c), untimely disclosed materials may not be used at trial or on summary judgment unless the delay in disclosure is "harmless" or unless "substantial justification" for the delay is shown.

The parties were also reminded of the consequences of not completing timely initial disclosures during the July 15 case management conference, where the undersigned stated (Dkt. No. 108 at 4):

> All disclosures are due — they are already due. I'm going to give you until the end of the month, July 30, to make sure you've done it right. Why is that? Because I do enforce Rule 37(c), failure to make disclosures on time.

*Now, more than six months after the supplemental order was issued, and three months after the case management conference, defendants have disclosed the name of only one defense witness.* This disclosure was made over a month after the July 30 deadline for initial disclosures. Under Rule 37(c), defendants are hereby precluded from relying on any witness, other than Mr. Nack, on a motion, at a hearing, or at trial.

Defendants resist preclusion. They say any violations were not willful. They used the phrase "employees of the defendants, not yet identified," they say, to account for future potential defense witnesses. Rule 26 does not tolerate such gamesmanship. Defendants surely were and are in a position to know who among their own employees had relevant information on which they would rely.

4

Defendants also argue that substantial justification exists for delay in identifying witnesses because it is unclear exactly what plaintiff's complaint entails. This argument lacks merit. Defendants cannot claim ignorance or act confused to avoid making initial disclosures. Defendants have had since March 2010 to investigate plaintiff's claims and determine which individuals they will rely upon to support their defense. Mr. Nack is the only individual they identified. He will be the only defense witness at trial unless a showing is made under the exceptions for harmlessness and/or substantial justification when some other witness is proffered.

Given, however, that there is a parallel motion to add a brand-new plaintiff, then fairness requires that defendants be given a new opportunity to provide Rule 26(a) initial disclosures as to that brand-new plaintiff's claims, if that motion is allowed in any respect. Such disclosures should be provided 28 days after any such amendment is allowed.

### 2. ASSERTING PRIVILEGE

Paragraph 16 of the March 2010 supplemental order stated, "Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege." That order also made clear that, "No generalized claims of privilege or work-product protection shall be permitted" (Dkt. No. 3). Defendants have not provided a privilege log to plaintiff in this case. Defendants argue that no privilege log was provided because they do not have any privileged documents other than communications with litigation counsel which need not be logged per an agreement between the parties. Defendants also assert, however, that they reserve the right to later log privileged material other than communications with counsel. Plaintiff agrees that both parties stipulated to avoid unnecessary logging of communications with counsel. Plaintiff argues, however, that defendants cannot reserve the right to claim privilege on documents other than communications with litigation counsel.

Both sides are now ordered to log fully, all documents withheld based on any privilege save and except only documents or passages therein dated *after* this action commenced *and* addressed to a counsel of record herein with no copies to anyone else. In-house counsel do not count. Communication to and from in-house counsel must be logged, unless it is solely between in-house counsel and counsel of record. This must be done by **NOVEMBER 8, 2010, AT NOON.**

1 Any agreement to the contrary is overruled and any further attempt to evade orders will not amuse
2 the Court.

### CONCLUSION

For the reasons set forth above, both of plaintiff's motions for discovery sanctions against defendants JPMorgan Chase Bank, N.A. and Chase Home Finance, LLC for failing to identify potential witnesses through initial disclosures and failing to produce a privilege log are **GRANTED** but only to the extent above stated.

**IT IS SO ORDERED.**

Dated: October 29, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE