**Nichols Kaster, PLLP**
the Voice for employees®
Attorneys at Law
Minneapolis • San Francisco

December 1, 2010

The Honorable Bernard Zimmerman
United States Magistrate Judge
Northern District of California
Courtroom G, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

*RE:*   *Hofstetter et al v. Chase Home Finance, LLC et al.,* **No. CV-10-1313 (WHA-BZ)**

Dear Judge Zimmerman,

This letter summarizes the discovery issues that remain following the parties' earlier telephone hearing with Your Honor on September 28, 2010 and their subsequent efforts to meet and confer. There have been several important developments since the telephone hearing. First, on October 29, 2010, Judge Alsup issued an order sanctioning Defendants for their discovery "gamesmanship" in connection with their witness disclosures and privilege objections. *Docket 109*. Second, on the same date, Judge Alsup also granted Plaintiffs' motion to file a second amended complaint adding a non-"zero-zero" borrower as a named Plaintiff and asserting a truth-in-lending claim on behalf of a putative nationwide class.[1] *Docket 110.* Third, during the hearing on the motion for sanctions, Judge Alsup voiced displeasure that Plaintiffs' Rule 30(b)(6) deposition had been postponed (at Defendants' request), and Plaintiffs thereafter went forward with the deposition on November 10, 2010, at the express direction of the Court. Yet, in spite of these developments, Defendants have continued to stonewall and delay discovery, and have produced almost no additional documents since the telephone hearing on September 28. As a result, the Rule 30(b)(6) deposition was severely prejudiced, and Plaintiffs' upcoming motion for class certification (due February 3, 2010) also will be prejudiced if Defendants fail to promptly resolve their discovery deficiencies, as set forth below.

Improper Privilege Objections. Following Judge Alsup's order sanctioning Defendants for their failure to log *any* privileged documents, Defendants produced a lengthy privilege log containing hundreds of entries. Many of the entries on this log identify communications third-parties, and some entries do not show any lawyers or any persons employed by Defendants in either the "To" column or the "From" column. These privilege designations are clearly improper.

Documents Relating to Reasons for Flood Insurance Policy Changes (Requests 23-24).[2] Defendants still have not produced *any* documents relating to the reasons that they changed their flood insurance policies to increase their insurance requirements and begin force-placing so-called "gap" coverage. This omission severely prejudiced the Rule 30(b)(6) deposition, as Defendants' corporate witness (Jeffrey Nack) provided extensive testimony concerning the reasons that Defendants made these policy changes, without any corroboration and without any opportunity for meaningful cross-examination. Moreover, Nack testified that he was intimately involved in the decision to make these policy changes, together with representatives from Chase's compliance department, legal department, and loan origination group.

---

[1] Defendants previously contended that discovery should be strictly limited to "zero-zero" borrowers.
[2] For reference purposes, Plaintiffs' discovery requests can be found at Docket No. 47.

4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402 • Telephone (612) 256-3200 • Facsimile (612) 338-4878
Direct Dial (612) 256-3278 • Email krichter@nka.com • Web www.nka.com

Prior to the deposition, Plaintiffs specifically requested, in the Rule 30(b)(6) notice, that Defendants produce all documents "authored by, received by, copied to, or in the possession of" Nack that were (1) responsive to Plaintiff's discovery requests (including Request Nos. 23-24 relating to Chase's flood insurance policy changes and the reasons therefore); or (2) relevant to the listed deposition topics (including Topic 1: "Defendants' policies and practices related to flood insurance and the reasons for those policies and practices and any changes to those policies and practices.") Yet, Nack testified that neither he nor anyone else made any effort to search his emails or other files for responsive documents. Given Plaintiffs' multiple requests for this documentation – which was originally requested in June – it is inexcusable that such documents were not produced in advance of the deposition, and it is even more outrageous for Defendants to continue to withhold such documents now. Plaintiffs' TILA claim specifically relates to changes in Chase's flood insurance policies, and the reasons for Chase's policy changes are also relevant to Plaintiffs' "unfair" business practices claim under Cal. Bus. & Prof. Code § 17200. *See Gutierrez v. Wells Fargo Bank, N.A.*, 2010 WL 3155934, at *44 (N.D.Cal. Aug. 10, 2010) (Alsup, J.) (finding Wells Fargo violated "unfair" prong of § 17200 because "Wells Fargo's decision to post debit-card transactions in high-to-low order was made for the sole purpose of maximizing the number of overdrafts assessed on its customers"); *see also id.* at 28-31 (finding "no documentary evidence" supported bank's competing explanations for its policy).

Compliance Documents (Request Nos. 7, 9-12, 26-29). Chase still has not produced documents relating to (1) its efforts determine whether it may require flood insurance in excess of a borrower's loan balance, (2) its efforts to assess compliance with respect to flood insurance; or (3) upper-level communications regarding the same. It should do so, particularly since the compliance group assisted Nack in developing and evaluating Chase's flood insurance policies. Moreover, Chase has a so-called "compliance inbox" that contains responsive documents.

Customer Complaints (Request No. 30). Chase also continues to refuse to produce customer complaints relating to flood insurance. These complaints are relevant to Plaintiff's "unfair" business practice claim and should be produced. *See Gutierrez*, 2010 WL 3155934, at *38 & n.18 (overruling bank's objections to admission of customer complaints). Although Chase argues it would be too burdensome to search for such complaints, it has database codes for flood insurance disputes that can be used to identify responsive complaints.

Electronic Data Relating to Plaintiff Hofstetter (Request Nos. 1-2). After the discovery conference on September 28, Chase produced a limited amount of additional documents relating to Plaintiff Sheila Hofstetter. Some of these documents include screenshots from various customer databases, but the screenshots are partially illegible and incomplete. Chase should produce *all* records – including its electronic data – relating to the named Plaintiffs.

Other Documents. Plaintiffs continue to meet and confer with Defendants regarding other deficiencies in their responses. In addition, Plaintiffs recently served targeted supplemental requests seeking materials relating to Defendants' financial incentives in connection with force-placed flood insurance, which Defendants so far have refused to produce in response to Plaintiffs' existing requests. Plaintiffs reserve their right to seek additional relief if Defendants' other deficiencies are not resolved and/or Defendants provide incomplete responses to Plaintiffs' supplemental requests.

Respectfully,

Kai Richter

cc: Defendants' Counsel (Via ECF)        Counsel for Plaintiff