# BURKE, WARREN, MACKAY & SERRITELLA, P.C.

330 NORTH WABASH AVENUE
22ND FLOOR
CHICAGO, ILLINOIS 60611-3607
TELEPHONE (312) 840-7000
FACSIMILE (312) 840-7900
www.burkelaw.com

LEANN PEDERSEN POPE
DIRECT DIAL NUMBER
(312) 840-7013
LPOPE@BURKELAW.COM

<u>BY ECF</u>　　　　　　　　　　　　　　　　　　　　　　　　　　December 3, 2010

Magistrate Judge Bernard Zimmerman
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

　　　　Re:　*Sheila I. Hofstetter v. Chase Home Finance, LLC, et al.*, CV-10-1313-WHA

Dear Magistrate Zimmerman:

Chase writes this letter in response to Plaintiffs' December 1, 2010 letter (Dkt. No. 115). Plaintiffs misrepresent the posture of this case regarding discovery issues. During a September 1 discovery dispute hearing, Plaintiffs informed Judge Alsup that: (1) in their initial disclosures, Chase had disclosed that it intended to rely on employees' testimony concerning Chase's business records relating to Hofstetter's mortgage loan, but it had not yet identified any specific witnesses by name; and (2) Chase had included a general privilege objection in their written discovery responses, even though they did not assert a privilege objection with respect to any specific discovery request. Judge Alsup directed Plaintiffs to file two motions for sanctions: one seeking to bar Chase from calling any witnesses at trial, and another deeming Chase to have waived its right to assert privilege objections. On August 5, Chase had identified Jeff Nack as a witness on business records relating to Hofstetter, but amended its Rule 26(a) disclosures on September 2 to specifically identify him again.

Judge Alsup's October 29 ruling on the sanctions motions barred Chase from relying on any witnesses other than Nack for Hofstetter's claims, and ordered both sides to log all documents withheld based on any privilege, with the exception of certain privileged documents specified in the Court's order (Dkt. No. 109). Judge Alsup did not hold that Chase waived its right to assert privilege; he held the parties were prohibited from entering into an agreement that such communications need not be logged.

<u>Privilege Objections.</u>　Any communications listed on the privilege log were either attorney-client privileged communications or work product, pursuant to direction from counsel as part of the fact investigation of this lawsuit.

<u>Documents Relating to Reasons for Flood Insurance Policy Changes.</u>　Chase previously provided Plaintiffs with all of Chase's current and historical written flood insurance procedures during the putative class period. These documents reflect changes in Chase's policies and procedures over time.

Also, prior to Mr. Nack's deposition, Chase amended its response to Request No. 24 – seeking "[a]ll Documents that relate to the reasons for any changes to company policies concerning flood insurance" – and produced the 2009 Interagency Q & A that caused Chase to change its flood insurance requirements effective December 2009 (Bates Nos. CHASE 00783-00817), even though it is a public record. The 2009 Interagency Q & A clarified that a lender or servicer could, for HELOCs, require flood insurance coverage in a minimum of three amounts – (1) the combined outstanding balance of all liens on the building; (2) the replacement cost value of the building; or (3) the NFIP maximum of $250,000 – and, for the first option, a HELOC lender or servicer cannot look at the amount of the HELOC without taking

# BURKE, WARREN, MACKAY & SERRITELLA, P.C.

into account the outstanding amounts of any other liens. Incredibly, while Mr. Nack provided testimony on Chase's policies and procedures, what changes were made, and when changes were made, Plaintiffs' counsel briefly inquired *only once* during the entire deposition as to *why* a particular policy was changed. J. Nack Dep. at 74:14-22.

The reasons for the procedure change are not relevant to prove any elements of Plaintiffs' TILA or "unfair" UCL claims, or to class certification. Plaintiffs' TILA claim relates to *whether* the terms of Plaintiffs' loans were changed and whether Plaintiffs received notice of those changes. (SAC paras. 70-72 (Dkt. No. 112).) Neither TILA nor "unfair" UCL claims require intent to prove a violation. Plaintiffs' reliance on *Gutierrez* to obtain discovery on "intent" is misplaced because that case also involved a "fraudulent" UCL claim and a claim for common law fraud. 2010 WL 3155934 at *40, 49. There are no fraud-based claims here.[1]

Compliance Documents. The only internal audit or compliance reviews are Chase's reviews to determine whether it is complying with its own internal processing procedures and whether Assurant is properly tracking flood insurance. These documents are irrelevant to plaintiffs' claims or class certification. As for the "compliance inbox" to which Plaintiffs refer, that is a general e-mail box for Assurant to send questions to Chase regarding flood insurance issues. It has nothing to do with compliance reviews or audits.

Customer Complaints. Customer complaints also are not relevant to prove the TILA and "unfair" UCL claims or to class certification. *Gutierrez* does not support Plaintiffs' position. As discussed above, unlike here, there were fraud claims in *Gutierrez*. Also, Mr. Nack specifically testified that, although Chase's database can track customer complaints by broad categories, it contains only a general category for flood inquiries and disputes, not more specific categories for flood insurance coverage disputes. J. Nack Dep. at 193:24-194:21, 198:7-199:6. He further testified that such a specific determination would require a review of every single customer record to determine the particular reason for each dispute. *See id.* at 199:7-14.

Electronic Data. As we have continually told Plaintiffs' counsel, Chase has produced all documents relating to Hofstetter. Any data kept electronically by Chase (such as servicing notes, customer service notes, or account history) has been produced in hard copy form, and Plaintiffs cannot articulate what "electronic data" they believe exist that has not been produced. The partially illegible screen shots are not Chase documents; they were obtained from Assurant, and we are trying to get more legible copies, as we previously told Plaintiffs' counsel.

Respectfully yours,

*[signature]*

LeAnn Pedersen Pope

LPP:rrm
cc:    All Counsel (via ECF)

---

[1] In addition, Plaintiff's deposition notices contain a provision that purports to require Chase to produce documents "authored by, received by, copied to, or in the possession of" the Rule 30(b)(6) witness, and which either relate to the topics listed in the two Rule 30(b)(6) notices or which are "otherwise responsive" to Hofstetter's written discovery requests. Chase objected to these provisions and to the scope of the documentation and testimony sought by the notices.