# BURKE, WARREN, MACKAY & SERRITELLA, P.C.

LeAnn Pedersen Pope
Direct Dial Number
(312) 840-7013
LPOPE@BURKELAW.COM

330 NORTH WABASH AVENUE
22ND FLOOR
CHICAGO, ILLINOIS 60611-3607
TELEPHONE (312) 840-7000
FACSIMILE (312) 840-7900
www.burkelaw.com

December 3, 2010

**BY ECF**

Magistrate Judge Bernard Zimmerman
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Sheila I. Hofstetter v. Chase Home Finance, LLC, et al.*, CV-10-1313-WHA

Dear Magistrate Zimmerman:

Chase seeks guidance on two issues involving privilege logs relating to Judge Alsup's October 29, 2010 Order (Dkt. 109): (1) whether Chase is required to log privileged documents potentially responsive to disputed discovery requests that are currently pending before this Court, before the Court rules on Chase's objections to those requests[1]; and (2) whether Chase has an obligation to continuously update its current privilege log consisting of communications and work product of counsel regarding Hofstetter's account after the lawsuit was filed. The context for this issue follows.

The parties agreed in their Joint Rule 26(f) Report (Dkt. 36; July 8, 2010) that they would "provide privilege logs in accordance with Paragraph 16 of the Court's Supplemental Order, but have agreed that communications between litigation counsel and client (or among litigation counsel and their law firm staff) relating to the litigation *need not be logged*." (*Id.* at 10 (emphasis added).) Chase served its responses to Plaintiff's discovery requests on July 30, subject to this agreement. Chase did not log communications with litigation counsel, and instead asserted a general privilege objection to notify Plaintiff that such communications would be withheld. Chase produced documents relating specifically to Ms. Hofstetter and her HELOC loan, but did not withhold any documents relating to her loan other than materials generated in connection with defending this suit, including communications between litigation counsel and Chase after the case was filed. When Plaintiff raised the issue of Chase's general privilege objection with Judge Alsup, Chase responded that it had only made the objection consistent with the parties' agreement. (Dkt. 52.) Nonetheless, Judge Alsup ordered Plaintiff to "file a motion pertaining to defendants' general privilege assertions and alleged failure to produce a privilege log." (Dkt. 56.)

At the October 28 hearing on Plaintiff's motion regarding Chase's general privilege assertion, Judge Alsup determined that the parties could not agree that communications with litigation counsel need not be logged. On October 29, 2010, Judge Alsup ruled on the privilege log issue and entered an "Order on Discovery Sanctions" (Dkt. 109), providing that (emphasis in original):

> Both sides are now ordered to log fully, all documents withheld based on any privilege save and except only documents or passages therein dated *after* this action commenced *and* addressed to a counsel of record herein with no copies to anyone else. In-house counsel do not count. Communications to and from in-house counsel must be logged, unless it is solely between in-house counsel and counsel of record. This must be done by **NOVEMBER 8, 2010, AT NOON**.

---

[1] The parties' pending dispute concerning the scope and relevancy of many of Plaintiff's discovery requests were referred to you by Judge Alsup on September 2, 2010, as were all future discovery disputes.

## BURKE, WARREN, MACKAY & SERRITELLA, P.C.

At the October 28 hearing, Chase's counsel sought clarification regarding whether Chase must log privileged documents when objecting to a discovery request as overly broad, irrelevant, or for another reason, but not on privilege grounds. Judge Alsup responded, "[G]o to the Magistrate Judge and say: 'This is so broad. Give us relief from having to even do the privilege log until after we sort out how much of this is a legitimate request.'" (Transcript at 49 (Dkt. 108).) Judge Alsup further explained that overly broad or irrelevant requests should be quashed and Chase should "go to the Magistrate Judge with a motion for protective order that says: 'We don't want to violate the Judge's rules on privilege. And this is so overbroad, we need your help to quash this because it's so overbroad to begin with.'" (*Id.* at 50.)

In compliance with the Court's deadline, Chase provided Plaintiff with a privilege log on November 8. The log contains a description of hundreds of communications, dated after this case was filed, involving litigation counsel and relating to Hofstetter's loan. Chase believes that the October 29 Order requires Chase to log privileged documents relating to Hofstetter's HELOC loan, because the only privileged documents currently withheld from production are those documents specifically relating to Hofstetter's loan. However, Chase recognizes that there may be other privileged documents that are potentially responsive to the pending disputed discovery requests, but do not believe these need to be logged until Your Honor rules on Chase's objections *and* determines that the documents fall within the proper scope of discovery. If Chase's objections to certain requests are sustained, then no documents need be produced in response to those requests, and no privilege log would ever be required. Furthermore, Chase did not object to any other requests based on privilege.

It is Chase's understanding that a party is required to create a privilege log only when a document is "otherwise discoverable." Fed. R. Civ. P. 26(a)(5)(A). *See also* Fed. R. Civ. P. 26(a)(5)(A) advisory committee note ("The obligation to provide pertinent information concerning withheld privileged materials applies only to items otherwise discoverable.") While we found no authority requiring a party to produce a privilege log before non-privileged documents responsive to the same request are produced, we wanted to ensure compliance with the Court's October 29 Order. Specifically, we request clarification in an order that Chase is not required to produce a privilege log relating to disputed discovery requests before Your Honor rules on those requests.

Finally, per Judge Alsup's October 29 Order, Chase's log contains communications after the commencement of this lawsuit between Chase's counsel of record and in-house counsel and business employees or communications between Chase's in-house counsel and Chase's business employees. We believe Chase has no continuing obligation to update that privilege log with the numerous e-mails and other documents that are created on a daily basis, as we defend this case. If Chase is required to update this privilege log, please advise how often Chase is required to do so.[2]

Respectfully yours,

*LeAnn Pedersen Pope*

LeAnn Pedersen Pope

LPP:rrm
cc: All Counsel (via ECF)

---

[2] Before Judge Alsup's October 29 Order, it was Chase's understanding that communications and work product created after the commencement of litigation need not be logged. *See, e.g., Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *3 (N.D. Cal. Dec. 18, 2009) (holding that "counsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on a privilege log"); *Baxter Healthcare Corp. v. Fresenius Med. Car Holding, Inc.*, 2009 WL 102696, at *1 (N.D. Cal. Jan. 13, 2009) (upholding prior order incorporating the parties' agreement that privileged and work product materials need only be logged if created prior to commencement of litigation); *Imperial Corp. of Am. v. Shields*, 174 F.R.D. 475 (S.D. Cal. 1997) (noting that a privilege log may be overly burdensome where it would include attorney-client communications and work product created during the course of the litigation).