

December 6, 2010

The Honorable Bernard Zimmerman
United States Magistrate Judge
Northern District of California
Courtroom G, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

RE:   *Hofstetter et al v. Chase Home Finance, LLC et al.,* **No. CV-10-1313 (WHA-BZ)**

Dear Judge Zimmerman,

This letter responds to Chase's second letter to Your Honor dated December 3, 2010, requesting "guidance" concerning its privilege obligations. If Chase truly was unclear concerning its privilege obligations, it should have sought guidance from the Court months ago.[1] However, at no time during the discovery process did Chase seek any such guidance, until now – five months after Plaintiffs served their first set of discovery requests and five weeks after Judge Alsup issued his sanctions order.

The rules relating to privilege have been clear from the beginning of this lawsuit. On the very same day that the case was filed, the Court issued an order providing that (1) "No generalized claims of privilege or work-product protection shall be permitted"; (2) "Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege"; and (3) "Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection." *Docket No. 3 at 4-5, ¶ 16*. In spite of this direction, Chase asserted a generalized and unsupported privilege objection in response to Plaintiffs' first set of discovery requests, without specifically asserting a privilege objection in response to any particular request and without providing a privilege log. *See Docket No. 46, Ex. 4*. Further, Chase failed to cure this omission when requested to do so by Plaintiffs' counsel. Accordingly, Plaintiffs filed a motion for sanctions on September 13, 2010, at the direction of the Court.

In response to Plaintiffs' sanctions motion, Chase claimed that no privilege log was necessary because the parties had agreed that communications with "litigation counsel" need not be logged. *Docket No. 36 at 10*. In support of this argument, Chase explicitly represented to the Court that "no other documents have been withheld on privilege grounds *except* communications between litigation counsel and their clients." *Docket No. 73 at 3* (emphasis in original). However, at the sanctions hearing on October 28, 2010, it became clear that Chase was playing games with the meaning of "litigation counsel," and had withheld documents *other* than communications with its litigation counsel. Accordingly, Judge Alsup granted Plaintiffs' Motion for Sanctions, and ordered Chase to "log fully, *all* documents withheld based on any privilege save and except only documents or passages therein dated *after* this action commenced *and* addressed to a counsel of record herein with no copies to anyone else." *Docket No. 109 at 109 at 5-6* (emphasis supplied in part and omitted in part).

---

[1] Plaintiff Hofstetter served her first set of discovery requests on June 22, 2010, and Defendants served their responses to these requests on July 30, 2010, after being granted a brief extension.

4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402 • Telephone (612) 256-3200 • Facsimile (612) 338-4878
Direct Dial (612) 256-3278 • Email krichter@nka.com • Web www.nka.com

When Chase finally produced a log, it was immediately apparent that it had been withholding documents improperly. Many of the purportedly privileged documents were not communications between Chase and its litigation counsel, but rather communications with third parties. In fact, Chase's litigation counsel is nowhere to be found on the log entries for many documents. The following entries are illustrative:

| From | To | CC | Email Subject | Date Sent | Privilege |
|---|---|---|---|---|---|
| Vanessa Cook (Assurant) | Jeff Nack (Chase) | | Hofstetter's Insurance Removal | 9/9/2010 | Work Product |
| Amelia Brown (Assurant) | Patti Haller (Assurant) | Delsi Caba (Assurant); Jennifer Menendez (Chase); Megan Groff (Chase); Vida Willingham (Assurant); Vilma Munoz (Assurant); Cedric McNeal (Assurant) | Requesting information regarding the Hofstetter account | 4/22/2010 | Work Product |
| | | | Assurant tracking history | | Attorney-Client and Work-Product |

Perhaps even more troubling, *Chase did not log a single document generated prior to the onset of litigation* in March 2010. Thus, in spite of the Court's Order for Sanctions, it appears that Chase is continuing to bury documents without logging them or disclosing their existence.[2]

In light of Chase's failure to log *any* pre-suit documents – and its representation to the Court that "no other documents have been withheld on privilege grounds *except* communications between litigation counsel and their clients" – Chase should not be allowed to later supplement its log with documents that were generated prior to litigation. It is bad enough that Chase waited five months to log hundreds of allegedly privileged documents; these untimely privilege claims should not be allowed to morph into the thousands. Chase already has been ordered – twice – to log *all* documents withheld on privilege grounds, and its failure to do so in spite of these orders constitutes a waiver of its right to assert privilege. *See Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005); *Gonzalez v. Texaco, Inc.*, No. 3:06-cv-02820, slip op. at 3 (N.D.Cal. May 4, 2007) (Alsup, J.) (refusing to allow untimely privilege objection where counsel previously represented that no privilege claim was being asserted).[3] It is no defense that Chase claims Plaintiffs' discovery requests are overbroad. *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 666-67 (D.Kan. 2004).

Moreover, with respect to any further allegedly privileged documents that are generated *post-suit*, Chase should not be relieved of its obligation to log such documents. Allowing it to withhold additional documents without logging them would be an invitation for further abuse.

We appreciate Your Honor's attention to these issues.

Respectfully,

Kai Richter

cc: Defendants' Counsel (Via ECF)          Counsel for Plaintiff

---

[2] For example, although Chase's flood insurance notices invoked "Federal law" (*e.g., Docket Nos. 94, 96, 100*), Chase has not identified any privileged documents (or even non-privileged documents) that suggest (1) how it reached its erroneous interpretation of federal law; or (2) whether its flood insurance policies and practices are in compliance with federal or state law. Similarly, Chase has not identified any privileged or non-privileged documents relating to the reasons that it increased its flood insurance requirements.

[3] *Accord*, *Nextg Networks of NY, Inc. v. City of New York*, 2005 WL 857433, *2 (S.D.N.Y. Apr. 13, 2005) ("If a claim of privilege is not asserted at the time a party responds to a discovery request, the privilege is waived. A party cannot simply hold in reserve its objections on grounds of privilege for later strategic use."); *In re Honeywell Int'l, Inc. Securities Litig.*, 230 F.R.D. 293, 299-300 (S.D.N.Y. 2003) (failing to assert all privilege objections at once "undermines the very purpose of privilege logs, and promotes the kind of gamesmanship that courts discourage").