# BURKE, WARREN, MACKAY & SERRITELLA, P.C.

LeAnn Pedersen Pope
Direct Dial Number
(312) 840-7013
lpope@burkelaw.com

330 NORTH WABASH AVENUE
22ND FLOOR
CHICAGO, ILLINOIS 60611-3607
TELEPHONE (312) 840-7000
FACSIMILE (312) 840-7900
www.burkelaw.com

**BY ECF**

February 3, 2011

Magistrate Judge Bernard Zimmerman
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Sheila I. Hofstetter v. Chase Home Finance, LLC, et al.*, CV-10-1313-WHA

Dear Magistrate Zimmerman:

Defendants seek leave to file a motion for protective order to prohibit discovery relating to Defendants' flood insurance policies that have never been applied to Plaintiffs and have nothing to do with Plaintiffs' alleged claims.

Plaintiffs have Home Equity Lines of Credit (HELOCs) and they challenge Defendants' flood insurance requirements for borrowers with HELOCs. Plaintiffs claim Defendants violated the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and the "unfairness" prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because Defendants required Plaintiffs to maintain flood insurance in amounts greater than the amount of their available credit lines. (SAC paras. 12-46, 70-71, 80, 82 (Dkt. 112).)

Plaintiffs' counsel claims that they are entitled to information regarding non-home equity loans because their putative class definition includes *every* Chase borrower whose home is in a flood zone, and not just borrowers with HELOCs, like the named Plaintiffs. However, simply because Plaintiffs allege an overly broad class definition in their complaint doesn't mean they are entitled to unlimited discovery relating to policies and procedures that didn't apply to them. Defendants' policies for flood insurance for non-home equity borrowers didn't apply to Plaintiffs because those policies are significantly different than the flood policies applied to HELOCs. For home equity borrowers, like Plaintiffs, Chase currently requires flood insurance equal to the replacement cost value of the home, or the National Flood Insurance Program maximum of $250,000, whichever is less. Unlike the flood insurance requirements for HELOCs, Chase also considers the outstanding principal balance of the loan for borrowers with first mortgage loans (non-home equity loans).

Plaintiffs have no standing to assert claims on behalf of non-home equity borrowers, and are not entitled to discovery regarding non-home equity borrowers or policies and procedures. A class plaintiff must plead her own claims to have standing, and cannot bootstrap the claims of absent class members. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n. 20 (1976). It is insufficient to allege an injury suffered by absent members of the classes that Plaintiffs seek to represent, and they are not entitled to discovery relating claims they cannot themselves assert. *Id.*; *Dash v. FirstPlus Home Loan Trust 1996-2*, 248 F. Supp. 2d 489, 503 (M.D.N.C. 2003) ("Otherwise, any plaintiff could sue a defendant against whom the plaintiff has no claim in a putative class action, on the theory that some member of the hypothetical class, if a class were certified, might have a claim. Plaintiffs may not use the procedural device of a class action to bootstrap [themselves] into standing [they] lack[ ].") (citation and quotation marks omitted).

Chase produced extensive discovery regarding its flood insurance policies and procedures for home equity customers – which apply to Plaintiffs' loans – including numerous form letters sent to home equity customers explaining Chase's flood insurance requirements.

BURKE, WARREN, MACKAY & SERRITELLA, P.C.

In a December 28, 2010 e-mail, Plaintiffs' counsel, for the first time, specifically requested form letters sent to non-home equity customers. Defendants objected because neither Plaintiff makes any claims relating to non-home equity loans, so letters sent to non-home equity borrowers have no bearing on Plaintiffs' claims. Nonetheless, subject to this objection, Defendants agreed to produce copies of these irrelevant non-home equity letters to prove that Chase's flood insurance requirements for non-home equity loans are different than for home equity lines and loans.[1] Defendants hoped that when Plaintiffs' counsel saw for themselves that the flood insurance requirements for non-home equity borrowers were different, this discovery dispute would be resolved.

However, since then, Plaintiffs' counsel has persisted and has requested several more categories of documents regarding non-home equity loans. During a January 12, 2011 telephonic meet and confer, Plaintiffs' counsel specifically requested Defendants' non-home equity policies and procedures, which don't apply, and have never been applied, to Plaintiffs' loans. In a January 18 e-mail, Plaintiffs' counsel, for the first time, specifically requested a list of non-home equity borrowers in flood zones, for the purpose of obtaining a sampling of non-home equity borrowers' mortgages or deeds of trust. Plaintiffs also seek to depose Maggie Reitz, a CHF employee on the non-home equity side of the Escrow Administration department, who has no responsibility for home equity procedures or loans.[2]

Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense.*" (emphasis added). Here, Plaintiffs both have HELOCs, and their claims related exclusively to Chase's flood insurance requirements for HELOCs. They do not, and cannot, assert any claims relating non-home equity loans – neither Plaintiff has a first mortgage loan with Chase. Plaintiff Hofstetter claims that Chase could not require her to maintain *any* flood insurance because her credit line was suspended when she had no outstanding balance. Plaintiff Modersbach claims that Chase was prohibited from requiring flood insurance in an amount greater than his available line of credit. These claims are unique to HELOC borrowers, and discovery related to non-home equity loans cannot be relevant to these claims. Thus, a protective order to prevent such discovery is appropriate.[3]

Defendants request that this Court grant them leave to file a motion for a protective order to prevent Plaintiffs from seeking any discovery regarding Defendants' non-home equity policies, procedures, or customers.

Respectfully yours,

LeAnn Pedersen Pope

cc: All Counsel (via ECF)

---

[1] Defendants produced those letters on January 28, 2011. The letters show that CHF's coverage amount requirements for non-home equity loans are, at a minimum, the lesser of: (1) the NFIP maximum; (2) the replacement cost value ("RCV") of the dwelling; or (3) unpaid principal balance ("UPB") (if the UPB is greater than 80% of the RCV, then the coverage requirement is the UPB; if the UPB is less than 80% of the RCV, then the minimum coverage amount must be 80% of the RCV). These requirements have not changed since 2007, before which the requirements were, at a minimum, the lesser of: (1) UPB; (2) RCV; or (3) the NFIP maximum. These requirements are different than CHF's requirements for HELOCs and home equity loans. (*See* SAC paras. 22, 29, 38.)

[2] While Defendants initially agreed to produce Ms. Reitz as a deposition witness during the January 12 meet and confer, Defendants reconsidered their position and explained in a January 20 e-mail to Plaintiffs that Defendants would not agree to produce Ms. Reitz because she has no responsibility for HELOCs or home equity loans. Nonetheless, after receiving the e-mail, Plaintiffs re-noticed Ms. Reitz's deposition for February 9.

[3] *See* Fed. R. Civ. P. 26(c)(1)(D) (a court may issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters"). *See also Pablo v. Servicemaster Global Holdings*, Nos. C 08-03894 SI, C 10-00628 SI, 2010 WL 5022564, at *3 (N.D. Cal. Dec. 3, 2010) (denying putative class representatives' motion to compel production of documents relating to claims not brought by plaintiffs); *Williams v. Veolia Transp. Servs.*, No. CV 08-2582-GW, 2008 WL 7389430, at *2 (C.D. Cal. Dec. 17, 2008) (denying putative class representative discovery that was not likely to produce substantiation of class allegations).

09135\00590\808382v5