IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA I. HOFSTETTER, individually, as a representative of the class, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>CHASE HOME FINANCE, LLC, CHASE BANK USA, NA, and DOES 1 through 50, inclusive,<br><br>Defendants._____/ | No. C 10-01313 WHA<br><br>**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL** |

On February 17, 2011, plaintiff filed her motion for class certification. Because the motion and supporting materials contained information that defendants had designated as "confidential," this filing was accompanied by an administrative motion to file portions of the materials under seal. Pursuant to Civil Local Rule 79-5(d), defendants then had seven days within which to submit a declaration establishing that the designated information should, in fact, be sealed. No such declaration was timely filed. Defendants were allowed to file a supporting declaration by noon on March 2, and they did so.

In a March 2 order, the motion then was granted as to all requested items except exhibits 1–4 to the Richter declaration and the class certification memorandum. As to those documents, the motion for a sealing order could not be granted because the request was not narrowly drawn to include only sealable material. Defendants, however, were allowed to file a more narrowly drawn request by noon on March 7. Defendants were reminded of the Ninth Circuit's strict standard for sealable material, as set forth in the order approving the stipulated protective order subject to stated conditions (Dkt. No. 55). Defendants also were warned that "*[i]f no further request is filed, or if the revised request still overreaches, then the administrative motion will be denied as to these documents and they will be filed in the public record in their entirety*" (Dkt. No. 136). Defendants timely filed a "supplemental response." It is inadequate.

1   Regarding the memorandum and exhibits 1 and 2, defendants have not narrowed their request; they simply repeat that all the material they seek to seal — large swaths of plaintiff's class certification brief and scores of pages of deposition transcripts — has been designated as confidential. As explained in the March 2 order, this designation includes large amounts of material for which good cause to seal is not apparent. Defendants will not be given any more opportunities to justify or narrow these overreaching requests.

Regarding exhibits 2 and 3, which are deposition transcripts, defendants' supplemental response explains that defendants formerly sought to seal the entire transcripts because they had not yet identified which portions were confidential. Defendants further explain that they now have designated specific portions of the transcripts as confidential and have filed redacted versions accordingly. Defendants have not, however, lodged unredacted chambers copies that "clearly designate which portions are confidential," as required by the protective order, "so that chambers staff does not have to reassemble the whole brief or declaration" (Dkt. No. 55). Based upon a limited attempt at such reassembly, it appears that defendants' confidentiality designations with respect to exhibits 2 and 3 follow the same pattern of over-designation.

Defendants have been given multiple opportunities to comply with the procedural and substantive rules regarding requests for sealing orders. Defendants' request for a sealing order remains overreaching and noncompliant as to the class certification memorandum and exhibits 1–4 to the Richter declaration. Defendants were warned that such shortcomings would result in denial of the request altogether. Accordingly, plaintiff's February 17 administrative motion for leave to file documents under seal is **DENIED** as to plaintiff's class certification memorandum and exhibits 1–4 to the Richter declaration. Plaintiff may file these documents in their entirety in the public record.

**IT IS SO ORDERED.**

Dated: March 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE