**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEILA I. HOFSTETTER and ROGER MODERSBACH, individually, as representatives of the classes, and on behalf of the general public,

    Plaintiffs,

  v.

CHASE HOME FINANCE, LLC, JP MORGAN CHASE BANK, N.A., and DOES 1–50, inclusive

    Defendants.
_____/

No. C 10-01313 WHA

**ORDER DENYING DEFENDANTS' AMENDED MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND VACATING HEARING**

**INTRODUCTION**

In this class action, defendants request leave to amend their answer. For the following reasons, the motion is **DENIED**.

**STATEMENT**

This actions concerns home-equity borrowers, like Sheila Hofstetter and Roger Modersbach, who were forced to purchase flood insurance pursuant to the National Flood Insurance Act of 1968. JPMorgan Chase Bank, N.A. sent its customers notifications of mandatory flood-insurance requirements. If they did not purchase insurance on their own, Chase Bank force-placed insurance on plaintiffs, tying the new insurance to their existing lines of credit. Plaintiffs claim violations of the federal Truth and Lending Act and California's Unfair Business

Practices Act. A more comprehensive statement the facts is set forth in the class-certification order (Dkt. No. 178).

Here, defendants move to amend their response by adding a forty-fourth and forty-fifth defense. These new affirmative defenses assert defendants' right to setoff and recoup any delinquent loans from class members.

## ANALYSIS

FRCP 15(a) states that a court should freely grant leave to amend when justice so requires. Leave to amend, however, is not automatic. A district court may "deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal citations and quotations omitted). Once a district court has issued a scheduling order, FRCP 16 controls. The scheduling order limits the time during which a party can amend its pleadings. Without a request to modify the scheduling order, a party cannot amend its pleadings. At that point, any pleading modification must be based on good cause. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause requires diligence by the moving party. A modification of the pretrial schedule would be merited if the parties could not meet the deadline "despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations omitted).

In general, diligence focuses on the time between the movant's discovery of new facts and his motion for leave to amend. *Smith v. United States*, No. C 06-06103 WHA, 2007 WL 2554142, at *2 (N.D. Cal. Sept. 4, 2007) (Alsup, J.). Here, defendants' egregious delay shows lack of diligence and merits denial of their motion to amend. The deadline to amend the pleadings passed on September 30, 2010. Eight months after the deadline, defendants now seek leave to amend their answer by adding two new affirmative defenses. Defendants argue that these defenses arose as a consequence of class certification. Only after the class was established did defendants identify the class members' accounts, and realize that some members were delinquent

on their mortgage payments. The proposed defenses assert defendants' ability to setoff those unpaid balances with any damages that might be awarded. These new defenses are not applicable to Sheila Hofstetter, the initial representative of the class, but are relevant to other unnamed members in her class.

Although these defenses only became applicable after class certification, defendants were aware of the potential class since the complaint was filed. In March 2010, plaintiff filed a *class action* complaint (Dkt. No. 1). In November 2010, defendants filed an amended response with 44 affirmative defenses (Dkt. No. 114). Of those defenses, four took into account the unnamed members of the class (*ibid.*). In March 2011, class certification was granted (Dkt. No. 178). Now, at the end of May, defendants move for leave to amend their pleading.

Defendants argue that the defenses of setoff and recoupment were inapplicable before the class was certified because they did not apply to the named plaintiffs. Again, defendants listed a myriad of defenses with respect to the unnamed class members, including "lack of jurisdiction, standing, preemption, *res judicata*, collateral estoppel, statute of limitations . . . [etc.]." Unless all of these defenses might also apply to the named plaintiffs — which they do not — this argument is a non sequitur.

It is inconceivable that defendants did not know that *some* unnamed members of the class *might* be delinquent on mortgage payments from the day the complaint was filed. The relationship between the defendants and the class members is one of mortgagor and mortgagee. The classes are composed of thousands of individuals. Delinquency on mortgage loans is common — especially over the past few years in California. Even without any investigation whatsoever, defendants could have timely raised the proposed defenses, but they did not.

As the defendants have not shown good cause for their proposed late amendments, the motion for leave to amend is **DENIED**. This denial is without prejudice to the bank seeking other remedies in other forums.

3

**CONCLUSION**

For the foregoing reasons, defendants' motion for leave to amend is **DENIED**. The hearing on the motion set for June 30, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 21, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4