IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA I. HOFSTETTER and ROGER MODERSBACH, individually and as representatives of the classes,<br><br>    Plaintiffs,<br><br>  v.<br><br>CHASE HOME FINANCE, LLC, JPMORGAN CHASE BANK, N.A., and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | No. C 10-01313 WHA<br><br>**CLASS ACTION**<br><br>**NOTICE REGARDING ISSUES TO BE ADDRESSED AT AUGUST 11 HEARING** |

    Having reviewed the parties' joint motion for preliminary approval of the class settlement, several concerns regarding the proposed settlement have come to light. Counsel should be prepared to address the following issues at the August 11 hearing.

    1.    The scope of the release is broader than the certified claims.

- How much of the settlement is allocated to claims that were not certified?
- What discovery and due diligence have been completed with respect to the released claims that exceed the scope of certification?
- To what extent does the settlement opt-out procedure justify this expansion of the release? Is this second opt-out procedure proper, or should class members (who already had the opportunity to opt out of the class) only be allowed to object to the settlement?

2. Several aspects of the damages calculation are not adequately explained.

- What justifies applying the 50% reductions to the relevant class members' entire recovery when those reductions are based on defenses that apply only to certain claims?
- What are "fee-based" accounts, and why were they treated differently for purposes of account credits?
- Why were different damages periods used for different classes, and how were they applied to individuals who belong to multiple classes?
- What double-counting was avoided by excluding commission fees for the portions of force-placed insurance policies deemed excessive? How else are class members compensated for those fees?
- How reliable are the average open-market insurance-premium rates derived from data on only 15% of the relevant class members? Why are these average rates slightly *higher* than the rates for forced-placed policies, whose premiums allegedly were inflated above the open-market rates?

3. The proposed plan and form of notice require revision.

- The 45-day window for objections and opt-outs may be too short. A condition of approving this timeframe would be for all notices to be mailed on the same day.
- No form of envelope is proposed. The envelopes in which notices and checks are mailed must indicate the nature and importance of their contents in a way that stands out but does not resemble junk mail.
- The notice must clearly and prominently inform class members that class counsel are seeking one third of the class recovery as an award of attorney's fees. The notice must not emphasize defendants' denial of liability.

4. Class counsel's request for fees and costs will not be considered in conjunction with the settlement agreement. The settlement provision calling for a full up-front disbursement

2

of attorney's fees from the settlement fund will not be approved. At least one half of any fees award will be held back until all class payments have been made.

5. Enforcement jurisdiction will not be retained indefinitely. Some horizon must be set when jurisdiction will expire.

Dated: August 4, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3