IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEILA I. HOFSTETTER and ROGER MODERSBACH, individually and as representatives of the classes,

Plaintiffs,

v.

CHASE HOME FINANCE, LLC, JPMORGAN CHASE BANK, N.A., and DOES 1 though 50, inclusive,

Defendants.

/

No. C 10-01313 WHA

**ORDER REGARDING DOCUMENTATION SUPPORTING REQUEST FOR ATTORNEY'S FEES**

The documentation submitted with class counsel's motion for attorney's fees is inadequate because it does not enable the Court to determine whether the request is reasonable. Exhibit 2 to the Richter declaration lists all of the individuals who billed time to this matter, but it does not provide any details about those individuals. The attorneys are identified as such, and their levels of experience are disclosed elsewhere, but their standard billing rates are not provided, and their billing rates for this matter are not easily ascertainable from the record. The levels of experience of the non-attorney billers are not disclosed. All of this information must be provided. Exhibit 3 to the Richter declaration, a 69-page list of billing line items, is also deficient. It is organized into broad categories, such as "discovery and initial disclosures," rather than discrete projects, such as specific depositions. Moreover, no subtotals are provided for any of the categories. The reader is left to tabulate hundreds of individual time entries in order to gauge the scope of a particular project or category of work. This form of presenting the information is not useful.

By **NOON ON NOVEMBER 7, 2011**, class counsel must file and serve a detailed declaration, organized by discrete projects, breaking down all attorney and paralegal time sought to be recovered.  For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order.  A "project" means a deposition, a motion, a witness interview, and so forth.  It does not mean generalized statements like "trial preparation" or "attended trial."  It includes discrete items like "prepare supplemental trial brief on issue X."  The following is an example of time collected by a project.

PROJECT:  ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
| --- | --- | --- | --- | --- | --- |
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | 7.0 | $200 | $1400 |
| | Project Total: | | 23.5 | | $4350 |

All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped.  Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause.  Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end.  Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment."

A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration.  This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought and whether he or she was a summer intern;

(b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth. These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated. The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared. It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive. Ordinarily, no more than one attorney need attend a law-and-motion hearing; more will normally be deemed excessive.

The Court needs the requested documentation to compute the proper lodestar even though counsel are seeking a percentage of the class recovery.

**IT IS SO ORDERED.**

Dated: November 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE