IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEILA I. HOFSTETTER and ROGER MODERSBACH, individually and as representatives of the classes,

    Plaintiffs,

v.

CHASE HOME FINANCE, LLC, JPMORGAN CHASE BANK, N.A., and DOES 1 though 50, inclusive,

    Defendants.

No. C 10-01313 WHA

**ORDER DENYING MOTION TO INTERVENE AND DENYING REQUEST FOR RELEASE OF INFORMATION**

## INTRODUCTION

In this class action involving flood-insurance requirements, a class member moves to intervene. Alternatively, he requests the release of all information used to calculate damages. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

The facts of this action have been set forth in previous orders (*see* Dkt. No. 178). In March 2011, four classes were certified to pursue class claims (*ibid.*). A settlement agreement was reached as to all claims, and preliminary approval was granted in August 2011 (Dkt. No. 220). Before preliminary approval was granted, however, the parties were required to revise and narrow the class release so that it pertained only the claims for relief actually asserted (Dkt. No. 239 at 7–10). The approved release stated as follows (Richter Exh. 2 at 3–4):

> Each Participating Class member and his or her assigns, heirs, successors and personal representatives hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined below) that exist in their favor through the date of this Settlement Agreement. The Participating Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, asserting the Released Claims.
>
> "Released Claims" means claims or causes of action that are asserted in the Second Amended Complaint, including claims that Chase improperly required Plaintiffs to purchase and/or maintain flood insurance not required by law, or in amounts greater than required by law or necessary to secure the sums borrowed or the amount of credit available; that Chase misrepresented federal flood insurance requirements at the time such insurance was demanded and/or force placed; that Chase failed to adequately disclose flood insurance requirements in the relevant loan and mortgage documents; that Chase improperly changed the terms of their customers' credit plans without proper notice or authorization; that Chase purchased force placed flood insurance coverage through and/or from related entities in bad faith at inflated premiums; that Chase accepted commissions on force placed insurance; that Chase force placed flood insurance in amounts greater than necessary to secure the amount of funds borrowed and/or credit available; or that Chase engaged in any other practices asserted in the Second Amended Complaint in violation of California Business & Professions Code Sections 17200, *et seq.* or the Truth in Lending Act, 15 U.S.C. § 1602, *et seq.*; and any related claims for premiums, penalties, interest, punitive damages, costs, attorneys' fees, restitution, injunctive relief, declaratory relief, or accounting that are asserted in the Second Amended Complaint.
>
> The Participating Class Members understand and agree that they are providing the Released Parties with a full and complete release with respect to the Released Claims.

On August 25, 2011, notice of the settlement was mailed to over 46,000 class members. The notice included the full text of the release of claims from the settlement agreement. The notice instructed class members that they had the right to opt out of the settlement by submitting an enclosed opt-out form by October 10, 2011. It also instructed class members to submit letters

2

if they wished to object to the settlement or appear at the fairness hearing set for November 7, 2011 (Richter Exh. 2 at 4).[1]

Movant Paul F. Gibson is a class member who was sent a copy of the settlement notice on August 25. He did not opt out of the settlement or submit a letter stating objections to it (Richter Decl. ¶ 3). On October 11, 2011, he filed the instant motion to intervene. Mr. Gibson seeks to "clarify and narrow" the scope of the released claims in order to protect "his rights and interests and the rights and interests of other consumers" (Br. 1). The motion is opposed both by the classes and by defendants.

The instant motion was noticed to be heard on November 17, 2011 — ten days *after* the fairness hearing. The motion hearing and briefing schedule were advanced so that the motion could be heard at the fairness hearing. This order follows full, expedited briefing and a hearing. Mr. Gibson was allowed to appear through counsel at the November 17 fairness hearing despite his failure to submit a letter objecting to the settlement or requesting to appear. At the hearing, Mr. Gibson's attorney stated that Mr. Gibson did *not* wish to opt out of the settlement.

## ANALYSIS

Mr. Gibson seeks to intervene as of right pursuant to FRCP 24(a)(2). The intervention provisions of Rule 24 allow "anyone" to join an ongoing action as an additional named party if certain conditions are met. Intervention, if allowed, is therefore a broader right than the right to appear, which automatically is provided to class members. *See* FRCP 23(c)(2)(B)(iv). In order to intervene, Mr. Gibson must demonstrate that "(1) [he] has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede [his] ability to protect [his] interest; (3) the application is timely; and (4) the existing parties may not adequately represent [his] interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). He has failed to do so.

---

[1] After preliminary approval of the settlement was granted, counsel discovered that more class members existed. This second group of class members was sent separate notice of the class action. A settlement agreement was reached as to this second group, the second settlement was approved preliminarily, and settlement notice was sent. The final fairness hearing for this second settlement will be held in February 2012.

3

1    Specifically, Mr. Gibson has not identified any risk that the existing parties may not
2 adequately represent his interests in the action. He argues that class counsel "failed to fulfill their
3 duty to provide adequate representation to all Class members by allowing the broad release
4 language to remain in the Settlement Agreement." The brief, however, cites no controlling
5 authority on this point (Br. 11). In reality, the release was limited to claims actually asserted, and
6 class counsel negotiated a second opt-out opportunity to protect class members who disliked the
7 deal. Mr. Gibson *had an opportunity to opt out of the settlement after he read the release of*
8 *claims* printed in the settlement notice. This opportunity adequately safeguarded his rights and
9 interests. *See Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) ("Even if
10 this lawsuit would *affect* the proposed intervenors' interests, their interests might not be *impaired*
11 if they have 'other means' to protect them.") (emphasis in original; citation omitted). He chose to
12 ignore this opportunity.

13    In addition to his own rights and interests, Mr. Gibson's brief also refers to "the rights and
14 interests of other consumers" (Br. 1). This vague reference to "other consumers" fails to identify
15 any relevant group. Non-class members are not bound by the settlement; their rights and interests
16 are not impacted by the release of claims. Class members had the same settlement opt-out right
17 as Mr. Gibson, and he has not shown that class counsel or the named plaintiffs provided
18 inadequate representation in light of this procedural safeguard.

19    Mr. Gibson notes in his brief that he is a proposed class representative in a different action
20 against defendants, currently pending in the Middle District of Florida (BR. 2). But that action is
21 in its early stages, and no motion for class certification has yet been filed, much less granted.
22 Accordingly, Mr. Gibson has no standing to represent any alleged class from that other action.
23 Mr. Gibsons's reply brief, on the other hand, downplays the Florida action. It summarizes: "The
24 upshot is that Paul Gibson is a Class Member in this lawsuit and is being asked to release claims
25 beyond what was bargained for by Class Counsel and intended by this Court." (Reply Br. 3). If
26 Mr. Gibson viewed the settlement terms as such, then his remedy was to opt out. He did not.[2]

---

[2] The brief lists the Florida action as *Gibson v. Chase Home Finance, LLC, and JP Morgan Chase Bank, N.A.*, Case No. 8:11-cv-01312. The correct case number is 8:11-cv-01302.

4

1  Class member Paul F. Gibson has failed to show that class counsel and the named
2  plaintiffs have not or may not adequately represent his rights and interests. On this basis, his
3  motion to intervene is **DENIED**. The class release was narrowed to encompass only those claims
4  actually asserted in this action. The settlement agreement reached by the parties was fair and
5  favorable to the classes. It will go forward in its current form without regard to whether certain
6  class members have asserted or may assert other claims in Florida or elsewhere that will be barred
7  by the release of claims here.

8  As now framed, Mr. Gibson's Florida action would not be barred by the settlement here.
9  If, however, later amendments seek to add state-law claims for relief based upon the same fact
10 pattern of abuses regarding home-equity lines of credit as were asserted here, then those claims
11 would be barred. This settlement agreement and release of claims will control. Because no
12 showing of inadequate representation was made, this order need not reach the parties' arguments
13 concerning the other requirements for intervention as of right.

*     *     *

15 Mr. Gibson requests, alternatively, "that the Court order release of all information used to
16 calculate damages so Intervenor can determine whether the damages calculations properly
17 compensate him for his claims" (Br. 12). He cites no basis for this request. He does not explain
18 how it relates to the other arguments in his brief, nor how such a determination might be used.
19 Moreover, the expert's damages calculations and supporting materials generally were filed in the
20 public record, and granting this request would require publicly revealing the personal financial
21 information of tens of thousands of class members. This will not be done. Mr. Gibson's
22 alternative request is **DENIED**.

5

**CONCLUSION**

For the foregoing reasons, the motion by Paul F. Gibson to intervene is **DENIED**. His alternative request for release of all information used to calculate damages is also **DENIED**.

**IT IS SO ORDERED.**

Dated: November 8, 2011.


WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE