IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEILA I. HOFSTETTER and ROGER MODERSBACH, individually and as representatives of the classes,

    Plaintiffs,

v.

CHASE HOME FINANCE, LLC, JPMORGAN CHASE BANK, N.A., and DOES 1 though 50, inclusive,

    Defendants.

No. C 10-01313 WHA

**ORDER GRANTING FINAL APPROVAL TO CLASS SETTLEMENT AGREEMENT**

## INTRODUCTION

In this class action involving flood-insurance requirements for home-equity lines of credit, the parties move for final approval of a settlement agreement (Dkt. No. 245). For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

The facts of this action have been set forth in previous orders. In March 2011, four classes were certified to pursue class claims. Notice of the class action was mailed to over 46,000 class members in May 2011, and the class members were given until the end of June to opt out of the class (Dkt. Nos. 178, 181, 183).

A settlement agreement was reached as to all claims, and preliminary approval was granted in August 2011. Before preliminary approval was granted, however, the parties were

1 required to revise and narrow the class release so that it pertained only to the claims for relief
2 actually asserted (Dkt. Nos. 220, 239 at 7–10). On August 25, 2011, notice of the settlement was
3 mailed to the class members who had not opted out of the class. The notice included the full text
4 of the release of claims from the settlement agreement, and it provided class members an
5 opportunity to opt out of the settlement. It also instructed class members to submit letters if they
6 wished to object to the settlement or appear at the fairness hearing set for November 7, 2011
7 (Dkt. No. 244-3).[*]

Two class members appeared at the November 7 fairness hearing. *First*, Paul F. Gibson appeared via counsel. Mr. Gibson objected to the settlement and moved to intervene, but he did not wish to opt out of the settlement. Mr. Gibson's objection and motion to intervene were overruled and denied (Dkt. No. 259). *Second*, Pedro Alvarado appeared without counsel. He stated that defendants had charged him for force-placed flood insurance despite his repeated submission of proof of adequate flood-insurance coverage. It was determined that Mr. Alvarado was a class member who would receive monetary relief from the settlement but that his proof-of-coverage issue was not relevant to this action. Class counsel and defense counsel agreed to work with Mr. Alvarado after the hearing to help resolve this issue. No other class members appeared at the hearing or submitted objections to the settlement agreement.

**ANALYSIS**

"The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. . . . If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." FRCP 23(e)(2).

As stated at the November 7 fairness hearing, this settlement is a good settlement for the class. The release of claims is narrowly tailored to encompass only those claims for relief

---

[*] After preliminary approval of the settlement was granted, counsel discovered that more class members existed. This second group of class members was sent separate notice of the class action. A settlement agreement was reached as to this second group, the second settlement was approved preliminarily, and settlement notice was sent. The final fairness hearing for this second settlement will be held in February 2012. This order does not address the second settlement, which can in theory stand or fall as a separate decision.

actually asserted, and in return for this release class members will receive substantial injunctive and monetary relief. Moreover, class members had an opportunity to opt out of the settlement after learning its terms, which insured that any dissatisfied class members would not be bound.

Having considered all relevant submissions and all statements made at the fairness hearing, this order finds that the settlement is fair, reasonable, and adequate as required by FRCP 23(e)(2). This order also finds that class settlement notice was reasonable and adequate, satisfying the requirements of due process and FRCP 23(e)(1). Accordingly, the joint motion for final approval of the settlement is **GRANTED** and the settlement is **APPROVED**.

Pursuant to paragraph 11.3 of the settlement agreement (Dkt. No. 224-1), all claims asserted in this action are **DISMISSED** with prejudice and on the merits as to the class members participating in this first settlement. The participating class members on the class list (Dkt. No. 240) whose settlement notices were not returned as undeliverable are bound by the settlement and **ENJOINED** from bringing, joining, or continuing to prosecute any action asserting the released claims. Counsel shall file a final list of those class members bound by the settlement. Jurisdiction over matters relating to the interpretation, implementation, effectuation, and enforcement of the settlement shall be retained for a period of three years from the date of this order.

**CONCLUSION**

The joint motion for final approval of the settlement is **GRANTED** and the settlement is **APPROVED**. Pursuant to paragraph 11.3 of the settlement agreement (Dkt. No. 224-1), all claims asserted in this action are **DISMISSED** with prejudice and on the merits as to the class members participating in this first settlement. The participating class members on the class list (Dkt. No. 240) whose settlement notices were not returned as undeliverable are bound by the settlement and **ENJOINED** from bringing, joining, or continuing to prosecute any action asserting the released claims. Counsel shall file a final list of those class members bound by the settlement. Jurisdiction over matters relating to the interpretation, implementation, effectuation, and enforcement of the settlement shall be retained for a period of three years from the date of this order.

The injunctive relief is effective immediately as to the class. Counsel shall promptly confer and submit a joint plan to distribute checks to the class members but such a plan must be airtight from any complication that might conceivably arise from the settlement pertaining to the follow-on, late-discovered class members.

This order addresses only the settlement agreement reached as to the first group of class members; it does not address the second settlement agreement reached as to the later-identified class members.

**IT IS SO ORDERED.**

Dated: November 14, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE