United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEILA I. HOFSTETTER and ROGER MODERSBACH, as representatives of the classes, and on behalf of the general public,

    Plaintiffs,

  v.

CHASE HOME FINANCE, LLC, JP MORGAN CHASE BANK, N.A., and DOES 1–50, inclusive,

    Defendants.

No. C 10-01313 WHA

**ORDER GRANTING IN PART MOTIONS FOR ATTORNEY'S FEES, COSTS, AND PAYMENT TO CLASS REPRESENTATIVES**

## INTRODUCTION

In this class action involving flood-insurance requirements, class counsel request attorney's fees, costs, and additional payments to the class representatives. For the following reasons, these requests are **GRANTED** as follows.

## STATEMENT

This is a class action challenging aspects of defendants' practices regarding excessive and forced-placed flood insurance. In March 2011, four classes were certified to pursue class claims (Dkt. No. 178). A settlement agreement involving creation of a common fund in the amount of $9,625,000 was reached, and preliminary approval was granted in August 2011 (Dkt. No. 220). After the settlement agreement was reached, a class of inadvertently excluded class members was discovered, and a second settlement involving creation of a second common fund of $512,423.61

was reached for this second group of class members (Dkt. No. 233). At the fairness hearing held on November 7, the first settlement was approved. A fairness hearing pertaining to the second settlement is scheduled for February 2012. Class counsel now request attorney's fees, costs, and reimbursement for the class representatives.

**ANALYSIS**

Class counsel request $3,208,333 in attorney's fees; $230,000 in costs; and $2,500 for each class representative. Each of these requests will be addressed in turn.

**1. STANDARD OF REVIEW.**

A court must ensure that attorney's fees and costs awarded to class counsel are "fair, reasonable, and adequate." *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). Attorney's fees to be paid from a common fund, as we have here, are consistent with the "American Rule" (*i.e.*, that each party pays for its own litigation expenses), and "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

Courts in the Ninth Circuit use two different approaches to gauge the reasonableness of a requested fee when there is a common fund. The first is the "lodestar" calculation, which may include a "risk multiplier" to enhance fees in certain circumstances. The Ninth Circuit also allows a calculation of fees based on a percentage of the common fund. A benchmark percentage is 25 percent. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

**2. COSTS.**

Class counsel also request $230,000 in out-of-pocket costs. Counsel provided detailed documentation of how these costs were incurred. While the figure is high, it is explained by large amounts attributed to expert fees, costs associated with class notice and settlement mailings, and travel. Counsel, however, rounded up their total. This order awards only the costs documented, which total $229,978.34. Accordingly, class counsel's request for costs is **GRANTED IN PART**.

### 3. ATTORNEY'S FEES.

Class counsel request $3,208,333 in attorney's fees. This amount represents approximately 32 percent of the common fund and nearly three times the lodestar.

The lodestar provided by counsel is approximately $1.1 million, and a careful review of the documentation submitted with counsel's motion shows that lodestar to be reasonable. Granting the requested amount of attorney's fees would apply a multiplier of approximately 2.9. While counsel's performance in this action was above average, such a large award would be unreasonably high. Instead, this order awards attorney's fees in the amount of two times the loadstar, or $2,250,142.50. This figure also represents approximately 23 percent of the total net fund after deduction of costs.

This award, however, must be divided proportionally between the two settlement funds. Accordingly, $2,136,402.94 will come from the larger common fund, and — pending its final approval — $113,739.56 will come from the smaller common fund. Additionally, only half of the fees from *each* of these settlements may be collected upon final approval of the respective settlement agreements. The other half will be paid when counsel certify that all class members' checks have been issued and either cashed or expired, no problems with the distribution have been reported for a period of 30 days, and there is nothing left to do.

### 4. EXTRA PAYMENTS FOR CLASS REPRESENTATIVES.

Finally, counsel request $2,500 each for class representatives Sheila Hofstetter and Roger Modersbach for time invested in the class action on behalf of absent class members. The amount requested is reasonable in light of the exceptional services rendered by the class representation, so this request is **GRANTED**.

## CONCLUSION

For the foregoing reasons, class counsel's requests for attorney's fees and costs are **GRANTED IN PART**. Class counsel are awarded $2,250,142.50 in attorney's fees. Of this amount, $2,136,402.94 will be deducted from the larger settlement fund already approved, and $113,739.56 will come from the smaller settlement fund, pending its final approval. Half of the fees from *each* settlement may be collected up front, and half will be withheld until all class

members are paid and there is no more work to be done. This order awards $229,978.34 in costs. Class counsel's request for $2,500 each for class representatives Hofstetter and Modersbach is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  November 14, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California