United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEILA I. HOFSTETTER and ROGER MODERSBACH, individually and as representatives of the classes,

Plaintiffs,

v.

CHASE HOME FINANCE, LLC, JPMORGAN CHASE BANK, N.A., and DOES 1 though 50, inclusive,

Defendants.

No. C 10-01313 WHA

**ORDER GRANTING FINAL APPROVAL TO SUPPLEMENTAL CLASS SETTLEMENT AGREEMENT**

## INTRODUCTION

In this class action involving flood-insurance requirements for home-equity lines of credit, the parties move for final approval of the supplemental settlement agreement (Dkt. No. 272). For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

The facts of this action have been set forth in previous orders (Dkt. Nos. 207, 233, 245). In March 2011, four classes were certified. A settlement agreement was reached as to all claims, and preliminary and final approvals to this initial settlement agreement were granted.

After the initial settlement agreement was reached but before final approval, defendant Chase Home Finance LLC. reported that it had inadvertently excluded certain class members from the master class list (Dkt. No. 219). The parties were directed to proceed separately with the supplemental class members by sending them a separate class action notice (Dkt. No. 220). In August 2011, the proposed class action notice for the supplemental class members was approved (Dkt. No. 225). The notice included the full text of the release of claims from the settlement agreement, provided class members an opportunity to opt out of the settlement within 45 days, and disclosed the rate of attorney's fees in bold text. It also instructed class members to submit letters or appear at the fairness hearing if they objected to the settlement (Dkt. No. 273). Out of the 3,018 supplemental class members who were sent a notice of settlement, 22 notices were returned as undeliverable, 16 members elected to opt out of the settlement, and no one objected to the agreement.

Chase has agreed to pay $512,423 into a supplemental settlement fund and will provide additional account credits to borrowers. Together, this will cover 100% of the settlement damages of the supplemental class members. The same formula that was used to calculate settlement damages for the initial class members was used here. The supplemental class members' settlement damages constitute nearly three-fourths of their best case damages (Olsen Decl. ¶ 5). And the supplemental class members would be entitled to the same injunctive relief as the initial class members.

In October 2011, preliminary approval to the parties' supplemental settlement agreement was granted. The supplemental settlement agreement was not significantly different from the initial settlement agreement that had been approved earlier. Now, the parties seek final approval of the supplemental settlement agreement.

## ANALYSIS

"The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. . . . If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." FRCP 23(e)(2).

2

1  This order finds that the supplemental settlement agreement is consistent with the terms of
2  the initial settlement, which has already received final approval. As such, the reasons for
3  approving the initial settlement also apply here (Dkt. No. 262).

4  This settlement is a good settlement for the class. The release of claims is narrowly
5  tailored to encompass only those claims for relief actually asserted, and in return for this release
6  class members will receive substantial injunctive and monetary relief. Moreover, class members
7  had an opportunity to opt out of the settlement after learning its terms, which insured that any
8  dissatisfied class members would not be bound. The settlement agreement does not require class
9  members to file claims in order to receive funds. And any unclaimed funds will be distributed to
10 a nonprofit organization. Having considered all relevant submissions and all statements made at
11 the fairness hearing, this order finds that the settlement is fair, reasonable, and adequate as
12 required by FRCP 23(e)(2). This order also finds that class settlement notice was reasonable and
13 adequate, satisfying the requirements of due process and FRCP 23(e)(1).

## CONCLUSION

15 The joint motion for final approval of the supplemental settlement is **GRANTED** and the
16 settlement agreement is **APPROVED**. Pursuant to paragraph 11.3 of the settlement agreement
17 (Dkt. No. 273-1), all claims asserted in this action are **DISMISSED** with prejudice and on the
18 merits as to the class members participating in this settlement.

19 The participating class members on the class list (Dkt. No. 269) whose settlement notices
20 were not returned as undeliverable are bound by the settlement and **ENJOINED** from bringing,
21 joining, or continuing to prosecute any action asserting the released claims. Within 14 days of
22 this order, counsel shall file a final list of those class members bound by the initial and
23 supplemental settlements. Counsel shall also file a final list of those class members who opted
24 out of the settlements. The public lists shall have their names only. More complete lists shall
25 include their addresses and be filed under seal.

26 Distribution of funds shall be made pursuant to the previously approved plan (Dkt. No.
27 265). Attorney's fees shall be awarded pursuant to the plan previously ordered (Dkt. No. 263).
28 As previously ordered, half of the fees from this supplemental settlement may be collected up

front, and half will be withheld until all supplemental class members are paid and there is no more work to be done. Jurisdiction over matters relating to the interpretation, implementation, effectuation, and enforcement of the settlement shall be retained for a period of three years from the date of this order.

**IT IS SO ORDERED.**

Dated: February 2, 2012. 
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4